Culpepper IP

# CULPEPPER IP, LLLC

ATTORNEY AT LAW

KERRY S. CULPEPPER *

* ADMITTED TO PRACTICE IN VIRGINIA, HAWAI'I AND BEFORE THE USPTO

75-170 HUALALAI ROAD, SUITE B204
KAILUA-KONA, HAWAII 96740

TEL: (808) 464-4047
FAX: (202) 204-5181

WWW.CULPEPPERIP.COM

PATENTS, TRADEMARKS & COPYRIGHTS

Via Certified Mail and E-mail < legal@mygrande.com, dmca@mygrande.com>

October 15, 2020

Grande Communications Network, LLC
401 Carlson Circle
San Marcos, TX 78666

CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCO
Registered Agent for Grande Communications Network, LLC
211 E. 7TH STREET, SUITE 620
AUSTIN, TX 78701

Re: Massive Copyright Infringement at Grande Internet Protocol ("IP") addresses

My Reference: 20-023M
Case Number: 19-cv-169-LEK-KJM (District of Hawaii)

Dear Sir or Madam,

As explained below, I am writing to you regarding the Internet service Grande Communications Network, LLC ("Grande") provides to subscribers including but not limited to the IP addresses ("subscribers") mentioned below. Please note that these IP addresses are shown merely to illustrate the problem. As explained more fully below, this issue extends to over 2500 Grande subscribers.

My law firm represents the owners of the copyright protected motion pictures including but not limited to those shown below:

| NO. | OWNER | MOTION PICTURE |
|---|---|---|
| 1 | Venice PI, LLC | *Once Upon a Time in Venice* |

Exhibit "C"

| | | |
|---|---|---|
| 2 | Dallas Buyers Club, LLC | *Dallas Buyers Club* |
| 3 | Clear Skies Nevada, LCC/Voltage Holdings, LLC | *Good Kill* |
| 4 | I am Wrath Production, Inc. | *I am Wrath* |
| 5 | Automata Productions, Inc. | *Automata* |
| 6 | POW Nevada, LLC/Voltage Holdings, LLC | *Revolt* |
| 7 | Headhunter, LLC/Voltage Holdings, LLC | *A Family Man* |
| 8 | Badhouse Studios, LLC | *Larceny* |
| 9 | She Fighter Nevada, LLC/Voltage Holdings, LLC | *Lady Bloodfight* |
| 10 | Millennium Funding, Inc. | *Mechanic: Resurrection* |
| 11 | Bodyguard Productions, Inc. | *The Hitman's Bodyguard* |
| 12 | Cobbler Nevada, LLC/Voltage Holdings, LLC | *The Cobbler* |
| 13 | UN4 Productions, Inc. | *Boyka: Undisputed IV* |
| 14 | HB Productions, Inc. | *Hellboy* |
| 15 | Fallen Productions, Inc. | *Angel Has Fallen* |
| 16 | LHF Productions, Inc. | *London Has Fallen* |
| 17 | Rambo V Productions, Inc. | *Rambo V: Last Blood* |
| 18 | Eve Nevada, LLC | *Ava* |

Each of the motion pictures is an original work of art that was produced and marketed at great effort and expense of the owner.

On behalf of some of these owners, my law firm filed a lawsuit here in Hawaii (1:19-cv-169; 1:19-cv-389) against, among others, Senthil Segaran and his company Techmodo Limited for direct, contributory and intentional inducing copyright infringement of their motion pictures by operating movie piracy websites under the name "YTS".

We have determined that many of your subscribers have used the YTS websites to repeatedly infringe the copyrights in my clients' motion pictures. Moreover, we have determined that our owners' agents have sent over 5500 notices styled per the Digital Millennium Copyright Action ("DMCA") to Grande concerning over 2,500 IP addresses associated with confirmed infringing activity. However, it appears that Grande has failed to terminate any repeat infringers or take any meaningful actions against these subscribers in response to these notices. The number of notices sent at five IP addresses is shown below to illustrate Grande's lack of any meaningful action. The Internet service of none of these accounts was terminated despite Grande receiving over 50 DMCA notices.

| IP | Notices Sent |
|---|---|
| 24.155.189.11 | 80 |
| 24.155.79.34 | 78 |
| 24.155.131.50 | 67 |
| 65.36.17.90 | 67 |
| 65.36.127.227 | 56 |

To further illustrate a concrete example of the damage done to right owners, please refer to the activity at the subscriber at IP address 24.155.189.11. Between November of 2019 and February 6, 2019, this subscriber shared *thousands* of copies of our client's motion picture *Rambo V: Last Blood*. Even though our clients' agent had sent Grande 80 notices during the same time period Grande failed to respond to take any meaningful manner to prevent continuing infringing activity.

Nearly all of the file titles of the infringing copies distributed by Grande's subscribers (and thereby also Grande) have had the copyright management information ("CMI") such as the title of the Work modified or altered to falsely include a reference to a piracy website. For example, the infringing file my clients' agent told Grande about in the Notices for the IP address 24.155.189.11 has the title: "Angel Has Fallen (2019) [WEBRip] [720p] [YTS.LT]". The CMI has been modified/altered to falsely refer to the notorious piracy website YTS in violation of 17 U.S.C. §1202 ("DMCA violations"). My clients did not provide file titles that promote movie piracy websites or piracy groups.

We suspect that other rightsholders have sent Grande Notices concerning the same exact IP addresses at issue here. For example, we noticed that in *UMG RECORDINGS, et al. v. GRANDE COMMUNICATIONS NETWORKS, LLC*, Grande filed a motion *in limini* requesting that all evidence of Grande's failure to terminate the accounts of repeat offenders be excluded because the Court had already granted summary judgment in favor of Plaintiffs on Grande's DMCA safe harbor defense. *See* [Doc. #325].

***Grande does not have a safe harbor from liability for Copyright Infringement***

The DMCA provides a safe harbor for qualified services providers from liability from copyright infringement. However, a requirement for safe harbor is that the service provider reasonably implement, and inform subscribers and account holders of the service provider's system or network of, a policy that provides for the ***termination*** in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers. *See* 17 USC § 512(i)(1)(A). Accordingly, Grande fails to qualify for the safe harbor because Grande has not terminated the subscriber accounts despite the multiple notifications sent by my clients' agents. As Grande is well aware, such was the conclusion in *UMG RECORDINGS, et al. v. GRANDE COMMUNICATIONS NETWORKS, LLC.*

Accordingly, my clients and I believe that Grande is possibly secondarily liable for these subscribers' infringements of my clients' copyrights in violation of federal law under the Copyright Act, 17 USC §501 and the DMCA violations under 17 U.S.C. §1202. Remedies available to my clients include: An injunction against further infringement; statutory damages of up to $150,000/motion picture; statutory damages up to $25,000 per DMCA violation (*see* 17 USC. § 1203(c)) and costs and attorney's fees.

Nonetheless, my clients would like to resolve this issue outside of litigation if possible. To do so, we request that: (1) Grande agrees to terminate all Internet service to the accounts for which the agents have sent more than three DMCA notices including the accounts discussed in this letter; (2) Grande agrees to take the appropriate action to terminate subscriber accounts in response to all further copyright notifications received from my clients' agent; (3) Grande agrees to pay a portion of my clients' damages; (4) Grande agrees to provide subscriber identification information for IP addresses including but not limited to those shown above and others for which my clients' rights have been infringed at no production charge; and (5) Grande agrees to block notorious piracy sites such as YTS.MX, 1337x.to, thepiratebay.org and their proxy sites.

I propose Grande and my clients enter into a confidentiality and tolling agreement so that we can discuss resolving this matter. Please let me know if Grande is interested in such a discussion by November 16, 2020. My clients would like to resolve this matter amicably but will consider any and all legal action necessary to protect their valuable intellectual property rights under federal and state law.

Sincerely,

Kerry S. Culpepper
kculpepper@culpepperip.com

Attachment: Exhibit "1"

**From:** notice@notices.copyrightmanagementservicesltd.com
**To:** dmca@mygrande.com
**Cc:** ccbk@notices.copyrightmanagementservicesltd.com
**Subject:** Notice of Claimed Infringement [Case No. 40473049340]
**Date:** Wednesday, January 29, 2020 2:13:05 AM

-----BEGIN PGP SIGNED MESSAGE-----
Hash: SHA256

Notice of Claimed Infringement

Notice ID: 40473049340
Notice Date: 2020-01-29 12:13:05

Dear Sir or Madam:

This message is sent on behalf of Fallen Productions, Inc..

Under penalty of perjury, I assert that Copyright Management Services, Ltd. (CMS) is authorized to act on behalf of the owner of the exclusive copyrights that are alleged to be infringed herein.

Fallen Productions, Inc. owns the copyrights to the movie Angel Has Fallen. The unauthorized download and distribution of this file by your IP address constitutes copyright infringement.

Please see below details for the infringements:

Protocol: BITTORRENT
Infringed Work: Angel Has Fallen
Infringing FileName: Angel Has Fallen (2019) [WEBRip] [720p] [YTS.LT]
Infringing FileSize: 1139772927
Infringer's IP Address: 24.155.189.11
Infringer's Port: 54689
Initial Infringement Timestamp: 2020-01-28 23:32:10

And, you're also creating a security risk on your computers, devices and networks when you download unauthorized movies or allow others to do so from your Internet connection.

We respectfully ask that you stop infringing and redistributing Fallen Productions, Inc. copyright protected content, and take the proper steps to secure your Internet so that others do not infringe and redistribute our content as well.

We have a good faith belief that use of the copyrighted material detailed above is not authorized by the copyright owner, its agent, or the law. In addition, we have a good faith subjective belief that the use does not constitute fair use. The information in this notice is accurate and we state, under penalty of perjury, that we are authorized to act on behalf of the owner of the copyright that is allegedly infringed. This letter is not a complete statement of Fallen Productions, Inc.'s rights in connection with this matter, and nothing contained herein constitutes an express or implied wavier of any rights or remedies of Fallen Productions, Inc. in connection with this matter, all of which are expressly reserved.

We appreciate your assistance and thank you for your cooperation in this matter.

Respectfully,

Catherine Hyde

Exhibit "1"