UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AFTER II MOVIE, LLC, et al., § | |
| *Plaintiffs* § | |
| § | |
| v. § | No.  1:21-CV-00709-RP |
| § | |
| GRANDE COMMUNICATIONS § | |
| NETWORKS LLC, § | |
| *Defendant* § | |

## ORDER

Before the Court is Plaintiffs' Motion for Order Overruling Subscriber Objections and Ordering Defendant to Respond to Requests for Production of Documents, Dkt. 89. The District Court referred the motion to the undersigned for disposition. After considering the parties' filings and the applicable authority, for the reasons stated below, the Court overrules the subscribers' objections and grants Plaintiffs' motion.

### I.    BACKGROUND

Plaintiffs, film producers, sue Defendant Grande Communications Networks, an internet service provider, for copyright infringement and related causes of action, alleging that Grande knew about and failed to stop its subscribers from using their Grande-provided internet connections to illegally download Plaintiffs' copyright-protected works. Dkt. 45. Grande denies these allegations and assert various affirmative defenses, including a statutory "safe harbor" it contends protects it from liability. Dkt. 96.

1

Plaintiffs' motion here arises out of two requests for production of documents they served on Grande. These requests seek subscriber information in Grande's possession that would identify personal information connected to IP addresses of Grande subscribers who Plaintiffs allege illegally downloaded their copyright-protected material. Dkt. 89. The parties agree that the Cable Communications Privacy Act, 47 U.S.C. § 551, governs disclosure of personal subscriber information like the information sought by Plaintiffs. To that end, the District Court entered an order, consistent with the Act, setting out a protocol for the parties to follow should Plaintiffs request subscriber information from Grande. *See* Dkt. 53. Under the order, once Grande receives a subscriber-information request from Plaintiffs, Grande notifies the subscribers (via first-class mail or email) of the request and provides them with a copy of the order. *Id.* The notice also informs the subscribers of their right to object to the disclosure of their personal information and explains the process for filing an objection with the Court. *Id.* Lastly, the order makes clear that the objections will be filed under seal, with personal information viewable only by court personnel, and that any information disclosed to the Plaintiffs "may be used by Plaintiffs solely for the purpose of protecting their rights under the Copyright Act, 17 U.S.C. § 101, *et seq*. in this case alone and shall be considered CONFIDENTIAL Information pursuant to the Protective Order." *Id.*

Plaintiffs' motion raises multiple arguments in support of: (1) its request for production of subscriber information from Grande; and (2) overruling any subscriber objections to the disclosure. Dkt. 89. Pursuant to the undersigned's order setting this

motion for a hearing, the parties conferred and filed a joint advisory informing the Court that "the only dispute that remains for the Court to resolve is whether to sustain or overrule the subscriber objections." Dkt. 97, at 2. Given the limited scope of the remaining dispute, the Court canceled the hearing and decides the motion here on submission.

## II.   DISCUSSION

In response to Grande's notice to the subscribers for whom Plaintiffs sought personal information, the Court received 9 filed objections: 3 filed by individuals who agreed to have Grande's counsel represent them for the purpose of filing the objections (the "represented subscribers," Dkts. 59, 60, 62); and 6 individuals who filed their objections themselves (the "anonymous subscribers," Dkts. 57, 58, 64, 65, 66, 71). Three of the so-called anonymous subscribers overlap with the represented subscribers—leaving nothing to chance, each of the represented subscribers filed their affidavits separately, on their own, in addition to the identical affidavits filed on their behalf by counsel.[1] Accordingly, in total, the Court has received 6 unique objections from the subscribers. Defendants know what is stated in the affidavits filed by the represented subscribers and have provided Plaintiffs' counsel with redacted copies. Neither side has viewed the anonymous objections. Having reviewed unredacted copies all of the filed objections, the undersigned observes that while each

---

[1] Dkt. 59 duplicates Dkt. 64; Dkt. 60 duplicates Dkt. 66; and Dkt. 62 duplicates Dkt. 65.

objection states its own case, all but two[2] share a common theme of disclaiming knowledge of any illegal downloading occurring on their watch.

The pertinent portion of the Cable Communications Privacy Act states that a "cable operator may disclose [personally identifiable subscriber] information if the disclosure is … made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B). As noted above, the District Court entered just such an order in this case. Dkt. 53. The only question remaining, then, is whether the objections stated by the subscribers should be sustained based on the arguments in their affidavits, namely, a lack of knowledge of improper downloading,[3] and in one case, a lack of actual notice from Grande of infringing activity.[4]

As for the lack-of-knowledge objection, while the affidavits do not explicitly argue that their objection is based on relevancy or burden, Plaintiffs and Grande address the objection in these contexts. The Court agrees with Plaintiffs that the subscriber information is relevant to the factual matters to be addressed in this case, and that the burden imposed on the subscribers is not undue. As for relevance, Plaintiffs explain in their motion that the subscriber information will enable Plaintiffs to tie individual users to the allegedly infringing IP addresses and respond

---

[2] The objection filed at Dkt. 57 objects on the basis that the subscriber did not receive notice from Grande regarding stating that the IP address had infringed copyrighted material. The objection filed at Dkt. 71 notes an intent to object but does not explain a basis for the objection.

[3] Dkts. 59/64, 60/66, 62/65, and 58.

[4] Dkt. 57.

to Grande's safe-harbor defense regarding the effectiveness of Grande's notice procedure. Dkt. 89, at 4-5. Moreover, as the court observed in *After II Movie, LLC v. WideOpenWest Finance, LLC*, No. 21-CV-1901, Dkt. 126 (D. Colo. Dec. 15, 2022) ("*WOW*")—addressing very similar objections in a case involving many of the same attorneys as in this case—the "denials of any personal wrongdoing … left open the possibility that the particular objector's internet may have unknowingly been accessed by relatives, friends, or outsiders." *Id.*, at 1; *see also WOW*, Dkt. 56, at 3 (noting the relevance of subscriber information to permit Plaintiffs "cross-check whatever Defendant produces with information from the subscribers themselves"). Finally, the Court's order protecting the privacy of the subscribers' information and limiting its use adequately addresses the objectors' concerns about the burden imposed by disclosing their personal information for use in this case.

As for the lack-of-notice objection, this subscriber may have information that bears directly on Plaintiffs' response to Grande's safe-harbor defense. For the reasons stated above, therefore, the undersigned does not conclude that the objection should be sustained on this basis.

### III. ORDER

The Court **OVERRULES** the subscribers' objections, Dkts. 57, 58, 59, 60, 62, 64, 65, 66, 71; **GRANTS** Plaintiffs' motion, Dkt. 89; and **ORDERS** Grande to respond, in the manner set out in Dkt. 53, to any requests for production Plaintiffs have served and to which Grande has not yet responded on the basis of the now-overruled subscriber objections.

SIGNED April 26, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE