CULPEPPER IP, LLLC
Kerry S. Culpepper, HI Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:      (808) 464-4047
Facsimile:      (202) 204-5181
E-Mail:          kculpepper@culpepperip.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AFTER II MOVIE, LLC, ET AL., | § | **Case No.:** 1:21-cv-709-RP |
| | § | (Copyright) |
| Plaintiffs, | § | |
| vs. | § | **PLAINTIFFS' REPLY IN SUPPORT OF** |
| | § | **MOTION TO STRIKE DEFENDANT'S** |
| GRANDE COMMUNICATIONS | § | **FIRST, THIRD, FOURTH, FIFTH,** |
| NETWORKS, LLC | § | **SEVENTH AND EIGHTH** |
| | § | **AFFIRMATIVE DEFENSES** |
| Defendant. | § | |
| | § | |
| | § | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S FIRST, THIRD, FOURTH, FIFTH, SEVENTH AND EIGHTH AFFIRMATIVE DEFENSES**

The principal issues of Plaintiffs' Motion to Strike [Doc. #100] are: (1) whether 17 U.S.C. §512 **bars** Plaintiffs' secondary liability claims for copyright infringement (Count I) and 17 U.S.C. §1202 DMCA violations (Count III); and (2) whether §512 is even applicable to §1202 DMCA violations (Count III).  Defendant concedes that §512 (if established) does not bar liability for Counts I and II but rather at best only monetary damages for Count I.  Defendant does not provide arguments based upon the text of sections §512, caselaw or *any* legal theory supporting applicability of §512 to §1202 DMCA violations.  Rather, Defendant just argues that it would be unfair to not let it continue to assert this affirmative defense until summary judgment.  The Court should answer both issues (1) and (2) as no and strike Defendant's §512 affirmative defense.

Plaintiffs established that Defendant's first, third, fourth, fifth and eighth affirmative defenses are either insufficient as a matter of law or insufficiently articulated to provide Plaintiffs with fair notice.  The Court should grant Plaintiffs' Motion.

## I.   DEFENDANT DOES NOT DISPUTE THAT 17 U.S.C. § 512 DOES NOT "BAR" PLAINTIFFS' CLAIMS.

1.   With respect to Defendant's Seventh Affirmative Defense, Defendant basically concedes that 17 U.S.C. § 512(a) cannot "bar" liability for Plaintiffs' claims but only at best bars monetary damages for copyright infringement if the safe harbor is established.  Opp. [Doc. #104] at p. 2 and p. 4 (describing safe harbor as shielding from liability for *damages*).  Yet Defendant submitted a proposed Amended Answer that *again* incorrectly asserts that "…17 U.S.C. § 512, including but not limited to § 512(a), **bars** Plaintiffs' claims against Defendant."  Doc. #103-1 at ¶5[1].  Barring monetary damages is different from barring all liability.  Because the seventh affirmative defense is insufficient as a matter of law, the Court should strike it now rather that having the Plaintiffs prejudiced by requiring them to brief on summary judgment to refute an affirmative defense that is insufficient as Defendant has pleaded.

## II.   DEFENDANT FAILS TO SET FORTH *ANY* LEGAL THEORY SUPPORTING APPLICABILTY OF § 512 TO §1202 DMCA VIOLATIONS.

2.   Defendant does not even bother setting forth any support in the text of 17 U.S.C. § 512(a) or case law for its misguided argument that the safe harbor applies to secondary liability for DMCA violations of § 1202.  Because there is none.  Instead, Defendant tries to shift the burden by faulting Plaintiffs for not citing a single case holding that the DMCA safe harbors are not applicable to secondary liability for §1202 DMCA violations.  This is incorrect.  Plaintiffs

---

[1] Ironically, Defendant characterizes Plaintiffs' motion as "a waste of the Court's time" (Opp. at p. 2.) when it is the one filing for leave to again assert an affirmative defense that it concedes does not exist.

discussed caselaw establishing that other provisions of §512 (such as the misrepresentation provisions of §512(f)) do not apply to the violations provided in chapter 12 (such as acts of circumvention provided by §1201) and even the fair use defense does not apply to the violations provided in chapter 12.  Mot. [Doc. #100] at ¶17.  Moreover, while improperly attempting to shift burden to Plaintiffs to prove down its affirmative defense, Defendant itself acknowledges that the plain text of § 512(a) applies to infringement of copyright and not DMCA damages in its opposition.  "…states that "[a] service provider shall not be liable for monetary relief . . . for ***infringement of copyright*** . . . .".  Opp. at p. 4 (emphasis added).  The plain text of § 512(a) puts Defendant's argument to rest.  *See Van Buren v. United States*, 593 U. S. ___, ___, 141 S. Ct. 1648, 210 L. Ed. 2d 26, 34 (2021) ("[W]e start where we always do: with the text of the statute.")

3.      Defendant argues that §512(a) should apply to Plaintiffs DMCA violations Count because "Plaintiffs rely on the same allegations to support secondary liability for DMCA violations that they rely on to support secondary liability for copyright infringement."  Opp. at pg. 4.  First, this factual premise is not true.  In the context of this case, a DMCA violation requires *inter alia* an altered file title while copyright infringement requires a copy of the Work without regards to file title.  Accordingly, Plaintiffs do not rely on the same allegations for both counts.  Second, Defendant's attempt to argue that Plaintiffs' DMCA violation count is essentially a copyright infringement claim in disguise implicitly concedes that §512(a) does not apply to §1202 DMCA violations.

4.      Rather than addressing the clear point that there is no § 512(a) safe harbor for DMCA violations, Defendant tries to rehash the issue of secondary liability for §1202 DMCA violations.  Particularly, Defendant argues that it would be absurd for the DMCA safe harbor to shield an ISP from damages for secondary liability for copyright infringement but not for DMCA

violations.  *See* Opp. at p. 4.  First, Defendant's argument *supports* Plaintiffs' point that the safe harbor does *not* apply to DMCA violations.  "'[W]hen Congress includes particular language in one section of a statute but omits it in another section of the same Act,' we generally take the choice to be deliberate." *Badgerow v. Walters*, 596 U. S. ___, ___, 142 S. Ct. 1310, 212 L. Ed. 2d 355, 365 (2022) (quoting *Collins v. Yellen*, 594 U. S. ___, ___, 141 S. Ct. 1761, 210 L. Ed. 2d 432, 455 (2021)).  Since Congress included the safe harbor language in chapter 500 but not in chapter 1200 of title 17, the Court can conclude that this was a deliberate choice of Congress.  In comparison to the safe harbor that is provided by statute, the Supreme Court has recognized that secondary liability is firmly grounded in the common law and that vicarious liability is imposed in virtually all areas of the law.  *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 435, 104 S. Ct. 774, 785 (1984).

5.     Second, there is no absurdity against Defendant because a lack of safe harbor does not equal liability.  Defendant still has its defenses.  Moreover, Defendant's argument overlooks the fact that § 512(a) provides a safe harbor for direct copyright infringement as well as secondary liability for copyright infringement.  With that fact in mind, Plaintiffs' point about how Defendant's purported affirmative defense would lead to absurd results for copyright holders such as a website owner asserting the §512(c) safe harbor as a shield from financial liability for providing satellite TV decryption codes (in violation of §1201(a)(2) or (b)) becomes clear.  A nefarious actor could set up a YouTube style website distributing anti-circumvention measures and evade financial liability by registering a DMCA agent and require copyright owners send § 512(c)(3)(A) notices before removing any of the hosted anti-circumvention measures.  Inventing a new safe harbor out of thin air as requested by Defendant would lead to these absurd results.

**III.   DEFENDANT FAILS TO SET FORTH *ANY* LEGAL THEORY SUPPORTING LEGAL SUFFICIENCY FOR ITS FIRST AFFIRMATIVE DEFENSE.**

6.      With respect to Defendant's First Affirmative Defense, Defendant argues that it should be able to plead failure to state a claim as a defense because "Defendants routinely plead failure to state a claim as a defense".  Opp. at p. 6.  However, these "routine" cases are likely cases where Defendant had not previously filed a 12(b)(6) motion that was denied.  Here, Defendant is improperly attempting to get a second bite at the 12(b)(6) apple.  Moreover, Defendant does not even respond to Plaintiffs' argument that it fails to provide any facts that would provide Plaintiffs with fair notice.

**IV.   DEFENDANT FAILS TO SET FORTH FIFTH CIRCUIT PRECEDENT SUPPORTING SUFFICIENCY OF ITS EIGHT AFFIRMATIVE DEFENSE (INNOCENT INFRINGER).**

7.      Defendant concedes that innocent infringer is not an absolute defense to liability. *See* Opp. at 6.  Plaintiffs previously cited the Second Circuit opinion of *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1113 (2d Cir. 1986) and a S.D. Miss opinion in support of their position that innocent infringer is not an affirmative defense.  Defendant failed to provide any caselaw in the Fifth Circuit in support of its position that whether innocent infringer is an affirmative defense is an affirmative defense to infringement liability.  Nonetheless, Plaintiffs take no position on Defendant's proposed amended innocent infringer affirmative defense.  Plaintiffs also take no position on Defendant's proposed amended failure to mitigate affirmative defense.

**V. CONCLUSION**

For the foregoing, Plaintiffs' Motion should be granted.

DATED: Kailua-Kona, Hawaii, May 18, 2023.

*/s/ Kerry S. Culpepper*
Kerry S. Culpepper
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2023, I caused a copy of the foregoing to be served upon all counsel of record via ECF notification.


By: /s/ Kerry S. Culpepper