UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AFTER II MOVIE, LLC, BODYGUARD PRODUCTIONS, INC., HITMAN 2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., RAMBO V PRODUCTIONS, INC., VENICE PI, LLC, VOLTAGE HOLDINGS, LLC, WONDER ONE, LLC, DALLAS BUYERS CLUB, LLC; HANNIBAL MEDIA, INC.; BADHOUSE STUDIOS, LLC; THE GUARD PRODUCTIONS, LTD; JOLT PRODUCTIONS, INC.; TIL PRODUCTIONS, INC.; and SCREEN MEDIA VENTURES, LLC, | § § § § § § § § § § § § § § § § § § § § § § § § | **Case No.: 1:21-cv-709-RP** **DEFENDANT'S AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** **JURY TRIAL DEMANDED** |
| Plaintiffs, | | |
| v. | | |
| GRANDE COMMUNICATIONS NETWORKS, LLC, | | |
| Defendant. | | |

## DEFENDANT'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT

Defendant Grande Communications Networks, LLC, ("Grande" or "Defendant") states as follows for their Answer and Affirmative Defenses to the Second Amended Complaint of Plaintiffs AFTER II MOVIE, LLC, BODYGUARD PRODUCTIONS, INC., HITMAN 2 PRODUCTIONS, INC., LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., RAMBO V PRODUCTIONS, INC., VENICE PI, LLC, VOLTAGE HOLDINGS, LLC, WONDER ONE, LLC, DALLAS BUYERS CLUB, LLC; HANNIBAL

MEDIA, INC.; BADHOUSE STUDIOS, LLC; THE GUARD PRODUCTIONS, LTD; JOLT

PRODUCTIONS, INC.; TIL PRODUCTIONS, INC.; and SCREEN MEDIA VENTURES, LLC

("Plaintiffs").  Except to the extent expressly admitted herein, Defendant denies each and every

allegation of the Second Amended Complaint.  The numbered paragraphs below correspond to

the numbered paragraphs in the Second Amended Complaint, and the headings correspond to the

headings in the Second Amended Complaint.  Defendant denies any allegations or implications

contained in any of the headings of Plaintiffs' Second Amended Complaint.

## I.      NATURE OF THE ACTION[1]

1.      Defendant admits that Plaintiffs have attempted to state claims under the

copyright laws of the United States.  Defendant otherwise denies the allegations in Paragraph 1

and denies that it has infringed any copyrights.

2.      Defendant admits that Plaintiffs have attempted to state claims under the

copyright laws of the United States.  Defendant further states that Plaintiffs' Count II for

"Injunctive Relief" has been dismissed by the Court.  Dkt. No. 91.  Defendant otherwise denies

the allegations in Paragraph 2 and denies that it has infringed any copyrights.

## II.     JURISDICTION AND VENUE

3.      Defendant admits the allegations in Paragraph 3.

4.      Defendant admits that it conducts business within this jurisdiction and that this

Court has personal jurisdiction over it in this action, but Defendant denies all remaining

allegations, implications, and inferences contained in Paragraph 4.

5.      Defendant admits the allegations in Paragraph 5.

---

[1] For clarity only, Defendant's Answer repeats the headings in Plaintiffs' Second Amended
Complaint.  The recitation of the headings is not an admission of any assertions made by
Plaintiffs.

### III.    PARTIES

### A.  The Plaintiffs

6.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 and therefore denies them.

7.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies them.

8.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies them.

9.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore denies them.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies them.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore denies them.

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore denies them.

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and therefore denies them.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore denies them.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore denies them.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore denies them.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies them.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies them.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

25.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies them.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

28.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies them.

## B.  The Defendant

29.     Defendant admits the allegations in Paragraph 29.

30.     Defendant admits the allegations in Paragraph 30.

31.     Defendant admits that it has an ARIN "Org" handle of C06137591 with a full name of "Grande Communications" and an address of 401 Carlson Circle, San Marcos, TX 78666.  However, Defendant denies the remaining allegations, implications, and inferences contained in Paragraph 31.

32.     Defendant admits that it operates an Internet Service Provider and serves markets in Texas, but denies the remaining allegations, implications, and inferences contained in Paragraph 32.

33.     Denied.

34.     Defendant admits that it operates an Internet Service Provider, but denies the remaining allegations, implications, and inferences contained in Paragraph 34.

35.     Defendant admits that it operates an Internet Service Provider and charges monthly fees for Internet, but denies the remaining allegations, implications, and inferences contained in Paragraph 35.

36.     Denied.

37.     Denied.

## IV.    JOINDER

38.    Paragraph 38 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that the provisions of Rule 20 speak for themselves, and denies the allegations of Paragraph 38 to the extent they are inconsistent with the rule.  Defendant further denies the remaining allegations, implications, and inferences contained in Paragraph 38.

## V.    FACTUAL BACKGROUND

### A. The Plaintiffs Own the Copyright to the Work

39.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore denies them.

40.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies them.

41.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and therefore denies them.

42.    Denied.

43.    Denied.

### B. Defendant's subscribers Infringe Plaintiffs' Copyrights

44.    Denied.

45.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and therefore denies them.

46.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and therefore denies them.

47.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and therefore denies them.

48.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and therefore denies them.

49.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and therefore denies them.

**1) The Initial Seed, Torrent, Hash and Tracker**

50.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and therefore denies them.

51.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 and therefore denies them.

52.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 and therefore denies them.

53.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and therefore denies them.

54.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 and therefore denies them.

55.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 and therefore denies them.

56.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 and therefore denies them.

57.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 and therefore denies them.

58.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 and therefore denies them.

59.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 and therefore denies them.

**2) Torrent Sites**

60.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and therefore denies them.

**3) Defendant's subscribers access torrent sites from IP addresses provided by Defendant**

61.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and therefore denies them.

62.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 and therefore denies them.

**4) Uploading and Downloading a Work Through a BitTorrent Swarm**

63.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 and therefore denies them.

64.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 and therefore denies them.

65.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and therefore denies them.

66.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and therefore denies them.

67.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and therefore denies them.

68.     Denied.

69.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and therefore denies them.

70.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and therefore denies them.

71.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and therefore denies them.

**5) The Plaintiffs' Computer Investigator Identified Defendant's IP Addresses as Participants in Swarms That Were Distributing Plaintiffs' Copyrighted Works.**

72.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 and therefore denies them.

73.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and therefore denies them.

74.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 and therefore denies them.

75.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 and therefore denies them.

76.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and therefore denies them.

77.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and therefore denies them.

78.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 and therefore denies them.

79.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and therefore denies them.

**C. The Operator of the YTS website confirmed that at least one of Defendant's subscribers' accounts was used to download torrent files for copying copyright protected Works from the YTS website.**

80.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and therefore denies them.

81.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 and therefore denies them.

**D. Defendant's subscribers distributed copies of Plaintiffs' Works.**

82.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and therefore denies them.

83.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and therefore denies them.

84.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and therefore denies them.

**E. Defendant's subscribers knew the Copyright Management Information included in the files they distributed to other peers had been removed or altered without the authority of Plaintiffs.**

85.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 and therefore denies them.

86.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and therefore denies them.

87.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and therefore denies them.

88.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 and therefore denies them.

89.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 and therefore denies them.

90.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and therefore denies them.

91.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 and therefore denies them.

92.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 and therefore denies them.

93.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 and therefore denies them.

94.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 and therefore denies them.

95.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 and therefore denies them.

96.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 and therefore denies them.

97.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 and therefore denies them.

98.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 and therefore denies them.

99.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 and therefore denies them.

100.    Denied.

101.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 and therefore denies them.

***F. Defendant had knowledge that its subscribers were infringing Plaintiffs' Works and distributing file copies of the Works with altered CMI but continued to provide service to their subscribers.***

102.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 and therefore denies them.

103.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 and therefore denies them.

104.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 and therefore denies them.

105.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 and therefore denies them.

106.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 and therefore denies them.

107.    Defendant admits it has registration agreements with ARIN, but denies the remaining allegations, implications, and inferences contained in Paragraph 107.

108.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 and therefore denies them.

109.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 and therefore denies them.

110.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 and therefore denies them.

111.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 and therefore denies them.

112.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 and therefore denies them.

113.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 and therefore denies them.

114.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 and therefore denies them.

115.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 and therefore denies them.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Defendant admits Plaintiffs' counsel sent a letter to Defendant dated October 15, 2020, and that Exhibit C speaks for itself.  Defendant denies the remaining allegations, implications, and inferences contained in Paragraph 119.

120.    Denied.

121.    Denied.

**G. Defendant controls the conduct of its subscribers.**

122.    Denied.

123.    Defendant denies the allegations in Paragraph 123.  The terms of Defendant's policies speak for themselves.

124.    Defendant denies the allegations in Paragraph 124.  The terms of Defendant's policies speak for themselves.

125.    Defendant denies the allegations in Paragraph 125.  The terms of Defendant's policies speak for themselves.

126.    Denied.

127.    Defendant denies the allegations in Paragraph 127.  The terms of Defendant's policies speak for themselves.

**H. Defendant does not have a safe harbor from liability.**

128.    Paragraph 128 asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendant states that 17 U.S.C. §§ 512(a) and 512(i)(1)(A) speak for themselves.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Defendant states that Defendant's policies speak for themselves.  Defendant denies any remaining allegations in Paragraph 134.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

*I. The copyright infringements arise from Defendant's advertisements.*

141.    Denied.

142.    Defendant admits it offers a tiered pricing structure, but denies the remaining allegations, implications, and inferences contained in Paragraph 142.

143.    Defendant admits it, like many other internet service providers, advertises its internet speeds.  Defendant denies the remaining allegations, implications, and inferences contained in Paragraph 143.

144.    Defendant admits it, like many other internet service providers, advertises its internet speeds.  Defendant denies the remaining allegations, implications, and inferences contained in Paragraph 144.

145.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145 and therefore denies them.

146.    Denied.

## VI.   FIRST CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

147.     In response to the allegations in Paragraph 147, Defendant restates and

incorporates by reference its responses to each of the foregoing paragraphs.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied.

153.     Denied.

154.     Denied.

155.     Denied.

156.     Denied.

## VII.   SECOND CLAIM FOR RELIEF
### (Application for Injunctive Relief)
### <u>COUNT DISMISSED BY COURT ORDER</u>

157.     No response is required to Paragraphs 157–168 because this Count II has been

dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is

required, Defendant denies each allegation in Paragraphs 157–168.

158.     No response is required to Paragraphs 157–168 because this Count II has been

dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is

required, Defendant denies each allegation in Paragraphs 157–168.

159.     No response is required to Paragraphs 157–168 because this Count II has been

dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is

required, Defendant denies each allegation in Paragraphs 157–168.

160.     No response is required to Paragraphs 157–168 because this Count II has been dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is required, Defendant denies each allegation in Paragraphs 157–168.

161.     No response is required to Paragraphs 157–168 because this Count II has been dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is required, Defendant denies each allegation in Paragraphs 157–168.

162.     No response is required to Paragraphs 157–168 because this Count II has been dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is required, Defendant denies each allegation in Paragraphs 157–168.

163.     No response is required to Paragraphs 157–168 because this Count II has been dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is required, Defendant denies each allegation in Paragraphs 157–168.

164.     No response is required to Paragraphs 157–168 because this Count II has been dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is required, Defendant denies each allegation in Paragraphs 157–168.

165.     No response is required to Paragraphs 157–168 because this Count II has been dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is required, Defendant denies each allegation in Paragraphs 157–168.

166.     No response is required to Paragraphs 157–168 because this Count II has been dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is required, Defendant denies each allegation in Paragraphs 157–168.

167.     No response is required to Paragraphs 157–168 because this Count II has been dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is required, Defendant denies each allegation in Paragraphs 157–168.

168.     No response is required to Paragraphs 157–168 because this Count II has been dismissed pursuant to the Court's March 28, 2023 Order (Doc. 91).  To the extent a response is required, Defendant denies each allegation in Paragraphs 157–168.

## VIII.   THIRD CLAIM FOR RELIEF

### (Secondary Liability for Digital Millennium Copyright Act Violations)

169.     In response to the allegations in Paragraph 169, Defendant restates and incorporates by reference its responses to each of the foregoing paragraphs.

170.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170 and therefore denies them.

171.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171 and therefore denies them.

172.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 172 and therefore denies them.

173.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173 and therefore denies them.

174.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 174 and therefore denies them.

175.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 175 and therefore denies them.

176.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 176 and therefore denies them.

177.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 177 and therefore denies them.

178.     Denied.

179.     Denied.

180.     Denied.

181.     Denied.

182.     Denied.

183.     Denied.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

## IX.     PLAINTIFFS' PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the requested relief, including the relief requested in Paragraphs (A) through (H) of Plaintiffs' Prayer for Relief.

## DEFENDANT'S ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendant asserts the following additional and affirmative defenses:

1.     The Second Amended Complaint and each count thereof fails to state a claim or cause of action upon which relief can be granted.

2.     Plaintiffs' claims are barred to the extent that Plaintiffs or their predecessors did not register copyrights before alleged infringements or within three months of first publication of published works, the failure to register timely bars Plaintiffs' claims for statutory damages and attorneys' fees.

3.      Plaintiffs' claims for damages are barred, in whole or in part, by their failure to mitigate damages.  On information and belief, assuming Plaintiffs' allegations regarding the direct infringement of their copyrighted works are true, Plaintiffs failed to exercise reasonable diligence to stop or limit the direct infringement.  For example, on information and belief, Plaintiffs failed to take action against alleged direct infringers upon learning of the alleged direct infringements at issue in this case, most of which are alleged to have taken place years ago. Additional examples of Plaintiffs' failure to mitigate damages include, on information and belief, Plaintiffs' failure to employ available technological measures to stop or limit the reproduction or distribution of copyrighted works over peer-to-peer networks, and Plaintiffs' failure to take action against persons or entities who supply software used to carry out the alleged direct infringements at issue in this case.  On information and belief, by failing to take these actions, Plaintiffs increased the amount of any damages that may otherwise be recoverable under section 504(b).  Plaintiffs' claims for actual damages under the DMCA, 17 U.S.C. § 1203, are barred, in whole or in part, for the same reasons.

4.      The statute of limitations, including the limitations in place under 17 U.S.C. § 507, bars Plaintiffs' claims to the extent Plaintiffs allege liability for instances of alleged copyright infringement or alleged violations of the DMCA that occurred more than three years before Plaintiffs filed their Complaint in this matter.

5.      17 U.S.C. § 512, including but not limited to § 512(a), bars Plaintiffs' claims against Defendant.  As a service provider, Defendant has adopted and reasonably implemented, and has informed subscribers and account holders of, a policy that provides for the termination of internet service in appropriate circumstances of subscribers and account holders alleged to be repeat copyright infringers.  Defendant's policy involves an escalating series of notifications and

actions based upon continued receipt of compliant allegations of copyright infringement that appear to implicate a particular subscriber account, which can culminate in termination of the affected subscriber's account.  Defendant has permanently terminated the accounts of subscribers identified pursuant to this policy.  Defendant accommodates and does not interfere with standard technical measures used by copyright owners to identify or protect copyrighted works.

6.      Defendant was not aware, and had no reason to believe, that its acts (alleged or otherwise) constituted an infringement of a copyright, and accordingly any statutory damages should be reduced pursuant to 17 U.S.C. § 504(c)(2).

7.      Defendant was not aware, and had no reason to believe, that its acts (alleged or otherwise) constituted a violation of 17 U.S.C. § 1202, and accordingly any statutory damages awarded under 17 U.S.C. § 1203(c)(3)(B) should be reduced pursuant to 17 U.S.C. § 1203(c)(5)(A).

8.      Defendant reserves the right to add any additional defenses that discovery may reveal.

## **Demand for Jury Trial**

Defendant requests a trial by jury on all issues so triable.

Dated: May 12, 2023

Respectfully submitted,

By: _/s/ Zachary C. Howenstine_____
Richard L. Brophy*
Zachary C. Howenstine*
Kyle G. Gottuso*
Angela B. Kennedy*
Margaret R. Szewczyk*
Sydney K. Johnson*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621–5070
rbrophy@atllp.com
zhowenstine@atllp.com
kgottuso@atllp.com
akennedy@atllp.com
mszewczyk@atllp.com
skjohnson@atllp.com
*Admitted Pro Hac Vice

Jacqueline P. Altman
John P. Palmer
NAMAN HOWELL SMITH & LEE
400 Austin Avenue, Suite 800
Waco, TX 76701
254-755-4344
Fax: 254-754-6331
jaltman@namanhowell.com
palmer@namanhowell.com

**Attorneys for Defendant Grande
Telecommunications Networks LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2023, a true and correct copy of the foregoing document was served upon all counsel of record via ECF notification.

By:   */s/ Zachary C. Howenstine*