# Exhibit "1"

CULPEPPER IP, LLLC
Kerry S. Culpepper, HI Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:     (808) 464-4047
Facsimile:      (202) 204-5181
E-Mail:          kculpepper@culpepperip.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AFTER II MOVIE, LLC; et al., | § | **Case No.:** 1:21-cv-709-RP |
| | § | (Copyright) |
| Plaintiffs, | § | |
| vs. | § | |
| | § | |
| GRANDE COMMUNICATIONS | § | |
| NETWORKS, LLC | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLC

Please take notice that pursuant to Rule 34, Federal Rules of Civil Procedure ("FRCP"),

AFTER II MOVIE, LLC, BODYGUARD PRODUCTIONS, INC., HITMAN 2 PRODUCTIONS,

INC., LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC.,

MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC., RAMBO V

PRODUCTIONS, INC., VENICE PI, LLC, VOLTAGE HOLDINGS, LLC, WONDER ONE,

LLC, DALLAS BUYERS CLUB, LLC; HANNIBAL MEDIA, INC.; BADHOUSE STUDIOS,

LLC; THE GUARD PRODUCTIONS, LTD; JOLT PRODUCTIONS, INC.; TIL

PRODUCTIONS, INC.; and SCREEN MEDIA VENTURES, LLC  ("Plaintiffs") hereby request

discovery from Defendant Grande Communications Networks, LLC (" "Defendant") as follows.

20-023M

Pursuant to Rule 34 of the FRCP, Plaintiffs request that Defendant file a written response and produce for inspection and copying all of the Documents requested in Exhibit "1", attached hereto and made a part hereof, which are in its possession, custody, or control, within thirty (30) days after service of this request. Said production shall be via email to kculpepper@culpepperip.com, greg@dovel.com, and joey@dovel.com or at 75-170 Hualalai Road, Suite B204, Kailua-Kona, Hawai'i 96740, or at some other convenient location mutually agreed upon by the parties if production via email is not feasible. Failure to produce the documents or items requested may also be grounds for a motion to compel production of documents, and/or sanctions, pursuant to the provisions of FRCP Rule 37.

The attached Instructions and Definitions apply to the document request. These requests are continuing to the full extent provided by FRCP Rules 26 and 34.

**Definitions**

1.      "Internet Protocol ("IP") Address" means a unique string of numbers and or letters  that identifies a specific interface on a network and assigned to a subscriber by an Internet Service Provider ("ISP").

2.      "Correspondence" means a document that has been delivered by, sent by, addressed to, copied to, or transmitted by one person or entity to another person or entity. A correspondence may be in written form, electronic form, or in email form. A correspondence sent by email incudes all attachments. It includes memoranda distributed to anyone in an office, including but not limited to intra-office memoranda and inter-office memoranda.

2

3.     "Device" means a computing device that includes an operating system such as IOS, Android or Windows, can connect a user to a WIFI network and execute software applications such as piracy applications and includes but not limited to Samsung Smart Phones and Tablets

4.     "File" means any and all of the following: a collection of documents organized by subject, name, or topic; a collection of electronic or computer records organized by subject, name, or topic; an electronic or physical folder in which information and/or records are kept.

5.     "Identify" shall mean: (a) as to an individual, to state the person's full name and current address; (b) as to an entity or person other than an individual, to state its full name and current business address; (c) as to a document, to state the type of document (e.g., letter, memorandum, telegram, chart), date, author, addressee, title, file and identifying number and symbol, if any, its present location, and the name and address of the person who has custody of the document; and (d) as to information, to describe the subject matter, form, and content of the information.

6.     "And" and "or" and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the request all responsive documents.

7.     "Any" shall include "all" and "all" shall include "any".

8.     The term "relevant" when used to describe a document, information, or other types of evidence, has the meaning described in Rule 401, *Federal Rules of Evidence*, and its commentary.

9.     As used herein, the term "document" or "documents" shall mean and include the following:

a.  "Documents" and "electronically stored information" as these terms are used in
    FRCP Rule 34.  Such material includes "writings, drawings, graphs, charts,
    photographs, sound recordings, images, and other data or data compilations—stored
    in any medium from which information can be obtained either directly or, if
    necessary, after translation by the responding party into a reasonably usable form."

b.  Correspondence.

c.  Tangible things containing information.

d.  Notes, memoranda, and journals.

e.  Drawings, blueprints, and plans.

f.  Electronic/digital/computer files and records;

g.  Contracts and agreements;

h.  Legal instruments or official documents;

i.  Financial statements, worksheets, reports, projections, schedules, ledgers, books,
    records, and journals;

j.  Vouchers, expense accounts, receipts, invoices, bills, orders, billings, cost
    breakdowns, and checks;

k.  Investigation or incident reports;

l.  Files, and records;

m.  Proposals, feasibility studies, engineering studies, renderings, plans, drawings;

n.   Reports;

4

     o.   Testifying expert reports, opinions and back up documents; and

     p.   Drafts or draft copies of any of the above.

10.     Documents include email and attachments.  You may produce email and attachments in printed form, but you should preserve the electronically stored file, and produce said files if requested.  When producing electronically stored information, please produce the files on a DVD or other storage device and identify the software required to open the files.

11.     Documents include electronically stored information, such as, for example, spreadsheets stored as Excel or QuickBooks files on a computer.  You may produce such documents in printed form, but you should preserve the electronically stored file, and produce said files if requested.

12.     The instant discovery request does not include documents protected by the attorney-client privilege.

13.     If you object to responding to any discovery request, in whole or in part, state your objection and the factual or legal reasons supporting it. If you object on grounds of privilege, please state the nature of the matter to allow assessment of the sufficiency of the privilege.  For each discovery request or part thereof to which you object on the ground of burdensomeness, please indicate the custodian and location of each file or document requested, and the time estimated to obtain the information.

## EXHIBIT "1"

1. Any and all correspondence from Grande referring to Movie Piracy Applications and Movie Piracy Websites including, but not limited to Showbox, Show Box, Popcorn Time, Popcorntime, YTS, RARBG, 1337x and Piratebay between 1/1/2016 and the present.

2. Service records for the subscriber(s) at IP address 67.198.107.108 between 1/1/2019 and present.

3. All exhibits and deposition excerpts Grande intends to use at trial in the case *UMG RECORDINGS, INC., et al., v. GRANDE COMMUNICATIONS NETWORKS LLC*, 1:17-cv-365 and has indicated in its Deposition Designations and Exhibit lists.

4. In *UMG RECORDINGS, INC., et al., v. GRANDE COMMUNICATIONS NETWORKS LLC*, 1:17-cv-365, transcripts of the depositions of David Benjamin, Colin Bloch, Neil Carfora, Lars Christianson, Stephanie Christianson (including but not limited to depositions of 6/27/18, 6/28/18 and 2/19/19), Robert Creel, Jay Cruse, John Feehan, Richard Fogle, Lamar Horton, Dong Jang, Stephanie Christianson, Matthew Murphy, Robert Roeder, Matt Rohre, Chris Sabec, Victoria Sheckler and Jeff Shockley.

5. Referring to attached Exhibit "2" [Doc. #382-2] to DEFENDANT GRANDE COMMUNICATIONS NETWORKS LLC'S NOTICE OF OBJECTIONS TO PLAINTIFFS' AFFIRMATIVE DEPOSITION DESIGNATIONS AND EXHIBIT LIST [Doc. #382] in *UMG RECORDINGS, INC., et al., v. GRANDE COMMUNICATIONS NETWORKS LLC*, 1:17-cv-365, all of the following documents including:

| PX# | Beg Bates | End Bates | date | Document Description |
|---|---|---|---|---|
| 2 | | | | Summary Spreadsheet: Rightscorp infringement notice files (RC-D001) |
| 9 | GRANDE2551790 | GRANDE2551790 | | Grande CSV file listing infringement notices |
| 31 | | | 7/20/2017 | Defendant Grande Communications Networks LLC's Objections and Responses to Plaintiffs First Set of Interrogatories |
| 33 | | | 8/18/2017 | Defendant Grande |

6

**CERTIFICATE OF SERVICE**

I hereby certify that on Sept. 6, 2022, I caused a copy of the foregoing to be served upon

the following via email.

Zachary C. Howenstine ZHowenstine@atllp.com

Richard L. Brophy RBrophy@atllp.com

Angela B. Kennedy akennedy@atllp.com

Hannah Hope HHope@Atllp.com

Jacqueline Altman jaltman@namanhowell.com


By: /s/ Kerry S. Culpepper

34