**Exhibit "2"**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AFTER II MOVIE, LLC, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> GRANDE COMMUNICATIONS NETWORKS, LLC, <br><br> Defendant. | No. 1:21-cv-00709-RP |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Grande Communications Networks, LLC ("Defendant" or "Grande"), by and through its attorneys, hereby responds to Plaintiffs' First Set of Requests for Production of Documents with the following responses and objections.

Consistent with the below, Defendant will produce responsive, non-privileged documents on a rolling basis, starting within 30 days or at such other time as the parties may agree.

**GENERAL OBJECTIONS**

The following General Objections are incorporated by reference in each of Defendant's Specific Objections and Responses set forth below:

1.     Defendant objects to Plaintiffs' Requests to the extent they impose obligations on Defendant that are inconsistent with or exceed those set forth in the Federal Rules of Civil Procedure, Rules of the United States District Court for the Western District of Texas, or any Order of this Court.

2.      Defendant objects to Plaintiffs' Requests to the extent they seek the disclosure or production of information protected by the attorney-client privilege and/or work product doctrine. Such information shall not be provided in response to these Requests, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

3.      Defendant objects to Plaintiffs' Requests to the extent they seek documents and information prior to April 17, 2020, which is the earliest date for which any Plaintiff gave Maverickeye UG authority to send copyright infringement complaints to Grande. *See* Plaintiffs' Response to Defendant's Interrogatory No. 8. Defendant further objects to Plaintiffs' Requests to the extent they seek documents and information prior to August 13, 2018, which represents the three-year statute of limitations for Plaintiffs' copyright infringement claims based on the August 13, 2021 filing date of Plaintiffs' Complaint.

**DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

**Request No. 1**: Any and all correspondence from Grande referring to Movie Piracy Applications and Movie Piracy Websites including, but not limited to Showbox, Show Box, Popcorn Time, Popcorntime, YTS, RARBG, 1337x and Piratebay between 1/1/2016 and the present.

**Response**:     In addition to its General Objections, Defendant objects to this Request as vague and ambiguous as the terms "Movie Piracy Applications" and "Movie Piracy Websites" are undefined. Defendant further objects to this Request as overly broad, seeking irrelevant information, seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case. Additionally, the temporal limitation included in this Request (seeking correspondence between 1/1/2016 and the present) is improper as it

2

predates April 17, 2020, the earliest date on which any Plaintiff gave Maverickeye UG authority to send notices to Grande. This temporal limitation is also improper and seeks irrelevant information as it predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). The improper temporal limitation makes this Request overbroad and calls for the production of irrelevant documents.

Based on the above objections, Defendant will not be producing any documents in response to this Request. Defendant is willing to meet and confer in the interest of narrowing Plaintiffs' request to documents relevant to this case.

**Request No. 2**: Service records for the subscriber(s) at IP address 67.198.107.108 between 1/1/2019 an present.

**Response**: In addition to its General Objections, Defendant objects to this Request as vague and ambiguous as the term "service records" is undefined and its meaning is unclear to Defendant. Defendant further objects to this Request to the extent it calls for information protected from disclosure under the Cable Act (47 U.S.C. § 551(c)(2)(B)) as Plaintiffs' request for "service records" may require the disclosure of personally identifiable information concerning one, or multiple, of Defendant's subscribers. Defendant further objects to this Request as overly broad, seeking irrelevant information, seeking privileged attorney-client communications and/or protected work product, and as not proportional to the needs of the case. Additionally, the temporal limitation included in this Request (seeking "service records" between 1/1/2019 and the present) is improper as it predates April 17, 2020, the earliest date on which any Plaintiff gave Maverickeye UG authority to send notices to Grande. The improper temporal limitation makes this Request overbroad and calls for the production of irrelevant documents.

Defendant is willing to meet and confer with Plaintiffs to determine what "service records" information Plaintiffs are seeking, to determine the relevance of this particular IP address to this case, and to discuss the proper time frame for this Request.

**Request No. 3**: All exhibits and deposition excerpts Grande intends to use at trial in the case UMG RECORDINGS, INC., et al., v. GRANDE COMMUNICATIONS NETWORKS LLC, 1:17-cv-365 and has indicated in its Deposition Designations and Exhibit lists.

**Response**: As an initial matter, this Request seeks the production of Grande documents and deposition excerpts that were produced and given in the case of UMG RECORDINGS, INC., et al., v. GRANDE COMMUNICATIONS NETWORKS LLC, 1:17-cv-365 (W.D. Tex.) ("*UMG*"), as well as third-party (such as music record labels and Rightscorp) documents and deposition excerpts from that case. As for both categories of documents (Grande documents and third-party documents), Defendant objects to this Request as vague and ambiguous as the meaning of "intends to use at trial." Defendant further objects to this Request as overly broad and seeking the production of irrelevant information as the Request seeks documents and information addressing unrelated copyrights, unrelated copyright holders, unrelated notices of copyright infringement, an unrelated copyright infringement monitoring company, and are exclusively directed to alleged copyright infringements that purportedly occurred during a window of time separate and distinct from the relevant time period in this case. Specifically, the three-year damages look-back period in this case extends from August 13, 2018, to the present, whereas the allegations of copyright infringement in *UMG* predate August 13, 2018. Additionally, this Request seeks the production of documents that predate April 17, 2020, the earliest date on which any Plaintiff gave Maverickeye UG authority to send notices to

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2022, I caused a copy of the foregoing to be served upon all counsel of record via email.

By: */s/ Zachary C. Howenstine*