# Exhibit "6"

CULPEPPER IP, LLLC
Kerry S. Culpepper, HI Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:      (808) 464-4047
Facsimile:      (202) 204-5181
E-Mail:        kculpepper@culpepperip.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AFTER II MOVIE, LLC; et al., | § | **Case No.:** 1:21-cv-709-RP |
| | § | (Copyright) |
| Plaintiffs, | § | |
| vs. | § | |
| | § | |
| | § | |
| GRANDE COMMUNICATIONS | § | |
| NETWORKS, LLC | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLC (No. 8-53)**

Please take notice that pursuant to Rule 34, Federal Rules of Civil Procedure ("FRCP"),

AFTER II MOVIE, LLC, BODYGUARD PRODUCTIONS, INC., HITMAN 2

PRODUCTIONS, INC., LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC.,

MILLENNIUM IP, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST

PRODUCTIONS, INC., RAMBO V PRODUCTIONS, INC., VENICE PI, LLC, VOLTAGE

HOLDINGS, LLC, WONDER ONE, LLC, DALLAS BUYERS CLUB, LLC; HANNIBAL

MEDIA, INC.; BADHOUSE STUDIOS, LLC; THE GUARD PRODUCTIONS, LTD; JOLT

PRODUCTIONS, INC.; TIL PRODUCTIONS, INC.; and SCREEN MEDIA VENTURES, LLC

("Plaintiffs") hereby request discovery from Defendant Grande Communications Networks, LLC

("Defendant") as follows.

1

Pursuant to Rule 34 of the FRCP, Plaintiffs request that Defendant file a written response and produce for inspection and copying all of the Documents requested below, which are in its possession, custody, or control, within thirty (30) days after service of this request.  Said production shall be sent via email to kculpepper@culpepperip.com, greg@dovel.com, and joey@dovel.com, or to 75-170 Hualalai Road, Suite B204, Kailua-Kona, Hawai'i 96740, or to some other convenient location mutually agreed upon by the parties if production via email is not feasible.  Failure to produce the documents or items requested may also be grounds for a motion to compel production of documents, and/or sanctions, pursuant to the provisions of FRCP Rule 37.

The attached Instructions and Definitions apply to the document request.  These requests are continuing to the full extent provided by FRCP Rules 26 and 34.

**DEFINITIONS**

1.      "Grande" or "Defendant" means Defendant Grande Communications Networks, LLC and/or any persons or entities acting on its behalf or in concert with it, its employees, consultants, agents, officers, representatives, attorneys or other persons authorized to act for Grande Communications Networks, LLC.

2.      "Subscriber" or "customer" means one or more individual(s) or entities Defendant assigned an IP address for Internet service, including the individual(s) or entities responsible for paying for the Internet service.

3.      "Communication" means a document that has been delivered by, sent by, addressed to, copied to, or transmitted by one person or entity to another person or entity.  A correspondence may be in written form, electronic form, or in email form.  A correspondence sent by email incudes all attachments.  It includes memoranda distributed to anyone in an office, including but

not limited to intra-office memoranda and inter-office memoranda.

4.      "Churn Rate" means the annual percentage rate at which customers stop subscribing to

Grande's internet services.

5.      "Marginal cost" means the cost to Grande of providing internet services to one additional

customer.

6.      "Internet Protocol ("IP") Address" means a unique string of numbers and or letters that

identifies a specific interface on a network and is assigned to a subscriber by an Internet Service

Provider ("ISP").

7.      "And" and "or" and "and/or" shall be construed conjunctively or disjunctively as

necessary to bring within the scope of the request all responsive documents.

8.      "Any" shall include "all" and "all" shall include "any".

9.      As used herein, the term "document" or "documents" shall mean and include the

following:

   a.  "Documents" and "electronically stored information" as these terms are used in

       FRCP Rule 34.  Such material includes "writings, drawings, graphs, charts,

       photographs, sound recordings, images, and other data or data compilations—stored

       in any medium from which information can be obtained either directly or, if

       necessary, after translation by the responding party into a reasonably usable form;"

   b.  Correspondence;

   c.  Tangible things containing information

   d.  Notes, memoranda, and journals;

   e.  Drawings, blueprints, and plans;

   f.  Electronic/digital/computer files and records;

3

g.   Contracts and agreements;

h.   Legal instruments or official documents;

i.   Financial statements, worksheets, reports, projections, schedules, ledgers, books,

records, and journals;

j.   Vouchers, expense accounts, receipts, invoices, bills, orders, billings, cost

breakdowns, and checks;

k.   Investigation or incident reports;

l.   Files, and records;

m.  Proposals, feasibility studies, engineering studies, renderings, plans, drawings;

n.   Reports;

o.   Testifying expert reports, opinions and back up documents; and

p.   Drafts or draft copies of any of the above.

11.   Documents include email and attachments.  You may produce email and attachments in
printed form, but you should preserve the electronically stored file, and produce said files if
requested.  When producing electronically stored information, please produce the files on a DVD
or other storage device and identify the software required to open the files.

12.   Documents include electronically stored information, such as, for example, spreadsheets
stored as Excel or QuickBooks files on a computer.  You may produce such documents in
printed form, but you should preserve the electronically stored file, and produce said files if
requested.

13.   The instant discovery request does not include documents protected by the attorney-client
privilege.

14.   If you object to responding to any discovery request, in whole or in part, state your

objection and the factual or legal reasons supporting it.  If you object on grounds of privilege,

please state the nature of the matter to allow assessment of the sufficiency of the privilege.  For

each discovery request or part thereof to which you object on the ground of burdensomeness,

please indicate the custodian and location of each file or document requested, and the time

estimated to obtain the information.

15.     Undefined terms have their plain and ordinary meaning in the context of the relevant

request.

**REQUESTS FOR INSPECTION AND PRODUCTION**

**Request for Production No. 8:**

Documents sufficient to show the total number of notices alleging copyright infringement

at a Grande customer account, for each year, from 2010 to the present.

**Request for Production No. 9:**

Documents sufficient to show the total number of Grande customer accounts that Grande

terminated related to copyright infringement at that account, for each year, from 2010 to the

present.

**Request for Production No. 10:**

Documents sufficient to show the total number of Grande user accounts that Grande has

suspended related to copyright infringement at that account, for each year, from 2010 to the

present.

**Request for Production No. 11:**

Documents sufficient to show the total number of notices or communications alleging

copyright infringement at a Grande customer account that Grande has forwarded or sent to the

corresponding customer account, for each year, from 2010 to the present.

**Request for Production No. 12:**

Documents sufficient to show each and every action that Grande took to prevent further copyright infringement at a customer account for which Grande received a notice alleging copyright infringement at that account, for each year, from 2010 to the present.

**Request for Production No. 13:**

Documents sufficient to show each and every iteration of Grande's policy regarding copyright infringement at customer accounts, from 2010 to the present.

**Request for Production No. 14:**

Documents sufficient to show Grande's actual enforcement of each and every iteration of its policy regarding copyright infringement at customer accounts, from 2010 to the present, including, but not limited to: how Grande processed notices alleging copyright infringement at its customer accounts; how Grande logged or tracked the total number of notices alleging copyright infringement at its customer accounts; whether Grande maintained a record of all notices alleging copyright infringement at a customer account, or erased or restarted the count of such notices after a certain time period; Grande's criteria for taking any action as to notices alleging copyright infringement at a customer account, such as forwarding the notices to customer accounts, communicating with customers, suspending customer accounts, or terminating customer accounts.

**Request for Production No. 15:**

Documents sufficient to show the total number of Grande customer accounts for which Grande received two or more notices alleging copyright infringement at that account, from 2010 to the present.

**Request for Production No. 16:**

Documents sufficient to show, for each customer account for which Grande received two or more notices alleging copyright infringement, how many such notices Grande received, from 2010 to the present.

**Request for Production No. 17:**

Documents sufficient to show, for each customer account for which Grande received two or more notices alleging copyright infringement, each effort or action that Grande took to prevent further copyright infringement at that account, from 2010 to the present.

**Request for Production No. 18:**

Documents sufficient to identify each and every IP address for which Grande received a notice or communication alleging infringement of the copyright(s) of any Plaintiff at that IP address.

**Request for Production No. 19:**

Each document that mentions, refers to, or relates to Grande's policy regarding copyright infringements at user accounts, Grande's DMCA policy, safe harbor, Grande's liability related to copyright infringement at user accounts, and notices alleging copyright infringement at user accounts, including internal Grande communications.

**Request for Production No. 20:**

Each document that mentions, refers to, or constitutes any decision by Grande in 2010 on how it would enforce its policy on repeat copyright infringements at user accounts, including any decision that Grande would not enforce the policy or that Grande would not take any efforts or action to further copyright infringement, or that Grande would not terminate user accounts related to copyright infringement at that account.

**Request for Production No. 21:**

Each document that mentions, refers to, or constitutes a statement by any Grande employee or representative stating that "we have some customers who are up to their 54th notice… [yet] there is no 'three strikes' law or anything that we follow like some ISPs."

**Request for Production No. 22:**

Each document that mentions, refers to, or constitutes a statement by any Grande employee or representative regarding Grande's policy or practices on copyright infringement at user accounts "regardless of the source of any notice," "regardless of the content of any notice," and "regardless of the volume of notices… for a given customer."

**Request for Production No. 23:**

Each document that mentions, refers to, or constitutes a statement by any Grande employee or representative stating "Question — we have users who are racking up DMCA take down requests and no process for remedy in place. I don't know if I'm seeing a broken process or compliance with the letter of the law. Do you guys have insight or knowledge on this?"

**Request for Production No. 24:**

Each document that mentions, refers to, or constitutes a communication by any Grande employee or representative regarding Grande's policy for notices alleging copyright infringement at user accounts.

**Request for Production No. 25:**

Each document that mentions, refers to, or constitutes a communication by any Grande employee or representative regarding a DMCA safe harbor.

**Request for Production No. 26:**

Documents sufficient to show the total number of user accounts that Grande terminated between October 2010 and May 2017 related to copyright infringement.

**Request for Production No. 27:**

Documents sufficient to show the total number of notices alleging copyright infringement

that Grande received between October 2010 and May 2017.

**Request for Production No. 28:**

Each document that mentions, refers to, or constitutes an "Excessive Violations Report."

**Request for Production No. 29:**

Each document that mentions, refers to, or constitutes any report, analysis, commentary,

or summary regarding copyright infringement at Grande user accounts.

**Request for Production No. 30:**

Each document that mentions, refers to, or constitutes any doubt, inquiry, or investigation

of any kind regarding the truth or accuracy of notices alleging copyright infringement at Grande

user accounts.

**Request for Production No. 31:**

Each document that mentions or refers to a torrent site, including any communication by

a Grande employee or representative.

**Request for Production No. 32:**

Each document that mentions or refers to torrent clients, including but not limited to

BitTorrent, including any communication by a Grande employee or representative.

**Request for Production No. 33:**

Each document that mentions or refers to torrent files, including any communication by a

Grande employee or representative.

**Request for Production No. 34:**

Documents sufficient to show whether Grande has the ability to monitor users' internet

use, including but not limited to the ability to obtain PCAP files associated with certain customer accounts.

**Request for Production No. 35:**

Documents sufficient to show whether Grande has the ability to suspend users' internet use in any way.

**Request for Production No. 36:**

Documents sufficient to show whether Grande has the ability to terminate users' internet use in any way.

**Request for Production No. 37:**

Each document that mentions or relates to how suspension or termination of user accounts related to copyright infringement, or any other actions or efforts Grande may take to prevent copyright infringement, may deter potential customers from subscribing to or purchasing Grande's services.

**Request for Production No. 38:**

Each document that mentions or relates to how suspension or termination of user accounts related to copyright infringement, or any other actions or efforts Grande may take to prevent copyright infringement, may lead to the loss of current Grande customers.

**Request for Production No. 39:**

Each document that mentions or relates to how Grande's policy or practices on copyright infringement at user accounts may relate to Grande's ability to attract potential customers or retain current customers.

**Request for Production No. 40:**

Documents sufficient to show each fee that Grande has charged for its internet services,

the services that Grande provided for each fee, and the time period during which Grande charged

each fee, from 2016 to the present.

**Request for Production No. 41:**

For each IP address for which Grande received a notice alleging infringement of the

copyright(s) of any Plaintiff at that IP address, documents sufficient to show the total revenues

that Grande received related to each customer that Grande assigned the IP address.

**Request for Production No. 42:**

Documents sufficient to show Grande's gross revenue related to its provision of internet

services to customers, for each year, from 2016 to the present.

**Request for Production No. 43:**

Documents sufficient to show Grande's internet subscriber Churn Rate, for each year,

from 2016 to the present.

**Request for Production No. 44:**

For each IP address for which Grande received a notice alleging infringement of the

copyright(s) of any Plaintiff at that IP address, documents sufficient to show the total number of

months that each customer that Grande assigned the IP address held an account with Grande.

**Request for Production No. 45:**

Documents sufficient to show the customer lifetime value of a Grande customer, meaning

the average revenue that Grande generates from a customer during the customer's entire

relationship with Grande, for each year, from 2016 to the present.

**Request for Production No. 46:**

Documents sufficient to show Grande's costs and expenses in providing internet services

to customers, including the marginal cost of providing internet services to each additional

customer, for each year, from 2016 to the present.

**Request for Production No 47:**

For each IP address for which Grande received a notice alleging infringement of the

copyright(s) of any Plaintiff at that IP address, each document alleging copyright infringement

related to that IP address, including any such document sent from a third party to this action and

any such document alleging infringement of the copyright(s) of copyright holders other than a

Plaintiff in this action, from 2016 to the present.

**Request for Production No. 48:**

Documents sufficient to show Grande's ability to remotely or otherwise monitor any

equipment that it provides to customers, including but not limited to routers and cable boxes.

**Request for Production No. 49:**

Document sufficient to show Grande's management structure, including but not limited

to any of Grande's controlling entities, the nature of Grande's relationship with RCN Telecom

Services, LLC, and the nature of Grande's relationship with Astound or Astound Broadband.

**Request for Production No. 50:**

Each document that relates to, mentions, or constitutes Grande's negotiations or

agreements with any film studio or distributor that allows Grande's customers to watch films on-

demand, including information about the profits that Grande receives from any such agreement

or Grande's profits from customer's purchases to watch films on-demand.

**Request for Production No. 51:**

Documents sufficient to show Grande's policies and practices regarding subpoenas for

customer identities in response to requests from law enforcement alleging criminal conduct or

copyright infringement at customer accounts, including but not limited to Grande's policy or

practice of suspending services to or terminating such customer accounts.

**Request for Production No. 52:**

Documents sufficient to show Grande's policies and practices on notifying a customer

about a subpoena for the customer's identification related to a copyright infringement action,

including but not limited to Grande's policies and practices of sending such notifications by

electronic email, certified mail, or first class mail.

**Request for Production No. 53:**

Documents sufficient to show Grande's policies and practices on suspending service to or

terminating customer accounts for nonpayment, including but not limited to how soon after

nonpayment Grande suspends service to or terminates a customer account.


DATED: Kailua-Kona, Hawaii, Nov. 11, 2022.

/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
Attorney for Plaintiffs

Joanne Bui CA State Bar No. 340378 (*pro hac vice*)
Gregory Dovel CA State Bar No. 135387
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: greg@dovel.com
Email: joey@dovel.com

Attorneys for Plaintiffs MILLENNIUM FUNDING, INC., MILLENNIUM IP, INC.,
MILLENNIUM MEDIA, INC., BODYGUARD PRODUCTIONS, INC., HITMAN 2
PRODUCTIONS, INC., NIKOLA PRODUCTIONS, INC., OUTPOST PRODUCTIONS, INC.,

AND RAMBO V PRODUCTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on Nov. 11, 2022, I caused a copy of the foregoing to be served upon

the following via email.

Zachary C. Howenstine ZHowenstine@atllp.com

Richard L. Brophy RBrophy@atllp.com

Angela B. Kennedy akennedy@atllp.com

Hannah Hope HHope@Atllp.com

Jacqueline Altman jaltman@namanhowell.com

Kyle G. Gottuso KGottuso@atllp.com


By: /s/ Kerry S. Culpepper