Exhibit "10"

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| AFTER II MOVIE, LLC, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> GRANDE COMMUNICATIONS NETWORKS, LLC, <br><br> Defendant. | No. 1:21-cv-00709-RP |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Grande Communications Networks, LLC ("Defendant" or "Grande"), by and through its attorneys, hereby responds to Plaintiffs' Fourth Set of Requests for Production of Documents with the following responses and objections.

Consistent with the below, Defendant will produce responsive, non-privileged documents on a rolling basis, to the extent such documents exist, starting within 30 days or at such other time as the parties may agree.

**GENERAL OBJECTIONS**

The following General Objections are incorporated by reference in each of Defendant's Specific Objections and Responses set forth below:

1. Defendant objects to Plaintiffs' Requests to the extent they impose obligations on Defendant that are inconsistent with or exceed those set forth in the Federal Rules of Civil Procedure, Rules of the United States District Court for the Western District of Texas, or any Order of this Court.

2.       Defendant objects to Plaintiffs' Requests to the extent they seek the disclosure

or production of information protected by the attorney-client privilege and/or work product

doctrine.  Such information shall not be provided in response to these Requests, and any

inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with

respect to such information or documents.

3.       Defendant objects to Plaintiffs' Requests to the extent they seek documents and

information from before August 2018, before which any claim is barred by the applicable

statute of limitations, 17 U.S.C. § 507(b).  As detailed below, in the interest of compromise,

Grande has agreed to produce documents from earlier points in time in response to certain

requests for production.  For example, in many instances Grande has agreed to produce

documents dating back to April 2017, which is, according to Plaintiffs, the earliest date Grande

received any notices of alleged copyright infringement relating to the works in suit.

**DEFENDANT'S RESPONSES AND
OBJECTIONS TO PLAINTIFFS' REQUESTS**

**Request No. 8:**     Documents sufficient to show the total number of notices alleging

copyright infringement at a Grande customer account, for each year, from 2010 to the present.

**Response:**  In addition to its General Objections, Defendant objects to this Request as

overly broad and unduly burdensome, as it seeks information relating to all notices for every

Grande customer dating back to 2010.  Defendant further objects as the requested information is

not proportional to the needs of the case, and it seeks the production of irrelevant information

regarding copyright infringement allegations not at issue in this case.  Defendant further objects

to the Request as vague and ambiguous as to what "***at*** a Grande customer account" means.

Additionally, Defendant objects to the temporal limitation included in this Request (from 2010 to

the present) as it seeks the production of irrelevant documents that predate April 2017, the

earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande

2

relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Grande will produce documents and data from its system for receiving, processing, and notifying internet subscribers of copyright infringement complaints ("DMCA System") from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 9:**    Documents sufficient to show the total number of Grande customer accounts that Grande terminated related to copyright infringement at that account, for each year, from 2010 to the present.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all customer accounts that Grande terminated dating back to 2010.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  Additionally, Defendant objects to the temporal limitation included in this Request (from 2010 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

3

Subject to and consistent with these objections, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 10:**   Documents sufficient to show the total number of Grande user accounts that Grande has suspended related to copyright infringement at that account, for each year, from 2010 to the present.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all customer accounts that Grande suspended dating back to 2010.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  Additionally, Defendant objects to the temporal limitation included in this Request (from 2010 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 11**:  Documents sufficient to show the total number of notices or communications alleging copyright infringement at a Grande customer account that Grande has forwarded or sent to the corresponding customer account, for each year, from 2010 to the present.

**Response**:  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all notices or communications for every Grande customer dating back to 2010.  Defendant further objects as the requested information is not proportional to the needs of the case, as it seeks privileged attorney-client communications and/or protected work product, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  Defendant further objects to the Request as vague and ambiguous as to what "*at* a Grande customer account" means.  Additionally, Defendant objects to the temporal limitation included in this Request (from 2010 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 12**:  Documents sufficient to show each and every action that Grande took to prevent further copyright infringement at a customer account for which Grande received a notice alleging copyright infringement at that account, for each year, from 2010 to the present.

**Response**:  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to "each and every" action by Grande dating back to 2010.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  Defendant further objects to the Request as vague and ambiguous as to what "***at*** a customer account" means.  Additionally, Defendant objects to the temporal limitation included in this Request (from 2010 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.  Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney client privilege and/or the work product doctrine.

Subject to and consistent with these objections, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 13**:  Documents sufficient to show each and every iteration of Grande's policy regarding copyright infringement at customer accounts, from 2010 to the present.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all iterations of Grande's copyright infringement policy, even drafts, dating back to 2010.  Defendant further objects as the requested information is not proportional to the needs of the case, as it seeks privileged attorney-client communications and/or protected work product.  Defendant further objects to the Request as vague and ambiguous as to what "***at*** a Grande customer account" means.  Additionally, Defendant objects to the temporal limitation included in this Request (from 2010 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, and in the interest of compromise, Defendant will produce written policies regarding copyright infringement by users of Grande's internet service from 2010 to present.

**Request No. 14:**  Documents sufficient to show Grande's actual enforcement of each and every iteration of its policy regarding copyright infringement at customer accounts, from 2010 to the present, including, but not limited to: how Grande processed notices alleging copyright infringement at its customer accounts; how Grande logged or tracked the total number of notices alleging copyright infringement at its customer accounts; whether Grande maintained a record of all notices alleging copyright infringement at a customer account, or erased or restarted the count of such notices after a certain time period; Grande's criteria for taking any action as to notices alleging copyright infringement at a customer account, such as

forwarding the notices to customer accounts, communicating with customers, suspending customer accounts, or terminating customer accounts.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to enforcement by Grande of "each and every iteration" of Grande's copyright infringement policy dating back to 2010. Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  Defendant further objects to the Request as vague and ambiguous as to what "*at* customer accounts" means.  Defendant further objects to this Request to the extent it seems information protected by the attorney client privilege and/or work product doctrine.  Additionally, Defendant objects to the temporal limitation included in this Request (from 2010 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 15:**  Documents sufficient to show the total number of Grande customer accounts for which Grande received two or more notices alleging copyright infringement at that account, from 2010 to the present.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all notices alleging copyright infringement for all customers dating back to 2010.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case. Additionally, Defendant objects to the temporal limitation included in this Request (from 2010 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 16:**  Documents sufficient to show, for each customer account for which Grande received two or more notices alleging copyright infringement, how many such notices Grande received, from 2010 to the present.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to every customer account for which Grande received two or more notices dating back to 2010.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in

this case.  Additionally, Defendant objects to the temporal limitation included in this Request

(from 2010 to the present) as it seeks the production of irrelevant documents that predate April

2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice

to Grande relating to any of the works in suit, and predates the three-year statute of limitations,

which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13,

2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it

seeks irrelevant information that predates the issues in dispute in this case.

      Subject to and consistent with these objections, Grande will produce documents and data

from its DMCA System from April 2017 to present, including records of complaints received,

the correlation of complaints with subscriber accounts, communications with subscribers about

complaints, and the termination of internet service to accused subscribers.

      **Request No. 17:**   Documents sufficient to show, for each customer account for which

Grande received two or more notices alleging copyright infringement, each effort or action that

Grande took to prevent further copyright infringement at that account, from 2010 to the present.

      **Response:**  In addition to its General Objections, Defendant objects to this Request as

overly broad and unduly burdensome, as it seeks information relating to all customer accounts

receiving two or more notices dating back to 2010.  Defendant further objects as the requested

information is not proportional to the needs of the case, and it seeks the production of irrelevant

information regarding copyright infringement allegations not at issue in this case.  Additionally,

Defendant objects to the temporal limitation included in this Request (from 2010 to the present)

as it seeks the production of irrelevant documents that predate April 2017, the earliest date when

Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of

the works in suit, and predates the three-year statute of limitations, which falls on August 13,

2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal

limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 18:**   Documents sufficient to identify each and every IP address for which Grande received a notice or communication alleging infringement of the copyright(s) of any Plaintiff at that IP address.

**Response:**   In addition to its General Objections, Defendant objects to this Request as vague and confusing.  Plaintiffs' agents sent copyright infringement complaints to Grande regarding the works in suit that identify the IP addresses of accused infringers.  Thus, Plaintiffs already possess the information they are asking for.  To the extent Plaintiffs have a different understanding of this request, Grande is willing to meet and confer regarding its proper scope.

**Request No. 19:**   Each document that mentions, refers to, or relates to Grande's policy regarding copyright infringements at user accounts, Grande's DMCA policy, safe harbor, Grande's liability related to copyright infringement at user accounts, and notices alleging copyright infringement at user accounts, including internal Grande communications.

**Response:**   In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to policies and internal communications without a temporal limitation.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  Defendant further objects to the Request as vague and ambiguous as to what "***at*** users accounts" means.

Defendant also objects to the extent this Request seeks the production of information protected by the attorney-client privilege and/or work product doctrine.  Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Defendant will produce non-privileged documents, including internal communications, from April 2017 to present that refer to or discuss the DMCA safe harbor or Grande's policy regarding copyright infringement by users of its network.

**Request No. 20:**  Each document that mentions, refers to, or constitutes any decision by Grande in 2010 on how it would enforce its policy on repeat copyright infringements at user accounts, including any decision that Grande would not enforce the policy or that Grande would not take any efforts or action to further copyright infringement, or that Grande would not terminate user accounts related to copyright infringement at that account.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to Grande's enforcement policy dating back to 2010.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  April 2017 is the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating

12

to any of the works in suit, and the three-year statute of limitations falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  Defendant further objects to the Request as vague and ambiguous as to what "*at* user accounts" means.  Defendant also objects to the extent this Request seeks the production of information protected by the attorney-client privilege and/or work product doctrine.

Based on these objections, Grande will not produce any documents in response to this Request.

**Request No. 21:**  Each document that mentions, refers to, or constitutes a statement by any Grande employee or representative stating that "we have some customers who are up to their 54th notice... [yet] there is no 'three strikes' law or anything that we follow like some ISPs."

**Response:**  In addition to its General Objections, Defendant objects to this Request as seeking irrelevant information.  This request calls for the production of an April 2013 email regarding Grande's DMCA safe harbor process, and related communications regarding that initial email.  This email exchange nearly 10 years ago has no bearing on any issue in this case.  April 2017 is the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and the three-year statute of limitations falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).

Based on these objections, Grande will not produce any documents in response to this Request.

**Request No. 22:**  Each document that mentions, refers to, or constitutes a statement by any Grande employee or representative regarding Grande's policy or practices on copyright infringement at user accounts "regardless of the source of any notice," "regardless of the content of any notice," and "regardless of the volume of notices... for a given customer."

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to communications not at issue in this case and is without any temporal limitation.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case. Additionally, Defendant objects to this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Defendant will produce non-privileged documents, including internal communications, from April 2017 to present that refer to or discuss the DMCA safe harbor or Grande's policy regarding copyright infringement by users of its network.

**Request No. 23:**  Each document that mentions, refers to, or constitutes a statement by any Grande employee or representative stating "Question — we have users who are racking up DMCA take down requests and no process for remedy in place. I don't know if I'm seeing a broken process or compliance with the letter of the law. Do you guys have insight or knowledge on this?"

**Response:**  In addition to its General Objections, Defendant objects to this Request as seeking irrelevant information.  This request calls for the production of an April 2013 email regarding Grande's DMCA safe harbor process, and related communications regarding that

initial email.  This email exchange nearly 10 years ago has no bearing on any issue in this case.

April 2017 is the earliest date when Plaintiffs contend their agents sent a copyright infringement

notice to Grande relating to any of the works in suit, and the three-year statute of limitations falls

on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).

Based on these objections, Grande will not produce any documents in response to this

Request.

**Request No. 24:**   Each document that mentions, refers to, or constitutes a

communication by any Grande employee or representative regarding Grande's policy for notices

alleging copyright infringement at user accounts.

**Response:**   In addition to its General Objections, Defendant objects to this Request as

overly broad and unduly burdensome, as it seeks information relating to communications by any

Grande employee or representative regarding its policy for notices and is without any temporal

limitation.  Defendant further objects as the requested information is not proportional to the

needs of the case, and it seeks the production of irrelevant information regarding

communications and copyright infringement allegations not at issue in this case.  Defendant

further objects to the Request as vague and ambiguous as to what "*at* user accounts" means.

Additionally, Defendant objects to this Request as it seeks the production of irrelevant

documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a

copyright infringement notice to Grande relating to any of the works in suit, and predates the

three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed

their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request

overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in

dispute in this case.  Defendant further objects to the extent this Request seeks the production of

information protected by the attorney-client privilege and/or work product doctrine.

Subject to and consistent with these objections, Defendant will produce non-privileged documents, including internal communications, from April 2017 to present that refer to or discuss the DMCA safe harbor or Grande's policy regarding copyright infringement by users of its network.

**Request No. 25:**   Each document that mentions, refers to, or constitutes a communication by any Grande employee or representative regarding a DMCA safe harbor.

**Response:**   In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to communications by any Grande employee or representative regarding its policy for notices and is without any temporal limitation.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding communications and copyright infringement allegations not at issue in this case.  Defendant further objects to the Request as vague and ambiguous as to what "*at* user accounts" means. Additionally, Defendant objects to this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.  Defendant further objects to the extent this Request seeks the production of information protected by the attorney-client privilege and/or work product doctrine.

Subject to and consistent with these objections, Defendant will produce non-privileged documents, including internal communications, from April 2017 to present that refer to or

discuss the DMCA safe harbor or Grande's policy regarding copyright infringement by users of its network.

**Request No. 26:**   Documents sufficient to show the total number of user accounts that Grande terminated between October 2010 and May 2017 related to copyright infringement.

**Response:**   In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all user accounts Grande terminated dating back to 2010.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  Additionally, Defendant objects to the temporal limitation included in this Request (from 2010 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 27:**   Documents sufficient to show the total number of notices alleging copyright infringement that Grande received between October 2010 and May 2017.

**Response:**   In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all notices Grande

received dating back to 2010.  Defendant further objects as the requested information is not

proportional to the needs of the case, and it seeks the production of irrelevant information

regarding copyright infringement allegations not at issue in this case.  Additionally, Defendant

objects to the temporal limitation included in this Request (from 2010 to the present) as it seeks

the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs

contend their agents sent a copyright infringement notice to Grande relating to any of the works

in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three

years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation

renders the Request overly broad and unduly burdensome as it seeks irrelevant information that

predates the issues in dispute in this case.

Subject to and consistent with these objections, Grande will produce documents and data

from its DMCA System from April 2017 to present, including records of complaints received,

the correlation of complaints with subscriber accounts, communications with subscribers about

complaints, and the termination of internet service to accused subscribers.

**Request No. 28**:  Each document that mentions, refers to, or constitutes an "Excessive

Violations Report."

**Response**:  Subject to its General Objections, Defendant will produce non-privileged

responsive documents from April 2017 to the present.

**Request No. 29**:  Each document that mentions, refers to, or constitutes any report,

analysis, commentary, or summary regarding copyright infringement at Grande user accounts.

**Response**:  In addition to its General Objections, Defendant objects to this Request as

overly broad and unduly burdensome, as it seeks information relating to all reports, analysis,

commentary, or summaries and is without any temporal limitation.  Defendant further objects as

the requested information is not proportional to the needs of the case, and it seeks the production

of irrelevant information regarding copyright infringement allegations not at issue in this case.

Defendant further objects to the Request as vague and ambiguous as to what "*at* Grande user

account" means.  Additionally, Defendant objects to this Request as it seeks the production of

irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their

agents sent a copyright infringement notice to Grande relating to any of the works in suit, and

predates the three-year statute of limitations, which falls on August 13, 2018 (three years before

Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the

Request overly broad and unduly burdensome as it seeks irrelevant information that predates the

issues in dispute in this case.  Defendant also objects to the extent the Request calls for the

production of information protected by the attorney-client privilege and/or work product doctrine.

Subject to and consistent with these objections, Grande will produce documents and data

from its DMCA System from April 2017 to present, including records of complaints received,

the correlation of complaints with subscriber accounts, communications with subscribers about

complaints, and the termination of internet service to accused subscribers.

**Request No. 30**:  Each document that mentions, refers to, or constitutes any doubt,

inquiry, or investigation of any kind regarding the truth or accuracy of notices alleging copyright

infringement at Grande user accounts.

**Response**:  In addition to its General Objections, Defendant objects to this Request as

overly broad and unduly burdensome, as it seeks information relating to all reports, analysis,

commentary, or summaries and is without any temporal limitation.  Defendant further objects as

the requested information is not proportional to the needs of the case, and it seeks the production

of irrelevant information regarding copyright infringement allegations not at issue in this case.

Defendant further objects to the Request as vague and ambiguous as to what "*at* Grande user

account" means.  Additionally, Defendant objects to this Request as it seeks the production of

irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.  Defendant also objects to the extent the Request calls for the production of information protected by the attorney-client privilege and/or work product doctrine.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents regarding copyright infringement complaints sent to Grande by Plaintiffs agents' concerning the works in suit.

**Request No. 31:**   Each document that mentions or refers to a torrent site, including any communication by a Grande employee or representative.

**Response**:  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all documents and communications by a Grande employee or representative and is without any temporal limitation, that mentions or refers to a "torrent site."  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information not at issue in this case.  Defendant further objects to this Request as vague and ambiguous because the term "torrent site" is undefined.  Additionally, Defendant objects to this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a

temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents (excluding copyright infringement complaints received by Grande), if any exist and to the extent Defendant understands the Request, from April 2017 to the present. Additionally, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 32:**  Each document that mentions or refers to torrent clients, including but not limited to BitTorrent, including any communication by a Grande employee or representative.

**Response**:  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all documents and communications by a Grande employee or representative and is without any temporal limitation, that mentions or refers to a "torrent clients."  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information not at issue in this case.  Defendant further objects to this Request as vague and ambiguous because the term "torrent clients" is undefined.  Additionally, Defendant objects to this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents (excluding copyright infringement complaints received by Grande), if any exist and to the extent Defendant understands the Request, from April 2017 to the present. Additionally, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 33:**   Each document that mentions or refers to torrent files, including any communication by a Grande employee or representative.

**Response**:  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all documents and communications by a Grande employee or representative and is without any temporal limitation, that mentions or refers to a "torrent files."  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information not at issue in this case.  Defendant further objects to this Request as vague and ambiguous because the term "torrent files" is undefined.  Additionally, Defendant objects to this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents (excluding copyright infringement complaints received by Grande), if any

exist and to the extent Defendant understands the Request, from April 2017 to the present. Additionally, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 34:**   Documents sufficient to show whether Grande has the ability to monitor users' internet use, including but not limited to the ability to obtain PCAP files associated with certain customer accounts.

**Response**:  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to Grande's ability to monitor users' internet use without any temporal limitation.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information not at issue in this case.  Defendant further objects to this Request as vague and ambiguous because it is unclear what Plaintiff means by "the ability to obtain PCAP files associated with certain customer accounts."  Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents, if any exist and to the extent Defendant understands the Request, from April 2017 to the present.

**Request No. 35:**   Documents sufficient to show whether Grande has the ability to suspend users' internet use in any way.

**Response**:  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks all information relating to Grande's ability to suspend users' internet use in any way and is without any temporal limitation. Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information not at issue in this case.  Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents, if any exist and to the extent Defendant understands the Request, from April 2017 to the present.

**Request No. 36:**   Documents sufficient to show whether Grande has the ability to terminate users' internet use in any way.

**Response**:  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to Grande's ability to

terminate users' internet use in any way and is without any temporal limitation. Defendant

further objects as the requested information is not proportional to the needs of the case, and it

seeks the production of irrelevant information not at issue in this case.  Additionally, Defendant

objects to the lack of a temporal limitation included in this Request as it seeks the production of

irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their

agents sent a copyright infringement notice to Grande relating to any of the works in suit, and

predates the three-year statute of limitations, which falls on August 13, 2018 (three years before

Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the

Request overly broad and unduly burdensome as it seeks irrelevant information that predates the

issues in dispute in this case.

Subject to and consistent with these objections, Defendant will produce non-privileged

responsive documents, if any exist and to the extent Defendant understands the Request, from

April 2017 to the present.

**Request No. 37:**   Each document that mentions or relates to how suspension or

termination of user accounts related to copyright infringement, or any other actions or efforts

Grande may take to prevent copyright infringement, may deter potential customers from

subscribing to or purchasing Grande's services.

**Response**:  In addition to its General Objections, Defendant objects to this Request as

overly broad and unduly burdensome, as it seeks all information relating to how Grande deters

potential customers from subscribing to or purchasing its services and is without any temporal

limitation. Defendant further objects as the requested information is not proportional to the needs

of the case, and it seeks the production of irrelevant information not at issue in this case.

Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it

seeks the production of irrelevant documents that predate April 2017, the earliest date when

Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents, if any exist and to the extent Defendant understands the Request, from April 2017 to the present.

**Request No. 38:**   Each document that mentions or relates to how suspension or termination of user accounts related to copyright infringement, or any other actions or efforts Grande may take to prevent copyright infringement, may lead to the loss of current Grande customers.

**Response**:  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks all information relating to how Grande efforts may lead to the loss of current customers and is without any temporal limitation. Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information not at issue in this case.  Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents, if any exist and to the extent Defendant understands the Request, from April 2017 to the present.

**Request No. 39:**   Each document that mentions or relates to how Grande's policy or practices on copyright infringement at user accounts may relate to Grande's ability to attract potential customers or retain current customers.

**Response:**   In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all policies and practices and is without any temporal limitation. Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information not at issue in this case.  Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents, if any exist and to the extent Defendant understands the Request, from April 2017 to the present.

**Request No. 40:**   Documents sufficient to show each fee that Grande has charged for its internet services, the services that Grande provided for each fee, and the time period during which Grande charged each fee, from 2016 to the present.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all fees that Grande charged dating back to 2016.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  Additionally, Defendant objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, and in the interest of compromise, Grande will produce non-privileged documents sufficient to show its internet service offerings and the price of those offerings from 2016 to present.

**Request No. 41:**  For each IP address for which Grande received a notice alleging infringement of the copyright(s) of any Plaintiff at that IP address, documents sufficient to show the total revenues that Grande received related to each customer that Grande assigned the IP address.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all notices, without any temporal limitation, including notices for copyrights not at issue in this case.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in

this case. Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Based on the above objections, Defendant will not be producing any documents in response to this Request. Defendant is willing to meet and confer to discuss the proper scope of this Request.

**Request No. 42:** Documents sufficient to show Grande's gross revenue related to its provision of internet services to customers, for each year, from 2016 to the present.

**Response:** In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to Grande's gross revenue, dating back to 2016. Additionally, Defendant objects to the temporal limitation (2016 to the present) included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, and in the interest of compromise, Grande will produce non-privileged responsive documents reflecting its annual gross revenues from internet subscriptions from 2016 to present.

**Request No. 43:**   Documents sufficient to show Grande's internet subscriber Churn Rate, for each year, from 2016 to the present.

**Response:**   In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to Grande's subscriber "Churn Rate," dating back to 2016.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding subscriber accounts not at issue in this case.

Additionally, Defendant objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, and in the interest of compromise, Grande will produce non-privileged responsive documents reflecting the number of its internet subscribers, annually, from 2016 to present.

**Request No. 44:**   For each IP address for which Grande received a notice alleging infringement of the copyright(s) of any Plaintiff at that IP address, documents sufficient to show the total number of months that each customer that Grande assigned the IP address held an account with Grande.

**Response:**   In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome as it seeks information relating to copyrights not at issue in this case, without any temporal limitation.  Defendant further objects as the requested

information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Based on the above objections, Defendant will not be producing any documents in response to this Request.  Defendant is willing to meet and confer to discuss the proper scope of this Request.

**Request No. 45:**  Documents sufficient to show the customer lifetime value of a Grande customer, meaning the average revenue that Grande generates from a customer during the customer's entire relationship with Grande, for each year, from 2016 to the present.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating each Grande customer dating back to 2016.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  Additionally, Defendant objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before

Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case. Defendant also objects to this Request as vague and confusing, as the undefined term "customer lifetime value" is subject to multiple interpretations and, to the extent the concept is understood, could be calculated in many different ways.

Based on the above objections, Defendant will not be producing any documents in response to this Request. Defendant is willing to meet and confer to discuss the proper scope of this Request. For purposes of that discussion, Defendant notes that it does not track the lifetime value of subscribers and has not done so at any time arguably relevant to this case.

**Request No. 46:** Documents sufficient to show Grande's costs and expenses in providing internet services to customers, including the marginal cost of providing internet services to each additional customer, for each year, from 2016 to the present.

**Response:** In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all costs and expenses in providing internet service to customers unrelated to this case, dating back to 2016. Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding customers who are not at issue in this case. Additionally, Defendant objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, and in the interest of compromise, Defendant will produce non-privileged responsive documents, if any exist and to the extent Defendant understands the Request, from 2016 to the present.

**Request No 47:**   For each IP address for which Grande received a notice alleging infringement of the copyright(s) of any Plaintiff at that IP address, each document alleging copyright infringement related to that IP address, including any such document sent from a third party to this action and any such document alleging infringement of the copyright(s) of copyright holders other than a Plaintiff in this action, from 2016 to the present.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all notices and documents alleging infringement dating back to 2016, including copyrights not at issue in this case.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding copyright infringement allegations not at issue in this case.  Additionally, Defendant objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Subject to and consistent with these objections, Grande will produce documents and data from its DMCA System from April 2017 to present, including records of complaints received,

the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

**Request No. 48:**   Documents sufficient to show Grande's ability to remotely or otherwise monitor any equipment that it provides to customers, including but not limited to routers and cable boxes.

**Response:**   In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to Grande's ability to "monitor equipment," including "equipment" for customers not at issue in this case. Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.  Defendant also objects to this request as vague and confusing, in that Defendant does not understand what is meant by "monitor . . . equipment . . . including . . . routers and cable boxes."

Based on the above objections, Defendant will not be producing any documents in response to this Request.  Defendant is willing to meet and confer to discuss the proper scope of this Request.

**Request No. 49:**   Document sufficient to show Grande's management structure, including but not limited to any of Grande's controlling entities, the nature of Grande's relationship with RCN Telecom Services, LLC, and the nature of Grande's relationship with Astound or Astound Broadband.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks the production of irrelevant information and is not proportional to the needs of the case.  Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.  Defendant also objects to this Request as vague and confusing as to the meaning of "management structure."

Based on the above objections, Defendant will not be producing any documents in response to this Request.  Defendant is willing to meet and confer to discuss the proper scope of this Request.

**Request No. 50:**  Each document that relates to, mentions, or constitutes Grande's negotiations or agreements with any film studio or distributor that allows Grande's customers to watch films on-demand, including information about the profits that Grande receives from any such agreement or Grande's profits from customer's purchases to watch films on-demand.

**Response:**  In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome as it seeks information relating to all negotiations and agreements with any film studio or distributor, including parties unrelated to this case. Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding parties not at issue in this case.  Defendant further objects to the extent this Request seeks the production of information

protected by the attorney-client privilege and/or work product doctrine. Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.

Based on the above objections, Defendant will not be producing any documents in response to this Request. Defendant is willing to meet and confer to discuss the scope of this Request.

**Request No. 51:** Documents sufficient to show Grande's policies and practices regarding subpoenas for customer identities in response to requests from law enforcement alleging criminal conduct or copyright infringement at customer accounts, including but not limited to Grande's policy or practice of suspending services to or terminating such customer accounts.

**Response:** In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome as it seeks information relating to all policies and practices regarding subpoenas for customer identities for parties unrelated to this case. Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding subscribers and parties unrelated to this case. Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of

the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case. Defendant further objects to the extent this Request seeks the production of information protected by the attorney-client privilege and/or work product doctrine.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents, if any exist and to the extent Defendant understands the Request, from April 2017 to the present.

**Request No. 52:** Documents sufficient to show Grande's policies and practices on notifying a customer about a subpoena for the customer's identification related to a copyright infringement action, including but not limited to Grande's policies and practices of sending such notifications by electronic email, certified mail, or first-class mail.

**Response:** In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome as it seeks information relating to all policies and practices regarding subpoenas for customer identities for parties unrelated to this case. Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information regarding subscribers and parties unrelated to this case. Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant

information that predates the issues in dispute in this case.  Defendant further objects to the extent this Request seeks the production of information protected by the attorney-client privilege and/or work product doctrine.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents, if any exist and to the extent Defendant understands the Request, from April 2017 to the present.

**Request No. 53:**   Documents sufficient to show Grande's policies and practices on suspending service to or terminating customer accounts for nonpayment, including but not limited to how soon after nonpayment Grande suspends service to or terminates a customer account.

**Response:** In addition to its General Objections, Defendant objects to this Request as overly broad and unduly burdensome, as it seeks information relating to all policies and practices on suspending service to or terminating customer accounts for nonpayment that are unrelated to subscribers at issue in this case.  Defendant further objects as the requested information is not proportional to the needs of the case, and it seeks the production of irrelevant information. Additionally, Defendant objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predate April 2017, the earliest date when Plaintiffs contend their agents sent a copyright infringement notice to Grande relating to any of the works in suit, and predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  The lack of a temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the issues in dispute in this case.  Defendant further objects to the extent this Request seeks the production of information protected by the attorney-client privilege and/or work product doctrine.

Subject to and consistent with these objections, Defendant will produce non-privileged responsive documents, if any exist and to the extent Defendant understands the Request, from April 2017 to the present.

Dated:  December 12, 2022

By: */s/ Zachary C. Howenstine*
Richard L. Brophy*
Zachary C. Howenstine*
Margaret R. Szewczyk*
Angela B. Kennedy*
Sydney K. Johnson*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621–5070
rbrophy@atllp.com
zhowenstine@atllp.com
mszewczyk@atllp.com
akennedy@atllp.com
skjohnson@atllp.com
*Admitted Pro Hac Vice*

Jacqueline P. Altman
John P. Palmer
NAMAN HOWELL SMITH & LEE
400 Austin Avenue, Suite 800
Waco, TX 76701
254-755-4344
Fax: 254-754-6331
jaltman@namanhowell.com
palmer@namanhowell.com

*Attorneys for Defendant Grande Telecommunications Networks LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 12, 2022, I caused a copy of the foregoing to be served upon all counsel of record via email.

By:     */s/ Zachary C. Howenstine*