**Exhibit "11"**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AFTER II MOVIE, LLC, ET AL., | |
| Plaintiffs, | **Case No.:** 1:21-cv-709-RP (Copyright) |
| v. | |
| GRANDE COMMUNICATIONS NETWORKS, LLC, | |
| Defendant. | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT (NOS. 1-15)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs After II Movie, LLC et. al. propound the following interrogatories to Defendant Grande Communications Networks, LLC. Grande's responses shall be served within the time specified in Rule 33(b)(2) and shall be submitted under oath as required by Rule 33(b)(3). These interrogatories are of a continuing nature, and you are required to supplement or amend your answers or responses in accordance with the Federal Rules of Civil Procedure. In addition, if any interrogatory requests the identification of a document that has not yet been produced, such interrogatory should also be considered a request for production of such document under Rule 34.

## DEFINITIONS

1.      The terms "You," "Your," "Defendant," or "Grande" mean Grande Communications Networks, LLC and/or any persons or entities acting on its behalf or in concert with it, its employees, consultants, agents, officers, representatives, attorneys or other persons authorized to act for Grande Communications Networks, LLC.

1

2.      The term "Notice" refers to a notice, including but not limited to a notice under the DMCA, that one or more of your Customers or Users allegedly infringed a copyright.

3.      The term "DMCA" refers to the Digital Millennium Copyright Act.

4.      The term "Customer" refers to any account holder or subscriber of your internet services.

5.      The term "User" refers to any person that uses your internet services.

6.      The term "Notice" refers to a notice, including but not limited to a notice under the DMCA, that one or more of your Customers or Users infringed or allegedly infringed a copyright.

7.      The terms "Plaintiffs' Work" or "Plaintiffs' Works" mean any one or more of the copyrighted works listed in Exhibit A to Plaintiffs' Second Amended Complaint (Dkt. 45), including any future addition or revisions to Exhibit A in subsequent filings, pleadings or discovery responses.

8.      The term "Repeat Infringer Policy" refers to a policy as described in 17 U.S.C. § 512(i).

9.      The term "Acceptable Use Policy" refers to any policy concerning the obligations, rules, and limitations of Customers' or Users' use of internet services offered by Grande.

10.      The term "IP address" means internet protocol address.

11.      The terms "copyright management information" or "CMI" mean "copyright management information" as defined in 17 U.S. Code § 1202(c).

12.      The term "database" refers to the database from which the excel files were exported in Grande's production of Feb. 6, 2023.

13.     Undefined terms have their plan and ordinary meaning in the context of the relevant interrogatory.

## INTERROGATORIES

**Interrogatory No. 1:**

If You intend to introduce or rely upon any affirmative defenses at any hearing, trial, or deposition in this case, set forth a full, detailed, and specific statement of the complete basis for each affirmative defense, including each fact, opinion, and inference supporting the contention, each document (by Bates number) supporting Your affirmative defense, and each person with firsthand knowledge or possession of such fact, opinion, or document.

**Interrogatory No. 2:**

Describe in detail each DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, and any policies or procedures concerning Grande's receipt, review, forwarding to Customers or Users, response to, and resolution of, copyright infringement allegations that Grande has adopted since January 1, 2014 including but not limited to the number of notices received for a subscriber for which Grande will terminate the subscriber's service.

**Interrogatory No. 3:**

Provide a full description of the creation and issuance of each policy identified in Interrogatory No. 2.  A full description should include, without limitation, Grande's reasons for creating the policy, the drafting of the terms, how Grande circulated or published the policy, consideration of the legal sufficiency of the policy, the timing of the creation and/or

3

implementation of the policy, any connection between the policy and a copyright infringement lawsuit against Grande or any internet service provider, and any differences in how Grande has handled complaints or allegations or infringement under the policy as compared with how such complaints or allegations were handled prior to the adoption of the policy.

**Interrogatory No. 4:**

Provide a full description of Your implementation of each policy identified in Interrogatory No. 2. A full description should include, without limitation, Your rules, guidelines, manual, or advice regarding the implementation of each policy; a description in detail of Your actual practices under each policy; and any method, system, or communications regarding Your efforts to inquire into or to ensure compliance with each policy.

**Interrogatory No. 5:**

State the total number of Notices and other report or notice alleging copyright infringement involving Your internet services or involving a Customer or User that You received, per month, since January 1, 2014.

**Interrogatory No. 6:**

Describe in detail each effort or action You have taken to determine whether and to what extent any of Your Customers or Users engaged in copyright infringement, including any investigation of an alleged infringement or any monitoring for infringements from 1/1/2014 to the present.

**Interrogatory No. 7:**

From 1/1/2014 to the present, state the total number of Customer or User accounts that You have terminated as a result of allegations of copyright infringement involving Grande's internet services, organized by month and by the policy for which the Customers or Users were terminated. Organize Customer or User accounts terminated for violating more than one provision by the grouping of provisions violated (i.e., X number of Customer or User accounts terminated for violation of provisions A and B, X number for provisions B and C, etc.).

**Interrogatory No. 8:**

State Your average revenue, profit, and cost per month for each Customer or User for each level of internet service that You offer, since January 1, 2014.

**Interrogatory No. 9:**

State the average length of time You retain a Customer or User, or the average customer lifetime, for Your internet services, as of each month, quarter, or year (whichever is the smallest time period for which You have information), since January 1, 2014.

**Interrogatory No. 10:**

Identify all persons who You believe have knowledge of relevant facts and identify the issues upon which You believe they have knowledge.

**Interrogatory No. 11:**

If You dispute Plaintiffs' contention that Your "subscribers use[d] software such as BitTorrent to infringe Plaintiffs' exclusive rights of reproduction and distribution," Dkt. 45 ¶44, set forth a complete statement of Your basis for disputing this contention, including each fact, opinion, and inference supporting any defense to this contention, each document (by Bates number) supporting each defense, and each person with firsthand knowledge or possession of such fact, opinion, or document.

**Interrogatory No. 12:**

If You dispute Plaintiffs' contention that You "had knowledge that [Your] subscribers were infringing Plaintiffs' Works," Dkt. 45 at 16, set forth a complete statement of Your basis for disputing this contention, including each fact, opinion, and inference supporting any defense to this contention, each document (by Bates number) supporting each defense, and each person with firsthand knowledge or possession of such fact, opinion, or document.

**Interrogatory No. 13:**

If You dispute Plaintiffs' contention that, despite receiving Notices "concerning infringements of copyright protected Works including Plaintiffs' at IP addresses assigned to [You]," You "failed to terminate the subscribers of the accounts associated with these IP address or take any meaningful action in response to these Notices," Dkt. 45 ¶¶108, 116, set forth a complete statement of Your basis for disputing this contention, including each fact, opinion, and inference supporting any defense, each document (by Bates number) supporting each defense, and each person with firsthand knowledge or possession of such fact, opinion, or document.

6

**Interrogatory No. 14:**

Describe in detail the policies, procedures and protocol for updating the "customer_status" value in the database.


**Interrogatory No. 15:**

Describe in detail the policies, procedures and protocol for determining the "weighted infringement" in the database.


DATED: Kailua-Kona, Hawaii, April 12, 2023.
/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181
E-Mail: kculpepper@culpepperip.com
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2023, I caused a copy of the foregoing to be served upon the following via email.

Zachary C. Howenstine ZHowenstine@atllp.com

Richard L. Brophy RBrophy@atllp.com

Angela B. Kennedy akennedy@atllp.com

Hannah Hope HHope@Atllp.com

Jacqueline Altman jaltman@namanhowell.com

Kyle G. Gottuso KGottuso@atllp.com


By: /s/ Kerry S. Culpepper