# Exhibit "12"

CULPEPPER IP, LLLC
Kerry S. Culpepper, HI Bar No. 9837
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawai'i 96740
Telephone:      (808) 464-4047
Facsimile:      (202) 204-5181
E-Mail:         kculpepper@culpepperip.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AFTER II MOVIE, LLC; et al., | § | **Case No.:** 1:21-cv-709-RP |
| | § | (Copyright) |
| Plaintiffs, | § | |
| vs. | § | |
| | § | |
| GRANDE COMMUNICATIONS | § | |
| NETWORKS, LLC | § | |
| | § | |
| Defendant. | § | |
| | § | |

## FIRST AMENDED PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GRANDE COMMUNICATIONS NETWORKS, LLC (No. 54-85)

Please take notice that pursuant to Rule 34, Federal Rules of Civil Procedure ("FRCP"),

AFTER II MOVIE, LLC, BODYGUARD PRODUCTIONS, INC., HITMAN 2

PRODUCTIONS, INC., LHF PRODUCTIONS, INC., MILLENNIUM FUNDING, INC.,

MILLENNIUM IP, INC., MON, LLC, NIKOLA PRODUCTIONS, INC., OUTPOST

PRODUCTIONS, INC., RAMBO V PRODUCTIONS, INC., VENICE PI, LLC, VOLTAGE

HOLDINGS, LLC, WONDER ONE, LLC, DALLAS BUYERS CLUB, LLC; HANNIBAL

MEDIA, INC.; BADHOUSE STUDIOS, LLC; THE GUARD PRODUCTIONS, LTD; JOLT

PRODUCTIONS, INC.; TIL PRODUCTIONS, INC.; and SCREEN MEDIA VENTURES, LLC

("Plaintiffs") hereby request discovery from Defendant Grande Communications Networks, LLC

("Defendant") as follows.

Pursuant to Rule 34 of the FRCP, Plaintiffs request that Defendant file a written response and produce for inspection and copying all of the Documents requested below, which are in its possession, custody, or control, within thirty (30) days after service of this request. Said production shall be sent via email to kculpepper@culpepperip.com, eliezer.lekht@sriplaw.com and joel.rothman@sriplaw.com or to 75-170 Hualalai Road, Suite B204, Kailua-Kona, Hawai'i 96740, or to some other convenient location mutually agreed upon by the parties if production via email is not feasible. Failure to produce the documents or items requested may also be grounds for a motion to compel production of documents, and/or sanctions, pursuant to the provisions of FRCP Rule 37.

The attached Instructions and Definitions apply to the document request. These requests are continuing to the full extent provided by FRCP Rules 26 and 34.

## <u>DEFINITIONS</u>

1. "Grande" or "Defendant" means Defendant Grande Communications Networks, LLC and/or any persons or entities acting on its behalf or in concert with it, its employees, consultants, agents, officers, representatives, attorneys or other persons authorized to act for Grande Communications Networks, LLC.

2. "Subscriber" or "customer" means one or more individual(s) or entities Defendant assigned an IP address for Internet service, including the individual(s) or entities responsible for paying for the Internet service.

3. "Communication" means a document that has been delivered by, sent by, addressed to, copied to, or transmitted by one person or entity to another person or entity. A correspondence may be in written form, electronic form, or in email form. A correspondence sent by email

incudes all attachments.  It includes memoranda distributed to anyone in an office, including but not limited to intra-office memoranda and inter-office memoranda.

4.      "Churn Rate" means the annual percentage rate at which customers stop subscribing to Grande's internet services.

5.      "Marginal cost" means the cost to Grande of providing internet services to one additional customer.

6.      "Internet Protocol ("IP") Address" means a unique string of numbers and or letters that identifies a specific interface on a network and is assigned to a subscriber by an Internet Service Provider ("ISP").

7.      "And" and "or" and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the request all responsive documents.

8.      "Any" shall include "all" and "all" shall include "any".

9.      As used herein, the term "document" or "documents" shall mean and include the following:

   a.   "Documents" and "electronically stored information" as these terms are used in FRCP Rule 34.  Such material includes "writings, drawings, emails, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form;"

   b.   Correspondence;

   c.   Tangible things containing information

   d.   Notes, memoranda, and journals;

   e.   Drawings, blueprints, and plans;

      f.   Electronic/digital/computer files and records;

      g.  Contracts and agreements;

      h.  Legal instruments or official documents;

      i.   Financial statements, worksheets, reports, projections, schedules, ledgers, books, records, and journals;

      j.   Vouchers, expense accounts, receipts, invoices, bills, orders, billings, cost breakdowns, and checks;

      k.  Investigation or incident reports;

      l.   Files, and records;

      m.  Proposals, feasibility studies, engineering studies, renderings, plans, drawings;

      n.  Reports;

      o.  Testifying expert reports, opinions and back up documents; and

      p.  Drafts or draft copies of any of the above.

11.    Documents include email and attachments.  You may produce email and attachments in printed form, but you should preserve the electronically stored file, and produce said files if requested.  When producing electronically stored information, please produce the files on a DVD or other storage device and identify the software required to open the files.

12.    Documents include electronically stored information, such as, for example, spreadsheets stored as Excel or QuickBooks files on a computer.  You may produce such documents in printed form, but you should preserve the electronically stored file, and produce said files if requested.

13.    The instant discovery request does not include documents protected by the attorney-client privilege.

14.     If you object to responding to any discovery request, in whole or in part, state your

objection and the factual or legal reasons supporting it.  If you object on grounds of privilege,

please state the nature of the matter to allow assessment of the sufficiency of the privilege.  For

each discovery request or part thereof to which you object on the ground of burdensomeness,

please indicate the custodian and location of each file or document requested, and the time

estimated to obtain the information.

15.     Undefined terms have their plain and ordinary meaning in the context of the relevant

request.

16.     "Created by an employee of Grande" includes documents made by Grande or emails that

respond to another email or forward another email.

## REQUESTS FOR INSPECTION AND PRODUCTION

**Request for Production No. 54:**

Documents sufficient to show Grande's acceptable use policy from 1/1/2014 to present.

**Request for Production No. 55:**

Documents sufficient to show Grande's policy for investigating and/or handling

infringement notices with deficient PGP signatures from 1/1/2014 to present.

**Request for Production No. 56:**

Documents sufficient to show Grande's data retention policy from 1/1/2014 to present.

**Request for Production No. 57:**

Documents sufficient to show Grande's yearly gross revenue from 1/1/2014 to present.

**Request for Production No. 58:**

Documents sufficient to show Grande's yearly net income from 1/1/2014 to present.

**Request for Production No. 59:**

Documents sufficient to show Grande's median or average profit margin from its customers/subscribers from 1/1/2014 to present.

**Request for Production No. 60:**

Marketing studies, presentations, or reports that discuss the value of each subscriber and/or type of subscriber to Grande from 1/1/2014 to present.

**Request for Production No. 61:**

Documents concerning the valuation of Grande from 1/1/2014 to present.

**Request for Production No. 62:**

Documents concerning the revenues and costs (in aggregate and per subscriber) associated with each type of service offered by Grande from 1/1/2014 to present.

**Request for Production No. 63:**

Documents concerning any forecasts/estimates of Grande performance and value from 1/1/2014 to present.

**Request for Production No. 64:**

Documents concerning or copies of any marketing or industry studies concerning the pricing to and profitability of internet subscribers to Internet service providers from 1/1/2014 to present.

**Request for Production No. 65:**

Documents sufficient to identify each former employee of Grande having any knowledge of Grande's subscribers' infringements of Plaintiffs' Works, along with each such former employee's last known home addresses and telephone number.

**Request for Production No. 66:**

Documents sufficient to show the types of modems/routers Grande rents to its subscribers or the types of modems/routers that Grande recommends to its subscribers including model numbers and monthly rental fee from 1/1/2016 to the present.

**Request for Production No. 67:**

Documents sufficient to show Grande's policies and procedures for detecting network attacks from 1/1/2014 to the present including any and all domains/IP addresses that have been blocked.

**Request for Production No. 68:**

Documents describing Grande's policies and procedures for detecting network intrusions from 1/1/2014 to the present including but not limited to any and all domains/IP addresses that

have been blocked.

**Request for Production No. 69:**

Documents describing Grande's policies and procedures for monitoring for quality of Internet service (such as traffic queuing, traffic shaping and prioritization) from 1/1/2014 to the present.

**Request for Production No. 70:**

Documents describing Grande's policies and procedures for monitoring network performance and traffic anomalies from 1/1/2014 to the present.

**Request for Production No. 71:**

Documents describing Grande's policies and procedures for maintaining firewalls for filtering out denial of services, intrusion detection and prevention from 1/1/2014 to the present.

**Request for Production No. 72:**

Documents describing Grande's policies and procedures for blocking ports from 1/1/2014 to the present.

**Request for Production No. 73:**

Documents describing Grande's policies for filtering to network devices to defend the Grande network from 1/1/2014 to the present.

**Request for Production No. 74:**

Each document created by an employee of Grande that mentions or refers to the copyright infringement case of *Sony v. Cox* [1:19-cv-00874-RBJ-MEH, E.D.Va] 1:18-cv-950-LO-JFA from 1/1/2016 to the present.

**Request for Production No. 75:**

Each document created by an employee of Grande that mentions or refers to the copyright infringement case of *BMG v. Cox*, [1:14-cv-01611-LO-JFA, E.D.Va] from 1/1/2016 to the present.

**Request for Production No. 76:**

Any and all counternotices Grande received from customers in response to the notices of infringements sent by Plaintiffs' agents.

**Request for Production No. 77:**

Excluding notices of copyright infringement received from rightsholders, all documents created by an employee of Grande mentioning the websites "YTS" from 1/1/2016 to the present.

**Request for Production No 78:**

Excluding notices of copyright infringement received from rightsholders, all documents created by an employee of Grande mentioning the website "RARBG" from 1/1/2016 to the present.

**Request for Production No. 79:**

Excluding notices of copyright infringement received from rightsholders, all documents created by an employee of Grande mentioning the website "1337x" from 1/1/2016 to the present.

**Request for Production No. 80:**

Excluding notices of copyright infringement received from rightsholders, all documents created by an employee of Grande mentioning the website "Pirate bay" from 1/1/2016 to the present.

**Request for Production No. 81:**

All documents created by an employee of Grande mentioning the software application "Popcorn Time" from 1/1/2016 to the present.

**Request for Production No. 82:**

Documents concerning Grande's enforcement of licensing rights to stream live sporting events from 1/1/2016 to the present including but not limited to demands sent to third-parties suspected of streaming live sporting events without authorization.

**Request for Production No. 83:**

Documents concerning copyright infringement notices sent to Grande from CEG TEK from 1/1/2010 through 12/31/2016 concerning Plaintiffs' Works, the motion picture "Expendables 3" and/or on behalf of Millennium Films.

**Request for Production No. 84:**

Documents concerning copyright infringement notices sent to Grande from CEG TEK from 1/1/2010 through 12/31/2016 concerning the motion picture "Expendables 3".

**Request for Production No. 85:**

Documents concerning copyright infringement notices sent to Grande from CEG TEK from 1/1/2010 through 12/31/2016 on behalf of Millennium Films.

**Request for Production No. 86:**

Documents describing Grande's policies and procedures for blocking access to a website from 1/1/2016 to the present.

DATED: Kailua-Kona, Hawaii, April 13, 2023.

/s/ Kerry S. Culpepper
Kerry S. Culpepper
CULPEPPER IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua-Kona, Hawaii 96740
Telephone: (808) 464-4047
Facsimile: (202) 204-5181

E-Mail: kculpepper@culpepperip.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2023, I caused a copy of the foregoing to be served upon the following via email.

Zachary C. Howenstine ZHowenstine@atllp.com

Richard L. Brophy RBrophy@atllp.com

Angela B. Kennedy akennedy@atllp.com

Hannah Hope HHope@Atllp.com

Jacqueline Altman jaltman@namanhowell.com

Kyle G. Gottuso KGottuso@atllp.com


By: /s/ Kerry S. Culpepper

13