# Exhibit "15"

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| AFTER II MOVIE, LLC, ET AL., | |
| Plaintiffs, | No. 1:21-cv-00709-RP |
| v. | **CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER** |
| GRANDE COMMUNICATIONS NETWORKS, LLC, | |
| Defendant. | |

**DEFENDANT'S OBJECTIONS AND ANSWERS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant GRANDE COMMUNICATIONS NETWORKS, LLC ("Defendant" or "Grande"), by and through its attorneys, hereby responds to Plaintiffs' First Set of Interrogatories (the "Interrogatories") with the following answers and objections.

**GENERAL OBJECTIONS**

The following General Objections are incorporated by reference in each of Grande's Specific Objections and Answers set forth below:

1.      Grande objects to Plaintiffs' Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, duplicative, not proportional to the needs of the case, and/or seek irrelevant information or information that is not reasonably calculated to lead to the discovery of admissible evidence.

2.      Grande objects to Plaintiffs' Interrogatories to the extent they seek disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege or immunity. To the extent Plaintiffs'

Interrogatories seek information or documents subject to attorney-client privilege, work product privilege, the common interest privilege, and/or any other privilege against disclosure, such information and documents will not be provided, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or other protections that may attach thereto with respect to such information or documents.

3.      Grande objects to Plaintiffs' Interrogatories to the extent they seek information already in Plaintiffs' possession or that is available to Plaintiffs from public sources for which the burden of obtaining such information is the same or less for Plaintiffs as it is for Grande. Grande provides these responses with the understanding that Plaintiffs are in possession of or have access to such sources, including without limitation, Grande's website.

4.      Grande objects to Plaintiffs' Interrogatories to the extent they seek information of a third party that is in Grande's possession, custody, or control but subject to an obligation of confidentiality (or other obligation) to a third party. Grande will provide such information only to the extent it can do so consistent with its obligation(s) to any such third parties.

5.      Grande objects to Plaintiffs' Interrogatories to the extent they require Grande to make legal conclusions and/or render expert opinions.

6.      Grande objects to certain Interrogatories on the ground that they contain distinct sub-parts and constitute more than one Interrogatory.

7.      In responding to these Interrogatories, Grande does not concede the relevancy, admissibility, or materiality of any Interrogatory or of the subject to which any Interrogatory refers. Grande expressly reserves the right to object to further discovery into the subject matter of these Interrogatories.  Grande's responses to these Interrogatories are made expressly subject to and

without waiving any objections in any proceeding, including trial of this action, as to competency, relevancy, materiality, or privilege of any of the Interrogatories referred to or the responses given.

8.      Grande has not yet completed its investigation of the facts relating to this case. Indeed, Plaintiffs seek information that depends on (among other things) party discovery, expert discovery, third-party discovery, and legal analysis and conclusions. Any and all responses to the following Interrogatories are therefore based solely on information presently known to Grande, and in its possession, custody, or control that has been located based on a reasonable search, and Grande reserves its right to conduct further discovery and investigation and to use at trial or any other proceeding evidence of any subsequently discovered facts, documents, or information.

9.      The fact that Grande has responded to part or all of an Interrogatory is not intended to and shall not be construed as a waiver by Grande of any objection to such request.

10.      Grande hereby incorporates by reference each and every general objection set forth herein into each and every specific response set forth below, whether or not separately set forth therein. A specific response may repeat a general objection for emphasis or for some other reason. Failure to include any general objection in any specific response is not a waiver of any general objection to that response.

11.      Grande objects to Plaintiffs' Interrogatories to the extent they seek documents and information prior to August 13, 2018, which represents the three-year statute of limitations for Plaintiffs' copyright information claims under 17 U.S.C. § 507(b) based on the August 13, 2021 filing date of Plaintiffs' Complaint.  Grande objects to Plaintiffs' Interrogatories to the extent they seek documents and information prior to August 13, 2018.

12.     Grande objects to Plaintiffs' definition of the terms "Plaintiffs' Work" or "Plaintiffs' Works" as overly broad, unduly burdensome, vague, and ambiguous as it incorporates copyrighted works that Plaintiffs claim they may attempt to add to this case in the future.

### GRANDE'S OBJECTIONS AND RESPONSES TO INTERROGATORIES

Interrogatory No. 1: If You intend to introduce or rely upon any affirmative defenses at any hearing, trial, or deposition in this case, set forth a full, detailed, and specific statement of the complete basis for each affirmative defense, including each fact, opinion, and inference supporting the contention, each document (by Bates number) supporting Your affirmative defense, and each person with firsthand knowledge or possession of such fact, opinion, or document.

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks all information and documents to support every defense Grande intends to present at trial.  Grande further objects to this Interrogatory as a premature contention Interrogatory at this stage of the case.  Grande also objects to the extent this Interrogatory constitutes at least seven separate interrogatories for purposes of Rule 33(a)(1) as it seeks detailed information relating to each of Grande's Affirmative Defenses.  Grande also objects to the extent this Interrogatory seeks the disclosure of privileged attorney-client communications and/or attorney work product.  Grande further objects to this Interrogatory due to its lack of temporal limitation.  Grande objects to the extent this Interrogatory seeks documents and information prior to August 13, 2018, which represents the three-year statute of limitations for

Plaintiffs' copyright information claims under 17 U.S.C. § 507(b) based on the August 13, 2021 filing date of Plaintiffs' Complaint.

Subject to its specific and general objections, Grande states that the Affirmative Defenses that it will present at trial in this case are identified in its Answer, and any amendment thereto. *See* Dkt. Nos. 96, 103-1.  As for its 1st and 2nd Affirmative Defenses in its proposed Amended Answer (Dkt. No. 103-1), discovery is ongoing and Grande will continue to take discovery from Plaintiffs and third-parties to support its defenses.  Grande reserves the right to amend its Answer to this Interrogatory as discovery continues.

Grande's 3rd Affirmative Defense asserts that Plaintiffs' claims for damages are barred, in whole or in part, by their failure to mitigate damages. If Plaintiffs' allegations regarding the direct infringement of their copyrighted works are true, then Plaintiffs failed to exercise reasonable diligence to stop or limit the direct infringement by Grande's subscribers.  By way of example only, Plaintiffs failed to take action against alleged direct infringers upon learning of the alleged direct infringements at issue in this case, most of which are alleged to have taken place years ago.  To Grande's knowledge, Plaintiffs did not take any legal, or other, action against any of Grande's subscribers, or in any way attempt to prevent the purported direct infringements from occurring.  Plaintiffs also failed to mitigate damages by failing to employ available technological measures to stop or limit the reproduction or distribution of copyrighted works over peer-to-peer networks, and Plaintiffs failed to take action against persons or entities who supply software used to carry out the alleged direct infringements at issue in this case.  Grande expects witnesses affiliated with Plaintiffs, and with Plaintiffs' copyright enforcement agents and representatives, to have knowledge on the foregoing subjects.

Grande's 4th Affirmative Defense asserts that the statute of limitations, including limitations under 17 U.S.C. § 507, prevents Plaintiffs from asserting claims for any copyright infringement or DMCA violations that occurred prior to August 13, 2018, more than three years before Plaintiffs filed their Complaint.  This is based on statutory authority and the fact that the Complaint was filed on August 13, 2021.  Grande expects witnesses affiliated with Plaintiffs, and with Plaintiffs' copyright enforcement agents and representatives, to have knowledge on the foregoing subjects.

Grande's 6th and 7th Affirmative Defenses are based on the fact that Grande had no reason to believe that Grande's actions constituted copyright infringement, and had no knowledge, nor the ability to gain such knowledge, of Grande's subscribers' conduct or purported copyright infringement.  For these reasons, statutory damages should be reduced pursuant to 17 U.S.C. § 504(c)(2) and 17 U.S.C. § 1203(c)(5)(A).  Grande-affiliated witnesses identified in this Answer have knowledge relevant to these affirmative defenses.

As for Grande's 5th Affirmative Defense based on 17 U.S.C. § 512, Grande identifies pursuant to Fed. R. Civ. P. 33(d) GRDAII0000001 – 17999, which includes Grande's public DMCA policy (GRDAII0000388-422), materials and data reflecting Grande carrying out its DMCA policy (including records from Grande's automated system at GRDAII0000702), and a list of subscriber accounts permanently terminated under the DMCA policy (GRDAII0000384-386).

██████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

Discovery in this case is ongoing and Grande may continue to produce and identify non-privileged documents pursuant to Rule 33(d) from which the answer to this Interrogatory may be determined, in which case Grande will supplement this answer accordingly.

Additionally, Grande states that the following persons are believed to have knowledge of facts relevant to Grande's DMCA safe harbor defense (each of whom may only be contacted through undersigned counsel):

- **<u>Philip Rhinelander</u>** – Mr. Rhinelander is likely to have knowledge regarding Grande's automated DMCA system for the period of time from January 2021 to the present.

- **<u>Jeremy Johnson</u>** – Mr. Johnson is likely to have knowledge regarding Grande's automated DMCA system for the period of time from January 2021 to the present.

- **<u>Ruth Ann Welsh</u>** – Ms. Welsh is likely to have knowledge regarding Grande's policies and practices for responding to allegations of copyright infringement against users of Grande's network from January 2021 to the present.

- **<u>Stephanie Christianson</u>** – Ms. Christianson is likely to have knowledge regarding Grande's policies and practices for responding to allegations of copyright infringement against users of Grande's network from 2018 to January 2021.

Grande reserves the right to amend its Answer to Interrogatory No. 1 as discovery continues. Grande also reserves the right to provide more detail regarding its safe harbor defense in the event any Plaintiff provides a viable factual and legal basis for pursuing a claim based on conduct that occurred more than three years before the filing of the Complaint.

<u>Interrogatory No. 2</u>: Describe in detail each DMCA Policy, Repeat Infringer Policy, Acceptable Use Policy, and any policies or procedures concerning Grande's receipt, review,

9

forwarding to Customers or Users, response to, and resolution of, copyright infringement

allegations that Grande has adopted since January 1, 2014 including but not limited to the

number of notices received for a subscriber for which Grande will terminate the subscriber's

service.

**<u>Response:</u>**

In addition to its General Objections, Grande objects to this Interrogatory as seeking

irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of

the case, to the extent it seeks all information relating to a broad range of topics, many of which

have no relevance to this case.  For instance, Grande's Acceptable Use Policy covers many

topics beyond just policies relating to copyright infringement. Grande objects to the temporal

limitation included in this Interrogatory (from 2014 to the present) as it seeks irrelevant

information that predates the three-year statute of limitations, which falls on August 13, 2018

(three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation

renders the Interrogatory overly broad and unduly burdensome as it calls for information that

predates the relevant time period in this case.  Grande also objects to the extent this Interrogatory

seeks the disclosure of privileged attorney-client communications and/or attorney work product.

Subject to these objections, Grande states that its policy for terminating accused repeat

copyright infringers pursuant to the DMCA, 17 U.S.C. § 512(i)(1)(A), is described in Grande's

answer to Interrogatory No. 1, which is incorporated here by reference, including the documents

identified in that answer pursuant to Fed. R. Civ. P. 33(d).

<u>Interrogatory No. 3</u>: Provide a full description of the creation and issuance of each policy

identified in Interrogatory No. 2. A full description should include, without limitation, Grande's

reasons for creating the policy, the drafting of the terms, how Grande circulated or published the

policy, consideration of the legal sufficiency of the policy, the timing of the creation and/or implementation of the policy, any connection between the policy and a copyright infringement lawsuit against Grande or any internet service provider, and any differences in how Grande has handled complaints or allegations or infringement under the policy as compared with how such complaints or allegations were handled prior to the adoption of the policy.

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks all information relating to a broad range of topics, many of which have no relevance to this case.  For instance, Grande's Acceptable Use Policy covers many topics beyond just policies relating to copyright infringement.  Grande objects to the temporal limitation included in this Interrogatory (from 2014 to the present) as it seeks irrelevant information that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Interrogatory overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Interrogatory as a premature contention Interrogatory at this stage of the case.  Grande also objects to the extent this Interrogatory seeks the disclosure of privileged attorney-client communications and/or attorney work product.  Grande's DMCA policy was created and implemented, and has subsequently been overseen, by and in direct consultation with inside and outside counsel.  This Interrogatory is directly seeking privileged information.  Furthermore, Grande's reasons for implementing a DMCA policy, and any alleged connection with other litigation, are not relevant to any issue in this case.

Subject to these objections, Grande states that its DMCA safe harbor policy, as described in its answer to Interrogatory No. 1 for the period of 2018 to 2020, existed in substantially the same form since at least as early as February 2017.  Grande's motivation for implementing the policy is and has been to qualify for the DMCA safe harbor set forth in 17 U.S.C. § 512(a). Information about considerations that informed the drafting of the policy and its terms, including any analysis of its legal sufficiency, is protected by attorney-client privilege and/or the work product doctrine.  Grande further incorporates by reference its answer to Interrogatory No. 1, including the documents identified in that answer pursuant to Fed. R. Civ. P. 33(d).

Interrogatory No. 4: Provide a full description of Your implementation of each policy identified in Interrogatory No. 2. A full description should include, without limitation, Your rules, guidelines, manual, or advice regarding the implementation of each policy; a description in detail of Your actual practices under each policy; and any method, system, or communications regarding Your efforts to inquire into or to ensure compliance with each policy.

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks all information relating to a broad range of topics, many of which have no relevance to this case.  For instance, Grande's Acceptable Use Policy covers many topics beyond just policies relating to copyright infringement. Grande objects to the temporal limitation included in this Interrogatory (from 2014 to the present) as it seeks irrelevant information that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Interrogatory overly broad and unduly burdensome as it calls for information that

predates the relevant time period in this case.  Grande further objects to this Interrogatory as a

premature contention Interrogatory at this stage of the case.  Grande also objects to the extent

this Interrogatory seeks the disclosure of privileged attorney-client communications and/or

attorney work product.  Grande's DMCA policy was created and implemented, and has

subsequently been overseen, by and in direct consultation with inside and outside counsel.  This

Interrogatory is directly seeking privileged information.  Furthermore, Grande's reasons for

implementing a DMCA policy, and any alleged connection with other litigation, are not relevant

to any issue in this case.

Subject to these objections, Grande states that its implementation of its DMCA safe

harbor policy is reflected in its answer to Interrogatory No. 1 and the documents identified in that

answer pursuant to Fed. R. Civ. P. 33(d), which are incorporated here by reference.

Interrogatory No. 5: State the total number of Notices and other report or notice alleging

copyright infringement involving Your internet services or involving a Customer or User that

You received, per month, since January 1, 2014.

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking

irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of

the case.  Grande objects to the temporal limitation included in this Interrogatory (from 2014 to

the present) as it seeks irrelevant information that predates the three-year statute of limitations,

which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13,

2021).  This temporal limitation renders the Interrogatory overly broad and unduly burdensome

as it calls for information that predates the relevant time period in this case.  Grande also objects

to this Interrogatory as vague and ambiguous with respect to the phrase "and other report or

13

notice." Grande further objects to this Interrogatory on the basis that it seeks irrelevant information relating to email notices unrelated to Plaintiffs and/or works in this case.

Subject to these objections, Grande incorporates by reference its answer to Interrogatory No. 1, including the documents identified in that answer pursuant to Fed. R. Civ. P. 33(d), which contain information from which one may determine the number of notices of alleged copyright infringement Grande has received.  Grande is continuing to investigate means for analyzing the number of such notices Grande has received over discrete time periods, and depending on the outcome of that investigation Grande will supplement this answer accordingly.

Interrogatory No. 6: Describe in detail each effort or action You have taken to determine whether and to what extent any of Your Customers or Users engaged in copyright infringement, including any investigation of an alleged infringement or any monitoring for infringements from 1/1/2014 to the present.

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case.  Grande has no affirmative duty to investigate allegations of copyright infringement. Grande objects to the temporal limitation included in this Interrogatory (from 2014 to the present) as it seeks irrelevant information that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Interrogatory overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande also objects to the extent this Interrogatory seeks the disclosure of privileged attorney-client communications and/or attorney work product.

14

Subject to these objections, Grande states that it is unable to determine whether or to what extent any of its customers or users have engaged in copyright infringement as alleged by Plaintiffs.  The email notices of alleged copyright infringement sent to Grande by or on behalf of Plaintiffs do not contain any verifiable evidence or other information from which Grande could determine whether the allegation is true.  Grande cannot analyze internet traffic to determine whether a particular file or set of files was uploaded or downloaded at a particular time.  Even if Grande had that theoretical capability (which it does not), Grande cannot store records of historical internet traffic so that it could perform that analysis with respect to acts of file sharing alleged to have occurred in the past.  Grande is not aware of any realistic process or technique that would enable Grande to determine whether the allegations in Plaintiffs' copyright infringement complaints are true.  Grande further incorporates by reference its answer to Interrogatory No. 1.

Interrogatory No. 7: From 1/1/2014 to the present, state the total number of Customer or User accounts that You have terminated as a result of allegations of copyright infringement involving Grande's internet services, organized by month and by the policy for which the Customers or Users were terminated. Organize Customer or User accounts terminated for violating more than one provision by the grouping of provisions violated (i.e., X number of Customer or User accounts terminated for violation of provisions A and B, X number for provisions B and C, etc.).

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case.  Grande objects to the temporal limitation included in this Interrogatory (from 2014 to

the present) as it seeks irrelevant information that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Interrogatory overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Subject to these objections, Grande states that it has produced a list of account terminations pursuant to its DMCA safe harbor policy at GRDAII0000384-386, which Grande identifies pursuant to Fed. R. Civ. P. 33(d).  Grande will supplement its answer to this Interrogatory as the case progresses.

Interrogatory No. 8: State Your average revenue, profit, and cost per month for each Customer or User for each level of internet service that You offer, since January 1, 2014.

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case.  Grande objects to the temporal limitation included in this Interrogatory (from 2014 to the present) as it seeks irrelevant information that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Interrogatory overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Subject to these objections, Grande states that it will produce and identify non-privileged documents pursuant to Rule 33(d) from which Grande's average revenue per internet subscriber may be determined, for the period of 2018 to present.

Interrogatory No. 9: State the average length of time You retain a Customer or User, or the average customer lifetime, for Your internet services, as of each month, quarter, or year (whichever is the smallest time period for which You have information), since January 1, 2014.

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case. Grande objects to the temporal limitation included in this Interrogatory (from 2014 to the present) as it seeks irrelevant information that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Interrogatory overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Subject to these objections, Grande states that it will produce and identify non-privileged documents pursuant to Rule 33(d) from which the average lifetime of a Grande internet subscriber may be determined, for the period of 2018 to present.

Interrogatory No. 10: Identify all persons who You believe have knowledge of relevant facts and identify the issues upon which You believe they have knowledge.

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks "all persons" relating to a broad set of information.

Grande states that the following persons affiliated with Grande (all of whom may only be contacted through undersigned counsel) are believed to have knowledge of relevant facts in this lawsuit:

- **Philip Rhinelander** – Mr. Rhinelander is likely to have knowledge regarding Grande's DMCA system for the period of time from January 2021 to the present.

- **Jeremy Johnson** – Mr. Johnson is likely to have knowledge regarding Grande's DMCA system for the period of time from January 2021 to the present.

- **Ruth Ann Welsh** – Ms. Welsh is likely to have knowledge regarding Grande's policies and practices for responding to allegations of copyright infringement against users of Grande's network from January 2021 to present.

- **Stephanie Christianson** – Ms. Christianson is likely to have knowledge regarding Grande's policies and practices for responding to allegations of copyright infringement against users of Grande's network from 2018 to January 2021.

- **Lamar Horton** – Mr. Horton is likely to have knowledge relating to Grande's policies and practices for responding to allegations of copyright infringement against users of Grande's network, and regarding Grande's ability to monitor internet traffic and usage on its network.

- **John Feehan** – Mr. Feehan is likely to have knowledge regarding Grande's financials.

- **Jeff Shockley** – Mr. Shockley is likely to have knowledge relating to technical support provided to subscribers who inquire about copyright infringement complaints.

Interrogatory No. 11: If You dispute Plaintiffs' contention that Your "subscribers use[d] software such as BitTorrent to infringe Plaintiffs' exclusive rights of reproduction and distribution," Dkt. 45 ¶44, set forth a complete statement of Your basis for disputing this contention, including each fact, opinion, and inference supporting any defense to this contention, each document (by Bates number) supporting each defense, and each person with firsthand knowledge or possession of such fact, opinion, or document.

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks all "fact[s], opinion[s], and inference[s]" for denying a vague and

ambiguous allegation from Plaintiffs.  Grande further objects to this Interrogatory as a premature contention Interrogatory at this stage of the case.

Subject to these objections, Grande states that the email notices of alleged copyright infringement sent to Grande by or on behalf of Plaintiffs do not contain any verifiable evidence or other information from which Grande could determine whether the allegation is true.  Grande also denies the underlying allegation as vague and ambiguous in that it appears to relate to all of Grande's subscribers.  Grande does not know whether any of its subscribers have committed specific alleged acts of copyright infringement, and Grande denies that each of Grande's subscribers have used BitTorrent software to infringe Plaintiffs' exclusive rights of reproduction and distribution.  Grande further incorporates by reference its answer to Interrogatory No. 6. Each of the individuals identified in Grande's answer to Interrogatory No. 1 has information bearing on this subject.  Discovery in this case is ongoing, and Grande will supplement this answer with any additional information obtained in discovery.

Interrogatory No. 12: If You dispute Plaintiffs' contention that You "had knowledge that [Your] subscribers were infringing Plaintiffs' Works," Dkt. 45 at 16, set forth a complete statement of Your basis for disputing this contention, including each fact, opinion, and inference supporting any defense to this contention, each document (by Bates number) supporting each defense, and each person with firsthand knowledge or possession of such fact, opinion, or document.

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks all "fact[s], opinion[s], and inference[s]" for denying a vague and

ambiguous allegation from Plaintiffs.  Grande further objects to this Interrogatory as a premature contention Interrogatory at this stage of the case.

Subject to these objections, Grande states that the email notices of alleged copyright infringement sent to Grande by or on behalf of Plaintiffs do not contain any verifiable evidence or other information from which Grande could determine whether the allegation is true.  Grande also denies the underlying allegation as vague and ambiguous in that it appears to relate to all of Grande's subscribers.  Grande does not know whether any of its subscribers have committed specific alleged acts of copyright infringement, and Grande denies that each of Grande's subscribers have used BitTorrent software to infringe Plaintiffs' exclusive rights of reproduction and distribution.  Grande further incorporates by reference its answer to Interrogatory No. 6. Each of the individuals identified in Grande's answer to Interrogatory No. 1 has information bearing on this subject.  Discovery in this case is ongoing, and Grande will supplement this answer with any additional information obtained in discovery.

Interrogatory No. 13: If You dispute Plaintiffs' contention that, despite receiving Notices "concerning infringements of copyright protected Works including Plaintiffs' at IP addresses assigned to [You]," You "failed to terminate the subscribers of the accounts associated with these IP address or take any meaningful action in response to these Notices," Dkt. 45 ¶¶108, 116, set forth a complete statement of Your basis for disputing this contention, including each fact, opinion, and inference supporting any defense to this contention, each document (by Bates number) supporting each defense, and each person with firsthand knowledge or possession of such fact, opinion, or document.

**Response:**

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks all "fact[s], opinion[s], and inference[s]" for denying a vague and ambiguous allegation from Plaintiffs. Grande further objects to this Interrogatory as a premature contention Interrogatory at this stage of the case.

Subject to these objections, Grande incorporates by reference its answers to Interrogatory No. 1 and No. 6, including the documents identified in those answers pursuant to Fed. R. Civ. P. 33(d).

Interrogatory No. 14: Describe in detail the policies, procedures and protocol for updating the "customer_status" value in the database.

**Response:**

Grande understands this Interrogatory to be seeking information related to the field "customer_status" in certain materials produced as part of GRDAII0000702. ███████

██████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

███████    ███████

███████    ████████████

███████    ████████████

██████    ████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████

Interrogatory No. 15: Describe in detail the policies, procedures and protocol for

determining the "weighted infringement" in the database.

**Response:**

Grande understands this Interrogatory to be seeking information related to the column of

information titled "weighted infringement" in certain documents produced in this case, such as

GRDAII0000705. █████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████████

██████████████████

Dated: May 22, 2023                    Respectfully submitted,


                                       By:  /s/ *Zachary C. Howenstine*
                                       Richard L. Brophy*
                                       Zachary C. Howenstine*
                                       Kyle G. Gottuso*
                                       Margaret R. Szewczyk*
                                       Angela B. Kennedy*
                                       Sydney K. Johnson*
                                       ARMSTRONG TEASDALE LLP
                                       7700 Forsyth Blvd., Suite 1800
                                       St. Louis, Missouri 63105
                                       (314) 621–5070
                                       rbrophy@atllp.com
                                       zhowenstine@atllp.com
                                       kgottuso@atllp.com
                                       mszewczyk@atllp.com
                                       akennedy@atllp.com
                                       skjohnson@atllp.com
                                       *Admitted Pro Hac Vice*

                                       Jacqueline P. Altman
                                       John P. Palmer
                                       NAMAN HOWELL SMITH & LEE
                                       400 Austin Avenue, Suite 800
                                       Waco, TX 76701
                                       254-755-4344
                                       Fax: 254-754-6331
                                       jaltman@namanhowell.com
                                       palmer@namanhowell.com

                                       *Attorneys for Defendant Grande
                                       Communications Networks, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2023, a true and correct copy of the foregoing was served by email upon all counsel of record for in this case.

*/s/ Zachary C. Howenstine*