Exhibit "16"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| AFTER II MOVIE, LLC, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GRANDE COMMUNICATIONS NETWORKS, LLC,<br><br>Defendant. | No. 1:21-cv-00709-RP |

## DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant GRANDE COMMUNICATIONS NETWORKS, LLC ("Defendant" or "Grande"), by and through its attorneys, hereby responds to Plaintiffs' Second Set of Interrogatories (the "Interrogatories") with the following answers and objections.

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference in each of Grande's Specific Objections and Answers set forth below:

1. Grande objects to Plaintiffs' Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, duplicative, not proportional to the needs of the case, and/or seek irrelevant information or information that is not reasonably calculated to lead to the discovery of admissible evidence.

2. Grande objects to Plaintiffs' Interrogatories to the extent they seek disclosure of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable privilege or immunity. To the extent Plaintiffs'

Interrogatories seek information or documents subject to attorney-client privilege, work product privilege, the common interest privilege, and/or any other privilege against disclosure, such information and documents will not be provided, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or other protections that may attach thereto with respect to such information or documents.

3. Grande objects to Plaintiffs' Interrogatories to the extent they seek information already in Plaintiffs' possession or that is available to Plaintiffs from public sources for which the burden of obtaining such information is the same or less for Plaintiffs as it is for Grande. Grande provides these responses with the understanding that Plaintiffs are in possession of or have access to such sources, including without limitation, Grande's website.

4. Grande objects to Plaintiffs' Interrogatories to the extent they seek information of a third party that is in Grande's possession, custody, or control but subject to an obligation of confidentiality (or other obligation) to a third party. Grande will provide such information only to the extent it can do so consistent with its obligation(s) to any such third parties.

5. Grande objects to Plaintiffs' Interrogatories to the extent they require Grande to make legal conclusions and/or render expert opinions.

6. Grande objects to certain Interrogatories on the ground that they contain distinct sub-parts and constitute more than one Interrogatory.

7. In responding to these Interrogatories, Grande does not concede the relevancy, admissibility, or materiality of any Interrogatory or of the subject to which any Interrogatory refers. Grande expressly reserves the right to object to further discovery into the subject matter of these Interrogatories. Grande's responses to these Interrogatories are made expressly subject to and

without waiving any objections in any proceeding, including trial of this action, as to competency, relevancy, materiality, or privilege of any of the Interrogatories referred to or the responses given.

8. Grande has not yet completed its investigation of the facts relating to this case. Indeed, Plaintiffs seek information that depends on (among other things) party discovery, expert discovery, third-party discovery, and legal analysis and conclusions. Any and all responses to the following Interrogatories are therefore based solely on information presently known to Grande, and in its possession, custody, or control that has been located based on a reasonable search, and Grande reserves its right to conduct further discovery and investigation and to use at trial or any other proceeding evidence of any subsequently discovered facts, documents, or information.

9. The fact that Grande has responded to part or all of an Interrogatory is not intended to and shall not be construed as a waiver by Grande of any objection to such request.

10. Grande hereby incorporates by reference each and every general objection set forth herein into each and every specific response set forth below, whether or not separately set forth therein. A specific response may repeat a general objection for emphasis or for some other reason. Failure to include any general objection in any specific response is not a waiver of any general objection to that response.

11. Grande objects to Plaintiffs' Interrogatories to the extent they seek documents and information prior to August 13, 2018, which represents the three-year statute of limitations for Plaintiffs' copyright information claims under 17 U.S.C. § 507(b) based on the August 13, 2021 filing date of Plaintiffs' Complaint.  Grande objects to Plaintiffs' Interrogatories to the extent they seek documents and information prior to August 13, 2018.

12.     Grande objects to Plaintiffs' definition of the terms "Plaintiffs' Work" or "Plaintiffs' Works" as overly broad, unduly burdensome, vague, and ambiguous as it incorporates copyrighted works that Plaintiffs claim they may attempt to add to this case in the future.

## GRANDE'S OBJECTIONS AND ANSWERS TO INTERROGATORIES

**Interrogatory No. 16:**

From 1/1/2014 to the present, state the total number of Customer or User accounts that You have terminated as a result of failure to pay for service organized by month (i.e., January 2017, X number of Customer or User accounts terminated for failure to pay for service).

**Response**:

In addition to its General Objections, Grande objects to this Interrogatory as seeking irrelevant information, overly broad, unduly burdensome, and not proportional to the needs of the case.  This Request seeks a huge volume of information, spanning over nine years, concerning a subject that has no bearing on any issue in this case.  Gathering the requested information would result in substantial, undue burden and expense to Grande.  Furthermore, Grande has already agreed to produce documents showing Grande's policies for determining how and when a subscriber's service will be terminated for nonpayment.  Grande also objects to the temporal limitation included in this Interrogatory (from 2014 to the present) as it seeks irrelevant information that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Interrogatory overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Based on these objections, Grande will not provide an Answer to this Interrogatory.

Dated: May 22, 2023					Respectfully submitted,


							By: /s/ *Zachary C. Howenstine*
							Richard L. Brophy*
							Zachary C. Howenstine*
							Kyle G. Gottuso*
							Margaret R. Szewczyk*
							Angela B. Kennedy*
							Sydney K. Johnson*
							ARMSTRONG TEASDALE LLP
							7700 Forsyth Blvd., Suite 1800
							St. Louis, Missouri 63105
							(314) 621–5070
							rbrophy@atllp.com
							zhowenstine@atllp.com
							kgottuso@atllp.com
							mszewczyk@atllp.com
							akennedy@atllp.com
							skjohnson@atllp.com
							*Admitted Pro Hac Vice*

							Jacqueline P. Altman
							John P. Palmer
							NAMAN HOWELL SMITH & LEE
							400 Austin Avenue, Suite 800
							Waco, TX 76701
							254-755-4344
							Fax: 254-754-6331
							jaltman@namanhowell.com
							palmer@namanhowell.com

							*Attorneys for Defendant Grande*
							*Communications Networks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, a true and correct copy of the foregoing was served by email upon all counsel of record for in this case.

/s/ Zachary C. Howenstine