Exhibit "17"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| AFTER II MOVIE, LLC, ET AL., | |
| Plaintiffs, | |
| v. | No. 1:21-cv-00709-RP |
| GRANDE COMMUNICATIONS NETWORKS, LLC, | |
| Defendant. | |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant GRANDE COMMUNICATIONS NETWORKS, LLC ("Defendant" or "Grande") hereby provides its objections and responses to Plaintiffs AFTER II MOVIE, LLC, *et al*'s ("Plaintiffs" or "After II") Fifth Set of Requests for Production as follows:

**GENERAL OBJECTIONS**

The following General Objections are incorporated by reference in each of Grande's Specific Objections and Responses set forth below:

1.      Grande objects to Plaintiffs' Requests to the extent they impose obligations on Grande that are inconsistent with or exceed those set forth in the Federal Rules of Civil Procedure, Rules of the United States District Court for the District of New Jersey, or any Order of this Court.

2.      Grande objects to Plaintiffs' Requests to the extent they seek the disclosure or production of information protected by the attorney-client privilege and/or work product doctrine. Such information shall not be provided in response to these Requests, and any inadvertent disclosure

thereof shall not be deemed a waiver of any privilege or protection with respect to such information or documents.

3.     Grande objects to Plaintiffs' Requests to the extent they purport to require Grande to produce "all documents" or "each document" on a given topic, which would require Grande to scour every medium and location in which documents may be stored, across a very large organization with many employees.  To the extent Grande agree to produce documents, Grande will conduct a reasonable search for those documents.

4.     Grande objects to any temporal limitation included in a Request dating back to before August 13, 2018 as the Request seeks the production of irrelevant documents that predates the three-year statute of limitations (three years before Plaintiffs filed their Complaint on August 13, 2021).  *See* 17 U.S.C. § 507(b).  Discovery that predates the relevant time period is neither relevant nor proportional to the needs of the case, and it would be unduly burdensome to require Grande to collect and produce such documents and things.  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

5.     Grande objects to the Requests to the extent they might be interpreted to require Grande to generate a privilege log for materials created after this lawsuit was filed.  Except as otherwise noted, Grande will not log any such materials in a privilege log.

### GRANDE'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION[1]

PRODUCTION REQUEST NO. 54: Documents sufficient to show Grande's acceptable use policy from 1/1/2014 to present.

---

[1] In certain responses below, Grande has indicated its willingness to meet and confer where it appears particularly likely that a discussion between counsel may resolve Grande's objections or otherwise moot the issue.  This should not be interpreted to suggest that Grande is unwilling to meet and confer about other objections.

**<u>Response</u>**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Subject to and consistent with these objections, and in the interest of compromise, Grande will produce documents sufficient to show Grande's Acceptable Use Policy from January 2014 to the present.

<u>PRODUCTION REQUEST NO. 55:</u> Documents sufficient to show Grande's policy for investigating and/or handling infringement notices with deficient PGP signatures from 1/1/2014 to present.

**<u>Response</u>**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant

time period in this case. Grande also objects to this Request to the extent it seeks privileged attorney-client communications and protected work product.  Grande also objects to this Request as vague and confusing with respect to "Grande's policy for investigating and/or handling infringement notices with deficient PGP signatures."

Subject to and consistent with these objections, Grande has produced, or will produce: (1) Grande's public-facing DMCA policy from 2018 to present, which contains Grande's policy regarding PGP signatures for email notices of alleged copyright infringement, and (2) documents and data from its DMCA System from April 2017 to present, including records of complaints received, the correlation of complaints with subscriber accounts, communications with subscribers about complaints, and the termination of internet service to accused subscribers.

PRODUCTION REQUEST NO. 56: Documents sufficient to show Grande's data retention policy from 1/1/2014 to present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande also objects to this Request to the extent it seeks privileged attorney-client communications and protected work product.

4

Subject to and consistent with these objections, and in the interest of compromise, Grande will produce non-privileged responsive documents, if any exist and to the extent Defendants understand the Request, sufficient to show Grande's data retention policy from April 2017 to present.

PRODUCTION REQUEST NO. 57: Documents sufficient to show Grande's yearly gross revenue from 1/1/2014 to present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that Grande's gross revenues are not relevant to any issue in this case. Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Subject to and consistent with these objections, Grande will produce documents sufficient to show its year gross revenues from the provision of internet service from 2018 to the present.

PRODUCTION REQUEST NO. 58: Documents sufficient to show Grande's yearly net income from 1/1/2014 to present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that Grande's yearly net income is not relevant to any issue in this case. Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of

irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as vague and ambiguous as to the meaning of "net income."

Subject to and consistent with these objections, and in the interest of compromise, Grande will produce documents sufficient to show its net income from 2018 to the present, to the extent any exist.

PRODUCTION REQUEST NO. 59: Documents sufficient to show Grande's median or average profit margin from its customers/subscribers from 1/1/2014 to present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that Grande's median or average profit margin from its customers/subscribers is not relevant to any issue in this case. Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Subject to and consistent with these objections, Grande will produce documents sufficient to show its median or average profit margin from its internet customers/subscribers from 2018 to the present, to the extent any exist.

PRODUCTION REQUEST NO. 60: Marketing studies, presentations, or reports that discuss the value of each subscriber and/or type of subscriber to Grande from 1/1/2014 to present.

6

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that these materials relating to the value of each subscriber or type of subscriber is not relevant to any issue in this case. Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Subject to and consistent with these objections, Grande will produce responsive, non-privileged documents from 2018 to the present, to the extent any exist.

PRODUCTION REQUEST NO. 61: Documents concerning the valuation of Grande from 1/1/2014 to present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that the valuation of Grande is not relevant to any issue in this case.  Furthermore, the phrase "concerning the valuation of Grande" is vague and ambiguous, as it could be interpreted to call for the production of a huge volume of documents with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This

temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Based on these objections, Grande will not produce any documents in response to this Request.

PRODUCTION REQUEST NO. 62: Documents concerning the revenues and costs (in aggregate and per subscriber) associated with each type of service offered by Grande from 1/1/2014 to present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that the revenues and costs (in aggregate and per subscriber) associated with each type of service offered by Grande is not relevant to any issue in this case.  Furthermore, the phrase "concerning the revenues and costs" is vague and ambiguous, as it could be interpreted to call for the production of a huge volume of documents with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Subject to and consistent with these objections, Grande will produce documents sufficient to show revenues and costs associated with Grande's provision of internet service from 2018 to the present, to the extent any exist.

PRODUCTION REQUEST NO. 63: Documents concerning any forecasts/estimates of Grande performance and value from 1/1/2014 to present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that any forecasts/estimates of Grande performance and value is not relevant to any issue in this case. Furthermore, the phrase "concerning any forecasts/estimates" is vague and ambiguous, as it could be interpreted to call for the production of a huge volume of documents with no apparent relevance to any issue in this case. Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Based on these objections, Grande will not produce any documents in response to this Request.

PRODUCTION REQUEST NO. 64: Documents concerning or copies of any marketing or industry studies concerning the pricing to and profitability of internet subscribers to Internet service providers from 1/1/2014 to present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that marketing or industry studies concerning the pricing to and profitability of internet subscribers to Internet service providers is not relevant to any issue in this case. Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation

renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Subject to and consistent with these objections, and in the interest of compromise, Grande will produce marketing or industry studies concerning the pricing to and profitability of internet subscribers to Internet service providers from 2018 to the present, to the extent any exist.

PRODUCTION REQUEST NO. 65: Documents sufficient to identify each former employee of Grande having any knowledge of Grande's subscribers' infringements of Plaintiffs' Works, along with each such former employee's last known home addresses and telephone number.

**Response**:

In addition to its General Objections, Grande objects to this Request as overly broad, unduly burdensome, vague, confusing, and not proportional to the needs of the case. Grande does not understand the scope of this Request. For example, are Plaintiffs seeking the identification of every former Grande employee who may be aware that Grande has received copyright infringement complaints from Plaintiffs' agent(s)?  Based on these objections, Grande will not produce any documents in response to this Request. Grande is willing to meet and confer to discuss the proper scope of this Request.

PRODUCTION REQUEST NO. 66: Documents sufficient to show the types of modems/routers Grande rents to its subscribers or the types of modems/routers that Grande recommends to its subscribers including model numbers and monthly rental fee from 1/1/2016 to the present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case. Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of

irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Subject to and consistent with these objections, and in the interest of compromise, Grande will produce documents sufficient to show the types of modems and routers Grande has rented to its internet subscribers from August 2018 to present.

PRODUCTION REQUEST NO. 67: Documents sufficient to show Grande's policies and procedures for detecting network attacks from 1/1/2014 to the present including any and all domains/IP addresses that have been blocked.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as vague and confusing as to the meaning of "network attacks."

Based on these objections, Grande will not be producing any documents in response to this Request.

11

PRODUCTION REQUEST NO. 68: Documents describing Grande's policies and procedures for detecting network intrusions from 1/1/2014 to the present including but not limited to any and all domains/IP addresses that have been blocked.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as vague and confusing as to the meaning of "network intrusions."

Based on these objections, Grande will not be producing any documents in response to this Request.

PRODUCTION REQUEST NO. 69: Documents describing Grande's policies and procedures for monitoring for quality of Internet service (such as traffic queuing, traffic shaping and prioritization) from 1/1/2014 to the present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of

irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as vague and confusing as to the meaning of "monitoring the quality of Internet service."

Based on these objections, Grande will not be producing any documents in response to this Request.  Grande is willing to meet and confer to discuss the proper scope of this Request.

PRODUCTION REQUEST NO. 70: Documents describing Grande's policies and procedures for monitoring network performance and traffic anomalies from 1/1/2014 to the present.

**Response**

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as vague and confusing as to the meaning of "monitoring network performance and traffic anomalies."

Based on these objections, Grande will not be producing any documents in response to this Request.  Grande is willing to meet and confer to discuss the proper scope of this Request.

<u>PRODUCTION REQUEST NO. 71</u>: Documents describing Grande's policies and procedures for maintaining firewalls for filtering out denial of services, intrusion detection and prevention from 1/1/2014 to the present.

**<u>Response</u>**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as vague and confusing as to the meaning of "maintaining firewalls for filtering out denial of services, intrusion detection and prevention."

Based on these objections, Grande will not be producing any documents in response to this Request.

<u>PRODUCTION REQUEST NO. 72</u>: Documents describing Grande's policies and procedures for blocking ports from 1/1/2014 to the present.

**<u>Response</u>**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of

irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as vague and confusing as to the meaning of "blocking ports."

Based on these objections, Grande will not be producing any documents in response to this Request.

PRODUCTION REQUEST NO. 73: Documents describing Grande's policies for filtering to network devices to defend the Grande network from 1/1/2014 to the present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2014 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as vague and confusing as to the meaning of "filtering to network devices to defend the Grande network."

Based on these objections, Grande will not be producing any documents in response to this Request.

<u>PRODUCTION REQUEST NO. 74</u>: Each document created by an employee of Grande that mentions or refers to the copyright infringement case of Sony v. Cox [1:19-cv-00874-RBJ-MEH, E.D.Va] from 1/1/2016 to the present.

**<u>Response</u>**:

Grande is not aware of any such case, which does not appear to exist based on a review of PACER case records. Grande is willing to meet and confer regarding the intended scope of this Request.

<u>PRODUCTION REQUEST NO. 75</u>: Each document created by an employee of Grande that mentions or refers to the copyright infringement case of BMG v. Cox, [1:14-cv-01611-LO-JFA, E.D.Va] from 1/1/2016 to the present.

**<u>Response</u>**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, as it seeks irrelevant (and in many instances likely privileged) documents concerning an unrelated copyright infringement case filed nearly a decade ago.  Moreover, the Court has already determined that many if not all non-privileged, responsive documents within the scope of this Request are not discoverable pursuant to its February 27, 2023 Order (ECF No. 87).  Grande also objects to the extent the request seeks privileged attorney-client communications and protected work product.

Based on the above objections, Grande will not be producing any documents in response to this Request.

<u>PRODUCTION REQUEST NO. 76:</u> Any and all counternotices Grande received from customers in response to the notices of infringements sent by Plaintiffs' agents.

**<u>Response</u>**:

In addition to its General Objections, Grande objects to this Request as vague and confusing as to the meaning of "counternotices."  Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the lack of a temporal limitation included in this Request as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.

Subject to and consistent with its objections, and to the extent this Request is understood, Grande will produce non-privileged, responsive documents from August 2018 to the present, if any exist.

PRODUCTION REQUEST NO. 77: Excluding notices of copyright infringement received from rightsholders, all documents created by an employee of Grande mentioning the websites "YTS" from 1/1/2016 to the present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predate the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the relevant time period in this case. Grande also objects to this Request as vague and confusing as to whether "YTS" refers to multiple different "websites."

17

Subject to and consistent with these objections, Grande will produce relevant, non-privileged documents that mention "YTS" (excluding notices of copyright infringement received from rightsholders), if any exist, from April 2017 to the present.

PRODUCTION REQUEST NO. 78: Excluding notices of copyright infringement received from rightsholders, all documents created by an employee of Grande mentioning the website "RARBG" from 1/1/2016 to the present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predate the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the relevant time period in this case. Grande also objects to this Request as vague and confusing as to whether "RARBG" refers to multiple different "websites."

Subject to and consistent with these objections, Grande will produce relevant, non-privileged documents that mention "RARBG" (excluding notices of copyright infringement received from rightsholders), if any exist, from April 2017 to the present.

PRODUCTION REQUEST NO. 79: Excluding notices of copyright infringement received from rightsholders, all documents created by an employee of Grande mentioning the website "1337x" from 1/1/2016 to the present.

**Response**:

18

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predate the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the relevant time period in this case. Grande also objects to this Request as vague and confusing as to whether "1337x" refers to multiple different "websites."

Subject to and consistent with these objections, Grande will produce relevant, non-privileged documents that mention "1337x" (excluding notices of copyright infringement received from rightsholders), if any exist, from April 2017 to the present.

PRODUCTION REQUEST NO. 80: Excluding notices of copyright infringement received from rightsholders, all documents created by an employee of Grande mentioning the website "Pirate bay" from 1/1/2016 to the present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predate the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that

predates the relevant time period in this case. Grande also objects to this Request as vague and confusing as to whether "Pirate bay" refers to multiple different "websites."

Subject to and consistent with these objections, Grande will produce relevant, non-privileged documents that mention "Pirate bay" (excluding notices of copyright infringement received from rightsholders), if any exist, from April 2017 to the present.

PRODUCTION REQUEST NO. 81: All documents created by an employee of Grande mentioning the software application "Popcorn Time" from 1/1/2016 to the present.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predate the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it seeks irrelevant information that predates the relevant time period in this case. Grande also objects to this Request as vague and confusing as to whether "Popcorn Time" refers to multiple different "websites."

Subject to and consistent with these objections, Grande will produce relevant, non-privileged documents that mention "Popcorn Time" (excluding notices of copyright infringement received from rightsholders), if any exist, from April 2017 to the present.

PRODUCTION REQUEST NO. 82: Documents concerning Grande's enforcement of licensing rights to stream live sporting events from 1/1/2016 to the present including but not limited to demands sent to third-parties suspected of streaming live sporting events without authorization.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks documents from a period of over nine years concerning a subject that has no bearing on any issue in this case. Grande further objects to this Request as vague and confusing as to the meaning of "enforcement of licensing rights to stream live sporting events." Grande also objects to this Request to the extent it seeks privileged attorney-client communications and protected work product.

Based on these objections, Grande will not be producing any documents in response to this Request.

PRODUCTION REQUEST NO. 83: Documents concerning copyright infringement notices sent to Grande from CEG TEK from 1/1/2010 through 12/31/2016 concerning Plaintiffs' Works, the motion picture "Expendables 3" and/or on behalf of Millennium Films.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information about copyright infringement allegations not at issue in this case.  Additionally,

Grande objects to the temporal limitation included in this Request (from 2010 to 2016) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as unduly burdensome, in that it calls for Grande to locate and produce emails ostensibly sent to Grande by or on behalf of a Plaintiff—that is, documents which (to the extent they exist) are in Plaintiffs' possession, custody, or control.

Based on these objections, Grande will not be producing any documents in response to this Request.

PRODUCTION REQUEST NO. 84: Documents concerning copyright infringement notices sent to Grande from CEG TEK from 1/1/2010 through 12/31/2016 concerning the motion picture "Expendables 3".

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information about copyright infringement allegations not at issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2010 to 2016) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as unduly burdensome, in that it calls for Grande to locate and produce emails ostensibly sent to Grande by or on

22

behalf of a Plaintiff—that is, documents which (to the extent they exist) are in Plaintiffs' possession, custody, or control.

Based on these objections, Grande will not be producing any documents in response to this Request.

PRODUCTION REQUEST NO. 85: Documents concerning copyright infringement notices sent to Grande from CEG TEK from 1/1/2010 through 12/31/2016 on behalf of Millennium Films.

**Response**:

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information about copyright infringement allegations not at issue in this case. Additionally, Grande objects to the temporal limitation included in this Request (from 2010 to 2016) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021). This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case. Grande further objects to this Request as unduly burdensome, in that it calls for Grande to locate and produce emails ostensibly sent to Grande by or on behalf of a Plaintiff—that is, documents which (to the extent they exist) are in Plaintiffs' possession, custody, or control.

Based on these objections, Grande will not be producing any documents in response to this Request.

PRODUCTION REQUEST NO. 86: Documents describing Grande's policies and procedures for blocking access to a website from 1/1/2016 to the present.

**Response**:

23

In addition to its General Objections, Grande objects to this Request as seeking irrelevant information, not proportional to the needs of the case, overly broad, and unduly burdensome, in that it seeks information with no apparent relevance to any issue in this case.  Additionally, Grande objects to the temporal limitation included in this Request (from 2016 to the present) as it seeks the production of irrelevant documents that predates the three-year statute of limitations, which falls on August 13, 2018 (three years before Plaintiffs filed their Complaint on August 13, 2021).  This temporal limitation renders the Request overly broad and unduly burdensome as it calls for information that predates the relevant time period in this case.  Grande further objects to this Request as vague and confusing as to the meaning of "blocking access to a website."

Based on these objections, Grande will not be producing any documents in response to this Request.

Dated: May 22, 2023                    Respectfully submitted,


                                       By:  /s/ *Zachary C. Howenstine*
                                       Richard L. Brophy*
                                       Zachary C. Howenstine*
                                       Kyle G. Gottuso*
                                       Margaret R. Szewczyk*
                                       Angela B. Kennedy*
                                       Sydney K. Johnson*
                                       ARMSTRONG TEASDALE LLP
                                       7700 Forsyth Blvd., Suite 1800
                                       St. Louis, Missouri 63105
                                       (314) 621–5070
                                       rbrophy@atllp.com
                                       zhowenstine@atllp.com
                                       kgottuso@atllp.com
                                       mszewczyk@atllp.com
                                       akennedy@atllp.com
                                       skjohnson@atllp.com
                                       *Admitted Pro Hac Vice*

                                       Jacqueline P. Altman
                                       John P. Palmer
                                       NAMAN HOWELL SMITH & LEE
                                       400 Austin Avenue, Suite 800
                                       Waco, TX 76701
                                       254-755-4344
                                       Fax: 254-754-6331
                                       jaltman@namanhowell.com
                                       palmer@namanhowell.com

                                       *Attorneys for Defendant Grande*
                                       *Communications Networks, LLC*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 22, 2023, a copy of the foregoing was served by electronic mail on all counsel of record in this case.


By:   */s/ Zachary C. Howenstine*