# Exhibit "19"

1    here.  There were no account -- Grande was not terminating

2    subscribers prior to 2017.  It began in 2017.

3          That's all I have, your Honor.

4          THE COURT:  Thank you.

5          I'm prepared to rule on this from the bench and

6    so, I'll state my ruling on the record and I'll follow up

7    with a written order memorializing it.

8          But after reviewing -- you know, hearing the

9    argument, reviewing the record -- I mean, sorry, the

10   motion and the response and the reply and then, I'm

11   hearing argument on the hearing here today, I'm reviewing

12   the requests themselves, and really, what this motion's

13   directed at is three specific RFPs that were attached as

14   -- or on the docket as 68-2, RFPs No. 3, 4 and 5.  In my

15   view, these are just untethered to any suggested relevant

16   timeframe in that I -- ultimately, I agree with defendants

17   that they're too broad.  Given plaintiffs' counsel an

18   opportunity to suggest a cutoff or a relevant timeframe

19   and the RFPs themselves just basically adopt the universe

20   of documents from the UMG case, that's a different case,

21   different facts.  I agree with defendants about that.

22          And so, therefore, I'm denying the motion to

23   compel.  If -- I don't necessarily -- you know, in denying

24   that motion to compel, I don't disagree that there might

25   be some realm of documents that are discoverable beyond

1  the suggested timeline of defendants, but I agree that as

2  these are worded, it's too broad and goes far too far and

3  that a more targeted discovery request either identifying

4  a timeline that has some basis in the facts alleged in

5  this case or particular subscribers, if there are

6  particular subscribers who are alleged to have infringed,

7  those sort of targeted discovery requests I think would be

8  appropriate.  But without any sort of bracketing of the

9  requests as they appear here, I'm not going to grant that

10  motion nor am I going to rewrite it for plaintiff.

11       So I'm denying the motion.  As I said, I'll issue

12  a written order to that effect.  And if there's not

13  anything else for us to address while we're all here

14  together, Mr. Culpepper.

15       MR. CULPEPPER:  I have nothing further, your

16  Honor.

17       MR. HOWENSTINE:  No, your Honor.

18       THE COURT:  All right.  Then you are excused.

19  Safe travels home.

20       MR. HOWENSTINE:  Thank you.

21       (Proceedings conclude at 2:23 p.m.)

22

23

24

25

```
 1

 2

 3                       REPORTER'S CERTIFICATE

 4

 5     I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING

 6  WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE

 7  TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT

 8  TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE

 9  PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE

10  TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY

11  THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES,

12  ON THIS 24th DAY OF APRIL, 2023.

13

14

15                       Lily Iva Reznik

16                       ~~~~~~~~~~~~~~~~~~~~~~~~~
                         LILY I.  REZNIK,  CRR,  RMR
17                       Official Court Reporter
                         United States District Court
18                       Austin Division
                         501 West 5th Street, Suite 4153
19                       Austin, Texas 78701
                         (512)391-8792
20                       SOT Certification No. 4481
                         Expires: 1-31-25
21

22

23

24

25
```