# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| AFTER II MOVIE, LLC, ET AL., | |
|     Plaintiffs, | |
|     v. | No.  1:21-cv-00709-RP |
| GRANDE COMMUNICATIONS NETWORKS, LLC, | |
|     Defendant. | |

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFFS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant hereby serves its First Request for Production of Documents and Things upon Plaintiffs, to produce for inspection and copying by Defendant, within 30 days from the date of service, at the law offices of Armstrong Teasdale, LLP, 7700 Forsyth Boulevard, Suite 1800, Saint Louis, Missouri 63105, or at such other place as may eventually be agreed upon by the parties, all documents and things enumerated below.

## DEFINITIONS AND INSTRUCTIONS

1.    Defendant incorporates herein by reference the instructions and definitions set forth in its concurrently-served First Set of Interrogatories to the Plaintiffs.

2.    If a privilege or immunity is claimed with respect to any document or thing required by these requests, Plaintiffs shall provide a "Privilege Log" pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure including the following information regarding such document:

a)  the identification of the document by author and title or, if untitled, the general nature of the document (e.g. memorandum, handwritten note, report, etc.);

b)  the date on which the document was created;

c)  a brief summary of the subject matter to which the document relates;

d)  the identities of persons who received the documents;

e)  the precise legal grounds upon which the claim of privilege or immunity is made; and

f)  any further information necessary for Grande to assess the applicability of the privilege.

3.  These document requests seek documents in Plaintiffs' possession and/or custody, and also seek documents over which Plaintiffs have control by agreement, prior conduct, or otherwise.

4.  If Plaintiffs object to the production of any portion of any document request herein, Plaintiffs nevertheless is required to produce the documents relating to that request to which Plaintiffs have no objection, and to identify which portion(s) of the documents(s) is (are) being withheld and the reason for such refusal to produce.

5.  If a document requested was, but is no longer, in the possession, custody, or control of Plaintiffs, Plaintiffs should state whether the document: (1) is missing or lost; (2) has been destroyed; (3) has been transferred, voluntarily or involuntarily, to others; or (4) has otherwise been disposed of.  For each instance, explain the circumstances surrounding such disposition, the date or approximate date of such disposition, and the names and residences and business addresses of those persons with knowledge of such circumstances.

6.  Any document bearing on any sheet or side thereof, any mark such as initials, stamped indicia, comment, notation, or any character not a part of the original document or photograph or reproduction thereof, and every copy of such writing or record with the original

2

not in the party's possession, custody, or control, and every copy of such writing or records
for such copy is not an identical copy of an original or such copy contains any commentary
notation whatsoever which does not appear in the original, is to be considered and identified
as a separate document.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   All documents and things identified,
consulted, or relied upon in responding to Defendant's First Set of Interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   All documents and things establishing a
Plaintiff's ownership or exclusive control of any of the Works in Suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   All documents and things that support or
relate to the allegations in Plaintiffs' First Amended Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   All documents and things provided to any
person who may present evidence in this case under Fed. R. Evid. 702, 703, or 705.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   All documents and things that refer to
Grande, any Grande subscriber, or any other user of Grande's network, including without
limitation any such communications between or among Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   All documents and things that refer or relate to alleged copyright infringement committed by Grande subscriber or other user of Grande's network.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   All documents and things, including without limitation emails, sent to Grande regarding alleged infringement of the Works in Suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**   All documents and things referenced in paragraph 76 of the First Amended Complaint, including without limitation "the resulting data" and "evidence logs."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**   All documents and things that constitute or refer to the information logged by Maverickeye UG, as described in paragraph 7 of the First Amended Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All data collected by Maverickeye UG in connection with the allegations made in the emails produced in response to Request for Production No. 7.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All documents and things created or generated by Maverickeye UG in connection with the allegations made in the emails produced in response to Request for Production No. 7.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** The source code and any change management or revision control system logs for the Maverickeye UG software system(s) referenced in the First Amended Complaint, for example in paragraphs 74–77 and 104.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents and things, other than source code, that show the operation, functionality, and capabilities of the Maverickeye UG software system(s) referenced in the First Amended Complaint, such as manuals, flow charts and development documents.

**REQUEST FOR PRODUCTION NO. 14:** All communications with any person accused of copyright infringement in the emails produced in response to Request for Production No. 7.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** All documents and things that relate to or comprise communications with any third party regarding the allegations in the First Amended Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** All documents and things that refer or relate to the "Certificate of Authenticity" signed by Senthil Segaran on behalf of Techmodo Limited attached as Exhibit B to the First Amended Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** All communications with Senthil Segaran or Techmodo Limited.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents and things provided by Senthil Segaran, Techmodo Limited, or YTS, including without limitation declarations, other sworn statements, and alleged evidence of copyright infringement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** All communications with Copyright Management Services, Ltd. that refer or relate to the detection of alleged instances of copyright infringement or providing notice of same to an internet service provider or accused infringer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** All communications with Hatton & Berkeley (a/k/a HBLDN PLC) that refer or relate to the detection of alleged instances of copyright infringement or providing notice of same to an internet service provider or accused infringer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** All communications with Copyright Management Services, Ltd. that refer to Grande, any Grande subscriber, or any other user of Grande's network.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All communications with Hatton & Berkeley (a/k/a HBLDN PLC) that refer to Grande, any Grande subscriber, or any other user of Grande's network.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All documents and things that refer or relate to the November 3, 2020 Declaration of Stephen Moody (ECF No. 23-7).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All communications with Stephen Moody.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All communications with Maverickeye UG that refer to Grande, any Grande subscriber, or any other user of Grande's network.

**REQUEST FOR PRODUCTION NO. 26:** All communications with Maverickeye UG regarding the functionality, capabilities, or limitations of Maverickeye UG's system for detecting alleged instances of copyright infringement.

**REQUEST FOR PRODUCTION NO. 27:** All communications with Maverickeye UG regarding Maverickeye UG's compensation for the work described in paragraphs 74–81, 104–108, and 110–116 of Plaintiffs' First Amended Complaint and for any other work arising out of this lawsuit (such as providing documents and information in response to discovery requests and appearing for depositions).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** All documents and things that evidence the amount or terms of Maverickeye UG's compensation for the work described in paragraphs 74–81, 104–108, and 110–116 of Plaintiffs' First Amended Complaint and for any other work arising out of this lawsuit (such as providing documents and information in response to discovery requests and appearing for depositions).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** All agreements with Maverickeye UG or with any current or former employee, representative, or affiliate of Maverickeye UG.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** All communications with Daniel Arheidt, Darren M. Griffin, Daniel Macek, Daniel Susac, Tobias Fieser, or Michael Patzer that refer to Grande, any Grande subscriber, or any other user of Grande's network.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** All communications with Daniel Arheidt, Darren M. Griffin, Daniel Macek, Daniel Susac, Tobias Fieser, or Michael Patzer regarding the functionality, capabilities, or limitations of Maverickeye UG's system for detecting alleged instances of copyright infringement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** All communications with any person who has denied or otherwise questioned the accuracy of a copyright infringement allegation made by Maverickeye UG.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** All documents and things that refer to or evidence any error or inaccuracy in a copyright infringement allegation made by Maverickeye UG.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** All documents and things that refer to YTS, including without limitation any such communications between or among Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** All communications with the operators of the YTS and YIFY websites referenced in paragraph 9 of the November 25, 2021 Declaration of Kerry S. Culpepper (ECF No. 23-1).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** All communications with the website operators and other companies that agreed to injunctions as described in paragraphs 10–11 and 16 of the November 25, 2021 Declaration of Kerry S. Culpepper (ECF No. 23-1).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** All communications with actual or alleged users of YTS, including without limitation all communications with the YTS users referenced in paragraphs 14–15 of the November 25, 2021 Declaration of Kerry S. Culpepper (ECF No. 23-1) and with any person who has denied being a YTS user.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** All communications with any person, organization, or entity that has declined to block access to YTS.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** All documents and things that support or relate to your allegation in paragraph 35 of the First Amended Complaint that "[m]any of Defendant's subscribers are motivated to subscribe to Grande's service because it allows them to download movies and other copyrighted content—including unauthorized content—as efficiently as possible."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** All documents and things that support or relate to the allegations in paragraph 73 of the First Amended Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** All documents and things that support or relate to your allegation in paragraph 123 of the First Amended Complaint that "Defendant's failure to terminate or take any meaningful action against its subscribers resulted in a cascade of piracy of Plaintiffs' Works."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** All documents and things that support or relate to your allegation in paragraph 127 of the First Amended Complaint that "Defendant monitors and/or controls the content that its subscribers access or which websites they visit."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** All documents and things that support or relate to your allegation in paragraph 128 of the First Amended Complaint that "Defendant has the ability to determine whether its subscriber's service is being used for operating file-sharing programs such as BitTorrent and whether the subscriber's service is being used to distribute copies of copyright protected content."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** All documents and things that support or relate to your allegation in paragraph 148 of the First Amended Complaint that "Defendant's subscribers are motivated to become subscribers from the knowledge of Defendants' practice of ignoring notices of infringements or failing to take any meaningful action."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** All documents and things that support or relate to the allegations in paragraph 155 of the First Amended Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** All documents and things that support or relate to Plaintiffs' allegation that people signed up for Grande's internet service due to the ability to commit acts of infringement using Grande's network.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** All documents and things that support or relate to Plaintiffs' allegation that subscribers of Grande's internet service discontinued or cancelled their subscription due to the ability or inability to commit acts of infringement using Grande's network.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** All documents and things that refer to, relate to, or evidence any negative effects experienced by ISPs as a result of infringement occurring on their networks, including but not limited to a reduction in available bandwidth, additional operating costs, or other taxation of the resources of an ISP.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** All documents and things that refer or relate to the efforts or other affirmative conduct an ISP can engage in to stop or limit infringement from occurring on its network.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** All documents and things that support or relate to the allegations in paragraph 79 and 80 of the First Amended Complaint, including without limitation documents sufficient to identify the "agent[s]" referenced therein.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** All documents and things that support or relate to your allegation in paragraph 102 of the First Amended Complaint that "MEU determined that Defendant's subscribers distributed Plaintiffs' Works with altered CMI."

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:** All documents and things that support or relate to your allegation in paragraph 102 of the First Amended Complaint that "MEU determined that Defendant's subscribers distributed over 175 different modified CMI with file copies of the Works."

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** All documents and things used or otherwise relied upon to generate the list attached as Exhibit D to the First Amended Complaint.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** All documents and things that refer to, relate to, or evidence flaws, weaknesses, deficiencies, inefficiencies, errors, lack or absence of features or functionality, performance issues, modifications or improvements needed, or any other problem associated with the Maverickeye UG software system(s) referenced in the First Amended Complaint, for example in paragraphs 74–77 and 104.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:** All documents and things that refer to, relate to, or constitute Maverickeye UG notices sent to Grande or any other ISP that were inaccurate, incomplete, or otherwise improperly sent to the recipient.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** All documents and things that Plaintiffs may rely on to prove entitlement to statutory damages or the appropriate amount thereof.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** All documents and things that support or relate to your allegation in paragraph 187 of the First Amended Complaint that Plaintiffs have suffered actual damages as a result of the alleged violations of 17 U.S.C. § 1202.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** All documents and things that refer or relate to any lost revenues or profits by any Plaintiff as a result of the acts of copyright infringement alleged in the First Amended Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:** All documents and things that refer to, relate to, or evidence Plaintiffs' attempts or efforts to prevent, inhibit, or otherwise reduce copyright infringement occurring through BitTorrent networks or applications (excluding copyright infringement allegations sent to other ISPs).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:** All documents and things that support or relate to your allegation in paragraph 185 of the First Amended Complaint that Grande "has derived a direct financial benefit from the DMCA violations complained of herein."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:** Documents sufficient to show the total and annual revenues, total and annual profits, and costs by category in the manner recorded by the

relevant Plaintiff or Plaintiff affiliate (*e.g.*, script and development, licensing, salaries, production, marketing, distribution, etc.) for each of the Works in Suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:** All distribution agreements for the motion pictures listed in Exhibit A to the First Amended Complaint (ECF No. 14-1).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:** Financial statements (including any balance sheets, income statements, cash flow statements, and statements of shareholders' equity) for each Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:** All documents and things that Plaintiffs may rely on to support their contention that Grande is ineligible for the safe harbor set forth in 17 U.S.C. § 512(a).

**REQUEST FOR PRODUCTION NO. 65:** All documents and things, including data or other electronic files, obtained from any Grande subscriber or other user of Grande's network.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:** All documents that constitute or refer to any communication with a Grande subscriber or other user of Grande's network.

**RESPONSE:**

Dated:  February 24, 2022    Respectfully submitted,

    By: */s/ Zachary C. Howenstine*    

    Richard L. Brophy*
    Zachary C. Howenstine*
    Margaret R. Szewczyk*
    Angela B. Kennedy*
    Sydney K. Johnson*
    ARMSTRONG TEASDALE LLP
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    (314) 621–5070
    rbrophy@atllp.com
    mszewczyk@atllp.com
    *Admitted Pro Hac Vice*

    Joseph J. Gribbin*
    ARMSTRONG TEASDALE LLP
    300 Delaware Avenue, Suite 210
    Wilmington, Delaware 19801
    (302) 824-7089
    jgribbin@atllp.com
    *Admitted Pro Hac Vice*

    Jacqueline P. Altman
    John P. Palmer
    NAMAN HOWELL SMITH & LEE
    400 Austin Avenue, Suite 800
    Waco, TX 76701
    254-755-4344
    Fax: 254-754-6331
    jaltman@namanhowell.com
    palmer@namanhowell.com

    *Attorneys for Defendant Grande*
    *Telecommunications Networks LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 24, 2022, I served a copy of the foregoing on the

following via email:

Kerry S. Culpepper
kculpepper@culpepperip.com

By:   <u>*/s/ Zachary C. Howenstine*</u>