# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AFTER II MOVIE, LLC, ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GRANDE COMMUNICATIONS NETWORKS, LLC,<br><br>    Defendant. | No. 1:21-cv-00709-RP |

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

Defendant requests that Plaintiffs answer the following interrogatories under oath pursuant to Rule 33 of the Federal Rules of Civil Procedure.

**DEFINITIONS**

1.  Consistent with the definition of "defendant" in Local Rule CV-26(b), "Grande" means Defendant Grande Communications Networks LLC.

2.  For clarity's sake, Grande expressly incorporates by reference the definitions and rules of construction set forth in Local Rule CV-26(b).

3.  Consistent with the definition of "plaintiff" in Local Rule CV-26(b), "Plaintiffs" means the plaintiffs named in the First Amended Complaint (ECF No. 14) and any party that may subsequently assert a legal claim against Grande in this case. "Plaintiff" means any one or more Plaintiffs.

4.  "Works in Suit" means the motion pictures identified in Exhibit A to the First Amended Complaint (ECF No. 14-1) and any copyrighted work that may subsequently become the subject of a copyright infringement claim in this case.

5.      When the term "identify" is used with reference to an entity, the term seeks, at a minimum, the entity's full name and its present or last known address.

6.      When the term "identify" is used with reference to a document, providing the Bates number/range for a document is sufficient to identify it, provided that the document is produced prior to or contemporaneously with the interrogatory answer.

7.      "And" and "or" shall be construed disjunctively or conjunctively, as necessary, to have the broadest possible meaning.

8.      Where appropriate, the singular form of a word shall be interpreted in the plural, and vice versa, to have the broadest possible meaning.

## INSTRUCTIONS

1.      To the extent the option to produce business records under Rule 33(d) of the Federal Rules of Civil Procedure is used, the answer shall identify the business record(s) by Bates number/range.

2.      Where information is withheld based on a claim of attorney-client privilege or work product protection, Plaintiffs shall identify the nature of the privilege and state whether (a) any responsive documents exist and (b) any responsive oral communications took place.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each member, officer, employee, and other representative of a Plaintiff who has knowledge regarding any allegation in Plaintiffs' Complaint or First Amended Complaint, or with whom Plaintiffs' counsel has otherwise communicated regarding any allegation in Plaintiffs' Complaint or First Amended Complaint.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify each organization and other legal entity involved, on behalf of any Plaintiff, in sending copyright infringement complaints concerning the Works in

2

Suit to Grande (i.e., the "notices" referenced in paragraph 38 of Plaintiffs' First Amended Complaint) and describe in detail their roles and responsibilities. For example, describe in detail the respective roles and responsibilities of Maverickeye UG, Copyright Management Services, Ltd., and Hatton & Berkeley (a/k/a HBLDN PLC), if any, with respect to the sending of copyright infringement complaints to Grande.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify each person affiliated with Maverickeye UG, Copyright Management Services, Ltd., or Hatton & Berkeley (a/k/a HBLDN PLC), and each person affiliated with any other organization or entity identified in response to Interrogatory No. 2, with whom any Plaintiff (including any Plaintiff's representative, such as outside counsel) has communicated regarding Grande, the alleged infringement of any of the Works in Suit, or this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify each person engaged by Maverickeye UG (whatever the nature of that engagement) to perform work related to the activities described in paragraphs 74–81, 104–108, and 110–116 of Plaintiffs' First Amended Complaint.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify the "agent[s]" referenced in paragraphs 79 and 80 of Plaintiffs' First Amended Complaint.

**RESPONSE:**

**INTERROGATORY NO. 6:** Describe in detail each alleged instance of direct copyright infringement for which Grande is alleged to be secondarily liable, by stating, at a minimum, the Work in Suit allegedly infringed, the date and time of the alleged infringement, the IP address

associated with the alleged infringement, and the exclusive right(s) under 17 U.S.C. § 106 that was/were allegedly infringed.

**RESPONSE:**

**INTERROGATORY NO. 7:** For each of the Works in Suit, identify the document(s) establishing a Plaintiff's ownership or exclusive control of the work.

**RESPONSE:**

**INTERROGATORY NO. 8:** For each of the Works in Suit, identify the person(s) who gave Maverickeye UG authority to send copyright infringement complaints to Grande (i.e., the "notices" referenced in paragraph 38 of Plaintiffs' First Amended Complaint) and state the date such authority was given.

**RESPONSE:**

**INTERROGATORY NO. 9:** For each of the Works in Suit, state the motion picture's lifetime gross revenues, annual gross revenues, and lifetime profits, if any.

**RESPONSE:**

**INTERROGATORY NO. 10:** Describe in detail how Maverickeye UG detects and creates a record of (including the types of data collected and stored) the reproduction of a copyrighted work.

**RESPONSE:**

**INTERROGATORY NO. 11:** Describe in detail how Maverickeye UG detects and creates a record of (including the types of data collected and stored) the distribution of a copyrighted work.

**RESPONSE:**

**INTERROGATORY NO. 12:** Describe in detail Maverickeye UG's compensation for its work for Plaintiffs (for example, the work described in paragraphs 74–81, 104–108, and 110–116 of Plaintiffs' First Amended Complaint and any other work arising out of this lawsuit, such as providing documents and information in response to discovery requests and appearing for depositions), including the total amount paid, any amounts owed or promised that have not been paid, an explanation of how Maverickeye UG's compensation is calculated or determined, and an identification of the documents and other understandings that govern the terms of Maverickeye UG's compensation.

**RESPONSE:**

**INTERROGATORY NO. 13:** Identify all evidence in Plaintiffs' possession, custody, or control supporting the allegations in paragraph 123 of Plaintiffs' First Amended Complaint.

**RESPONSE:**

**INTERROGATORY NO. 14:** Describe in detail how Grande can "determine whether its subscriber's service is being used for operating file-sharing programs such as BitTorrent and whether the subscriber's service is being used to distribute copies of copyright protected content," as alleged in paragraph 128 of Plaintiffs' First Amended Complaint.

**RESPONSE:**

**INTERROGATORY NO. 15:** Identify each person, organization, and other legal entity entitled to share in any recovery resulting from the causes of action set forth in Plaintiffs' First Amended Complaint, and state the basis and extent of their interest.

**RESPONSE:**

Dated: February 24, 2022				Respectfully submitted,

							By: */s/ Zachary C. Howenstine*
							Richard L. Brophy*
							Zachary C. Howenstine*
							Margaret R. Szewczyk*
							Angela B. Kennedy*
							Sydney K. Johnson*
							ARMSTRONG TEASDALE LLP
							7700 Forsyth Blvd., Suite 1800
							St. Louis, Missouri 63105
							(314) 621–5070
							rbrophy@atllp.com
							mszewczyk@atllp.com
							**Admitted Pro Hac Vice*

							Joseph J. Gribbin*
							ARMSTRONG TEASDALE LLP
							300 Delaware Avenue, Suite 210
							Wilmington, Delaware 19801
							(302) 824-7089
							jgribbin@atllp.com
							**Admitted Pro Hac Vice*

							Jacqueline P. Altman
							John P. Palmer
							NAMAN HOWELL SMITH & LEE
							400 Austin Avenue, Suite 800
							Waco, TX 76701
							254-755-4344
							Fax: 254-754-6331
							jaltman@namanhowell.com
							palmer@namanhowell.com

							*Attorneys for Defendant Grande Telecommunications Networks LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2022, I served a copy of the foregoing on the following via email:

Kerry S. Culpepper
kculpepper@culpepperip.com

                                                By:    */s/ Zachary C. Howenstine*