# EXHIBIT C

| | |
|---|---|
| **From:** | Joey Bui <joey@dovel.com> |
| **Sent:** | Tuesday, November 29, 2022 4:26 PM |
| **To:** | Kyle G. Gottuso; Angela B. Kennedy; Kerry Culpepper; Greg Dovel |
| **Cc:** | Zachary C. Howenstine; Richard L. Brophy; Hannah Hope; 'Jacqueline Altman'; Annie Deckey |
| **Subject:** | Re: After II Movie, LLC v. Grande, 21-cv-709 - Grande's Responses and Objections to Plaintiffs' First Set of RFPs [IWOV-IDOCS.FID4036765] |

Kyle,

We will process and respond to your email below soon.

To give you updates on other discovery matters from our end:

1. We have triple-checked with MEU and there are very limited documents other than the source code that explains how the technology works.  The technology is used internally, so there are no user manuals or flow charts.  We will timely produce anything that is responsive.
2. We will serve a supplemental interrogatory response soon to provide information on MEU agents that worked on the detected infringements in this action.
3. We are working with Plaintiffs' agents to get all communications with MEU relevant to the claims in this action.  This is taking a while as some of the agents are businesses that have since dissolved.  We will produce as soon as possible.

Thanks,
Joey

---

**From:** Kyle G. Gottuso <KGottuso@atllp.com>
**Sent:** Monday, November 28, 2022 1:58 PM
**To:** Joey Bui; Angela B. Kennedy; Kerry Culpepper; Greg Dovel
**Cc:** Zachary C. Howenstine; Richard L. Brophy; Hannah Hope; 'Jacqueline Altman'; Annie Deckey
**Subject:** RE: After II Movie, LLC v. Grande, 21-cv-709 - Grande's Responses and Objections to Plaintiffs' First Set of RFPs [IWOV-IDOCS.FID4036765]

Joey,

In response to your below email regarding Plaintiffs' Second and Third Sets of Requests for Production of Documents (RFP Nos. 6 and 7), the information requested in these RFPs goes hand-in-hand with the Cable Act objections that have been, and will continue to be, filed by Grande's subscribers.  These objections will be filed pursuant to the timeline laid out in the Court's October 6, 2022 Order (Dkt. 53).

We assume that Plaintiffs do not expect to receive responses and objections to RFP Nos. 6 and 7 until the Court has ruled on these objections through the Court ordered process.  We will serve objections to RFP Nos. 6 and 7, and produce unobjectionable, responsive documents, if any exist and can be located after a reasonable search, when this process is completed.

Thanks.



Armstrong Teasdale LLP
Kyle Gottuso | Attorney
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847
MAIN PHONE: 314.621.5070 | MAIN FAX: 314.621.5065
DIRECT: 314.342.4131 | Extension: 7431 | FAX: 314.621.5065 | CELL: 636.399.7238
Kgottuso@atllp.com
www.armstrongteasdale.com

---

**From:** Joey Bui <joey@dovel.com>
**Sent:** Wednesday, November 16, 2022 4:29 PM
**To:** Kyle G. Gottuso <KGottuso@atllp.com>; Angela B. Kennedy <akennedy@atllp.com>; Kerry Culpepper <kculpepper@culpepperip.com>; Greg Dovel <greg@dovel.com>
**Cc:** Zachary C. Howenstine <ZHowenstine@atllp.com>; Richard L. Brophy <RBrophy@atllp.com>; Hannah Hope <HHope@Atllp.com>; 'Jacqueline Altman' <jaltman@namanhowell.com>; Annie Deckey <annie@dovel.com>
**Subject:** RE: After II Movie, LLC v. Grande, 21-cv-709 - Grande's Responses and Objections to Plaintiffs' First Set of RFPs [IWOV-IDOCS.FID4036765]

Kyle,

We plan to bring a motion to compel Grande to produce documents in response to Requests No. 3, No. 4, and No. 5, in Exhibit 1 to Plaintiff's First Request for Production of Documents to Defendant, which was served on Defendant on Sept. 6, 2022. Despite multiple meet and confers and Plaintiffs' written inquiries on this topic, Grande has not produced any documents in response to these requests.

Please also let us know when Grande will produce documents in response to the other requests in Plaintiff's first, second, and third set of requests for production of documents.

Thanks,
Joey

---

**From:** Joey Bui
**Sent:** Monday, November 14, 2022 10:31 AM
**To:** Kyle G. Gottuso <KGottuso@atllp.com>; Angela B. Kennedy <akennedy@atllp.com>; Kerry Culpepper <kculpepper@culpepperip.com>; Greg Dovel <greg@dovel.com>
**Cc:** Zachary C. Howenstine <ZHowenstine@atllp.com>; Richard L. Brophy <RBrophy@atllp.com>; Hannah Hope <HHope@Atllp.com>; 'Jacqueline Altman' <jaltman@namanhowell.com>; Annie Deckey <annie@dovel.com>
**Subject:** Re: After II Movie, LLC v. Grande, 21-cv-709 - Grande's Responses and Objections to Plaintiffs' First Set of RFPs [IWOV-IDOCS.FID4036765]

Kyle,

Thanks, that works for us. Please send an invite.

Thanks,

Joey

---

**From:** Kyle G. Gottuso <KGottuso@atllp.com>
**Sent:** Monday, November 14, 2022 6:25:09 AM
**To:** Joey Bui; Angela B. Kennedy; Kerry Culpepper; Greg Dovel
**Cc:** Zachary C. Howenstine; Richard L. Brophy; Hannah Hope; 'Jacqueline Altman'; Annie Deckey
**Subject:** RE: After II Movie, LLC v. Grande, 21-cv-709 - Grande's Responses and Objections to Plaintiffs' First Set of RFPs [IWOV-IDOCS.FID4036765]

Joey,

We can be available at 2pm Central tomorrow, the 15th.  If that works for you, we can circulate an invite.

Thanks.



Armstrong Teasdale LLP
Kyle Gottuso | Attorney
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847
MAIN PHONE: 314.621.5070 | MAIN FAX: 314.621.5065
DIRECT: 314.342.4131 | Extension: 7431 | FAX: 314.621.5065 | CELL: 636.399.7238
Kgottuso@atllp.com
www.armstrongteasdale.com

---

**From:** Joey Bui <joey@dovel.com>
**Sent:** Friday, November 11, 2022 4:27 PM
**To:** Kyle G. Gottuso <KGottuso@atllp.com>; Angela B. Kennedy <akennedy@atllp.com>; Kerry Culpepper <kculpepper@culpepperip.com>; Greg Dovel <greg@dovel.com>
**Cc:** Zachary C. Howenstine <ZHowenstine@atllp.com>; Richard L. Brophy <RBrophy@atllp.com>; Hannah Hope <HHope@Atllp.com>; 'Jacqueline Altman' <jaltman@namanhowell.com>; Annie Deckey <annie@dovel.com>
**Subject:** RE: After II Movie, LLC v. Grande, 21-cv-709 - Grande's Responses and Objections to Plaintiffs' First Set of RFPs [IWOV-IDOCS.FID4036765]

Kyle,

Per my last email, we would like to meet and confer about the discovery issues.  We are available to meet and confer next week any time after 11am PT Tuesday to Friday.  Please let us know a time that works for you.

Thanks,
Joey

**From:** Kyle G. Gottuso [mailto:KGottuso@atllp.com]
**Sent:** Friday, November 11, 2022 5:47 AM
**To:** Joey Bui <joey@dovel.com>; Angela B. Kennedy <akennedy@atllp.com>; Kerry Culpepper <kculpepper@culpepperip.com>; Greg Dovel <greg@dovel.com>
**Cc:** Zachary C. Howenstine <ZHowenstine@atllp.com>; Richard L. Brophy <RBrophy@atllp.com>; Hannah Hope <HHope@Atllp.com>; 'Jacqueline Altman' <jaltman@namanhowell.com>; Annie Deckey <annie@dovel.com>
**Subject:** RE: After II Movie, LLC v. Grande, 21-cv-709 - Grande's Responses and Objections to Plaintiffs' First Set of RFPs [IWOV-IDOCS.FID4036765]

Joey,

We have not yet heard back from you regarding the points in Angela's below email.  Specifically, we are still waiting to hear back from Plaintiffs on a number of topics, including:

- Whether Plaintiffs will be identifying each of the agents referred to in Plaintiffs' pleadings and discovery responses, and produce the material used or created by those agents to purportedly determine infringement;

- Production of communications between Plaintiffs and/or its representatives and MEU;

- Production of documents and other materials showing MEU's monitoring capabilities or functions, such as, for example, marketing materials from MEU or user guides/manuals; and

- Production of missing financial statements and other financial information that was requested.

This discovery, and the other issues identified in Angela's email, are highly relevant to this case and must be produced.  The fact that Plaintiffs have not produced <u>any</u> documents relating to how MEU's system functions at this stage of the case is problematic and is an issue that we need to resolve, or seek the assistance of the Court to resolve.

We are available next week for a meet-and-confer to discuss Plaintiffs' discovery.  Please let us know what time(s) work for you and we can send out an invitation.  We will also be prepared to discuss the issues raised in your November 3 email at the meet-and-confer.

Thanks.



Armstrong Teasdale LLP
**Kyle Gottuso** | Attorney
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847
MAIN PHONE: 314.621.5070 | MAIN FAX: 314.621.5065
DIRECT: 314.342.4131 | Extension: 7431 | FAX: 314.621.5065 | CELL: 636.399.7238
Kgottuso@atllp.com
www.armstrongteasdale.com

---

**From:** Joey Bui <joey@dovel.com>
**Sent:** Thursday, November 3, 2022 12:37 PM
**To:** Angela B. Kennedy <akennedy@atllp.com>; Kerry Culpepper <kculpepper@culpepperip.com>; Greg Dovel <greg@dovel.com>
**Cc:** Zachary C. Howenstine <ZHowenstine@atllp.com>; Richard L. Brophy <RBrophy@atllp.com>; Hannah Hope <HHope@Atllp.com>; 'Jacqueline Altman' <jaltman@namanhowell.com>; Kyle G. Gottuso <KGottuso@atllp.com>; Annie Deckey <annie@dovel.com>
**Subject:** Re: After II Movie, LLC v. Grande, 21-cv-709 - Grande's Responses and Objections to Plaintiffs' First Set of RFPs [IWOV-IDOCS.FID4036765]

Angela,

Thanks for your response.  Please let us know your availabilities early next week to meet and confer on discovery issues.  Please also include Annie Deckey on our team, cc'd here, on all future discovery communications.

On Grande's objections to producing documents from the UMG case, we reiterate our position that:

(1) the requests are relevant and proportional to the needs of this case, such as to whether Grande falls under the DMCA safe harbor, and whether Grande had requisite knowledge for contributory infringement;

(2)  we do not agree that the discoverable documents are limited by "the earliest date any Plaintiff(s) gave authority to MEU to monitor for alleged infringement." As the Court said in the UMG case, "[i]nformation on how Grande handled DMCA issues prior to 2013 could be relevant to demonstrating Grande's knowledge of its obligations under the statute, and could be circumstantial evidence that Grande was aware of infringing conduct on its system, and actually had taken action on it before the time frame at issue here."  *UMG Recordings, Inc. v. Grande Communs. Networks, LLC*, No. A-17-CA-365-LY, 2018 U.S. Dist. LEXIS 164761, at *9 (W.D. Tex. Sep. 26, 2018).  Grande's policies, how it handled DMCA issues, and its requisite knowledge for contributory infringement, are all relevant in the instant case.

(3) we do not agree that the protective order in the UMG case prevents Grande from producing documents in the instant case. For example, we do not see how the protective order in UMG would prevent Grande from producing Grande's own documents that Grande produced in that case.

We have made our position on this issue clear in past meet and confers, and in email exchanges.  We are willing to meet and confer on this issue if you think that another meet and confer may change your position.  Otherwise, we would like to move forward with a motion to compel.  Please let us know your position by November 8, 2022.

Thanks,
Joey

---

**From:** Angela B. Kennedy <akennedy@atllp.com>
**Sent:** Tuesday, November 1, 2022 12:02:35 PM
**To:** Kerry Culpepper; Joey Bui; Greg Dovel
**Cc:** Zachary C. Howenstine; Richard L. Brophy; Hannah Hope; 'Jacqueline Altman'; Kyle G. Gottuso
**Subject:** RE: After II Movie, LLC v. Grande, 21-cv-709 - Grande's Responses and Objections to Plaintiffs' First Set of RFPs [IWOV-IDOCS.FID4036765]

Kerry,

Thank you for providing more detail regarding Plaintiffs' position. Could you clarify a couple of things for us, as set out below in blue?

In addition, please find attached a supplemental request for production directed to Plaintiffs.

Best regards,

Angela



Armstrong Teasdale LLP
**Angela B. Kennedy** | Senior Associate
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105–1847
MAIN PHONE: 314.621.5070 | MAIN FAX: 314.621.5065
DIRECT: 314.259.4705 | Extension: 7405

Always exceed expectations through teamwork and excellent client service.

**From:** Kerry Culpepper <kculpepper@culpepperip.com>
**Sent:** Thursday, October 27, 2022 3:19 PM
**To:** Angela B. Kennedy <akennedy@atllp.com>; joey@dovel.com; greg@dovel.com
**Cc:** Zachary C. Howenstine <ZHowenstine@atllp.com>; Richard L. Brophy <RBrophy@atllp.com>; Hannah Hope <HHope@Atllp.com>; 'Jacqueline Altman' <jaltman@namanhowell.com>; Kyle G. Gottuso <KGottuso@atllp.com>
**Subject:** RE: After II Movie, LLC v. Grande, 21-cv-709 - Grande's Responses and Objections to Plaintiffs' First Set of RFPs [IWOV-IDOCS.FID4036765]

**CAUTION:   EXTERNAL EMAIL**

Angela,

The Plaintiffs are not obligated to correct discrepancies in your own email memorializing a conversation. However, I note some of the discrepancies below (in red):

<u>With respect to Grande's deficiency concerns, Plaintiffs have agreed to the following:</u>
- Plaintiffs will continue to produce documents on a rolling basis. Specifically:
  - Plaintiffs plan to provide copies of movies that were purportedly downloaded from Grande's users, as well as movies that MEU's "agents" purportedly used to compare to the downloaded movies
    <span style="color:red">Plaintiffs already mailed to Zachary a flash drive including the pirated copies of the movies. Kyle acknowledged receiving this. Plaintiffs said they would send legitimate copies of the movies.</span>
    <span style="color:blue">**Please confirm the flash drive contained all of the downloaded copies in your plaintiffs' possession, custody, and control.**
    **We look forward to receiving the additional copies of the movies you refer to here.**</span>
  - Plaintiffs plan to provide documents to identify MEU's agent(s) and any material used or created by the agents to determine if an infringement occurred

    <span style="color:red">Plaintiffs said that Mr. Arheidt would be available for an online deposition. Plaintiffs said they would see if this material is in possession of Plaintiffs</span>

    <span style="color:blue">**Please confirm Mr. Arheidt is the only agent who determined purported infringements in this case.**</span>

  - Plaintiffs plan to provide communications with MEU
    - Plaintiffs will get back to us regarding whether there are communications between Plaintiffs' representatives (such as legal counsel) and MEU and whether those communications are being withheld or will be produced

6

<span style="color:red">Plaintiff said they would get back to you about any communications between Plaintiffs and MEU re compensation.  Plaintiffs did not say they would disclose any communications between Plaintiffs' representatives such as legal counsel and MEU.  Further, there is not even a RPOD for "communications between Plaintiff (or Plaintiffs' reps and MEU).</span>

**We believe we have requested communications between Plaintiffs and MEU.** *See, e.g.,*

- **RFP No. 3 (requesting all documents and things that support or relate to Plaintiffs' allegations)**
- **RFP No. 5 (requesting all documents referring to Grande, any Grande subscriber, or any other user of Grande's network—including, specifically communications)**
- **RFP No. 15 (requesting all documents and things that relate to or comprise communications with any third party regarding Plaintiffs' allegations)).**
- **RFP No. 25 (requesting all communications with MEU that refer to Grande, any Grande subscriber, or any other user of Grande's network)**
- **RFP No. 26 (requesting all communications with MEU regarding the capabilities of MEU's system)**
- **RFP No. 27 (requesting all communications with MEU regarding its compensation)**

**To the extent Plaintiffs disagree, please see attached supplemental request for production, which specifically requests all communications between Plaintiffs and MEU.**

**With regard to these communications, if you intend to withhold these documents, what is your basis for withholding?**

- Plaintiffs will re-investigate their documents with the understanding that the "rights enforcement data" requested refers to the agreement between MEU and Plaintiffs

<span style="color:red">Plaintiffs will look for any agreements between Plaintiffs and MEU</span>

- Plaintiffs will re-investigate their documents and will produce any documents showing or describing MEU's monitoring capabilities or functions, such as any marketing materials from MEU or other documents explaining MEU's capabilities

<span style="color:red">Plaintiffs will look for any such documents in their possession re MEU</span>

- Plaintiffs will consider and discuss Rog No. 9 and RFP Nos. 61-63 and get back to Defendants

<span style="color:red">Plaintiffs stated that they will confirm that they have sent all the revenue statements in their possession.</span>

- Plaintiffs will consider and discuss Rog Nos. 12 and 15 and get back to Defendants

<span style="color:red">Plaintiffs said they will review to see if any MEU documents are in their possession. Plaintiffs emphasize they have already disclosed the PML, CMS and Crowel Law agreements that discuss MEU's compensation.</span>

- Plaintiffs will prepare a privilege log for privileged documents
<span style="color:red">Yes but we pointed out to you that this will take some time.  We also requested a cutoff date be 90 days prior to filing of the complaint.  Kyle said you would get back to us.</span>
   **We do not agree to a 90-day cutoff, but will agree to a cutoff as of the date of filing the complaint.**
- Plaintiffs will facilitate the deposition of Mr. Arheidt

<span style="color:red">Plaintiffs said that Mr. Arheidt will be available for an online deposition such as Zoom only since he is in Germany.</span>

<u>With respect to Plaintiffs' deficiency concerns, Grande has agreed to the following:</u>

- Grande agreed to provide the date that it gave the Record Labels notice of Plaintiffs' requests.
  - **That date is Oct. 3, 2022.**

- Grande agreed to investigate its position with regard to the relevance of documents prior to April 17, 2020.
  - **That investigation is ongoing.**

<span style="color:red">We also pointed out that the documents you referred to in your own deficiency notice such as the CMS and Crowel Agreement predated April 17, 2020.</span>

<span style="color:blue">**Please identify the document(s) you believe represents the earliest date any Plaintiff(s) gave authority to MEU to monitor for alleged infringement.**</span>

- Grande agreed to investigate its position with regard to the statute of limitations issue.
  - **That investigation is ongoing.**

<span style="color:red">We also pointed out to you that the Fifth Circuit's discovery rule extends the statute of limitations. Does Grande deny that this is the case?</span>

<span style="color:blue">**We stand by our objections on this basis and disagree that the UMG order is dispositive here.**</span>

- Grande agreed to investigate its documents in response to RFP No. 1 using the names specified in the request.
  - **That investigation is ongoing.**

- Grande agreed to investigate its documents in response to RFP No. 2, with the understanding that Plaintiffs simply want to know what services were provided to the specified IP address, when it started, when it ended, and monthly payment information.
  - **That investigation is ongoing.**

<span style="color:red">Please give that subscriber (or each of the subscribers) some type of unique identification(s) but do not disclose name(s).</span>

Grande stands on its relevance objections to producing the materials from the UMG case. It also stands on its objection that disclosure of these materials would violate the protective order in that case. Nevertheless, Grande is searching for documents otherwise responsive to Plaintiffs' requests and plans to produce these documents as soon as practicable.

<span style="color:red">This is contradictory. As I stated, the PO in UMG provides for disclosure if there is a court order. Unless you confirm otherwise, we will begin preparation on our motion to compel disclosure and seek fees for the motion.</span>

<span style="color:blue">**We remain uncertain as to your purported basis for seeking an order compelling the materials from the UMG case. As we have stated, these documents are not relevant, and further, the protective order in that case would prevent the production of certain of these documents. Can you please provide the basis for your**</span>

8

motion to compel and why you believe Plaintiffs would be entitled to seek their fees?  We would be happy to meet and confer on this specific issue to see if we can come to a resolution.

Best regards,

Kerry Culpepper



Armstrong Teasdale LLP
Angela B. Kennedy | Senior Associate
7700 Forsyth Blvd., Suite 1800, St. Louis, Missouri 63105-1847
MAIN PHONE: 314.621.5070 | MAIN FAX: 314.621.5065
DIRECT: 314.259.4705 | Extension: 7405

Always exceed expectations through teamwork and excellent client service.
********** PRIVATE AND CONFIDENTIAL**********

This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient, Armstrong Teasdale LLP or its subsidiaries.  If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or  attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by email (admin@atllp.com) or by telephone (+1 800.243.5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP or its subsidiaries shall be understood as neither given nor endorsed by it. Armstrong Teasdale LLP and its subsidiaries may monitor email traffic data. Please read our Global Privacy Policy to find out how Armstrong Teasdale LLP and its subsidiaries process personal information.

Armstrong Teasdale LLP is a Missouri-registered limited liability partnership organized under the laws of the State of Missouri, USA. The London office of Armstrong Teasdale LLP is operated by Armstrong Teasdale Limited, a private limited company registered in England and Wales (Registration No. 08879988), that is authorized and regulated by the Solicitors Regulation Authority (SRA No. 657002). The registered office of Armstrong Teasdale Limited is 38-43 Lincoln's Inn Fields, London WC2A 3PE. Please review our International Legal Notices.