## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **AFTER II MOVIE, LLC, ET AL.,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | **No. 1:21-CV-00709-RP** |
| | § | |
| **GRANDE     COMMUNICATIONS** | § | |
| **NETWORKS LLC,** | § | |
| *Defendant* | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiffs' Opposed Motion for Leave to File Third Amended and Supplemental Complaint, Dkt. 109, and all related briefing. After considering the arguments of the parties and the relevant case law, the undersigned issues the following report and recommendation.

## I.      BACKGROUND

Plaintiffs After II Movie, LLC, et al., purport to own the copyrights to certain motion pictures. Defendant Grande is an internet service provider headquartered in Texas. Plaintiffs seek to hold Grande secondarily liable for acts allegedly committed by subscribers of Grande's internet service. Specifically, Plaintiffs claim that Grande is secondarily liable for copyright infringement because it did not terminate the internet access of subscribers that Plaintiffs' agents accused of sharing copyrighted content over the internet. In addition, Plaintiffs claim that Grande's subscribers

violated the Digital Millennium Copyright Act and seek to hold Grande secondarily liable for these alleged DMCA violations.

This suit was filed on August 13, 2021. Dkt. 1. Plaintiffs filed an Amended Complaint on November 10, 2021. Dkt. 14. Plaintiffs filed their Second Amended Complaint on May 18, 2022, without opposition. Dkt. 45. The Amended Joint Scheduling Order provides that the deadline for amended pleadings was May 17, 2022. Dkt. 63.

Plaintiffs now seek leave to file a Third Amended Complaint adding various film production companies, adding their respective works, adding factual background, deleting the application for injunctive relief, and deleting works that are no longer part of the case. Dkt. 109.

Grande opposes the motion for leave. It argues that adding Plaintiffs' proposed Third Amended Complaint attempting to add new works-in-suit, new plaintiffs, and a new third-party detection system (Irdeto), would greatly expand the scope and complexity of this case. Additionally, Grande argues that Plaintiffs could have amended their Complaint to add these parties and works earlier but failed to do so. Grande asserts that amendment at this juncture would prejudice it. Dkt. 114, at 2.

## II.    LEGAL STANDARD

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *Homeland Ins. Co. of New York v. Clinical Pathology Lab'ys, Inc.*, No. 1:20-CV-783- RP, 2022 WL 11776436, at *2 (W.D. Tex. Oct. 19, 2022) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)); *see*

*also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1522.2 (3d ed. April 2022 Update) ("[T]o the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15.").

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts consider four factors to determine whether good cause exists to modify a scheduling order: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Homeland Ins. Co.*, 2022 WL 11776436, at *3. When applying Rule 16(b), district courts have "broad discretion to preserve the integrity and purpose of the pretrial order." *Id.* Only if the moving party has demonstrated good cause to modify the scheduling order under Rule 16(b) does the more liberal standard of Rule 15(a) applies to the district court's decision to grant or deny leave to amend. *Id.* Because the undersigned finds that Plaintiffs have failed to establish good cause to modify the Scheduling Order, it does not address the Rule 15 standard.

### III.     ANALYSIS

**A.     Plaintiffs' Explanation for the Failure to Timely Move for Leave to Amend**

Plaintiffs argue that they should be allowed to amend well past the date in the

Amended Scheduling Order because:

> Defendant's first request for production of documents of Feb. 24, 2022, requested very sensitive items such as distribution agreements. Prior to turning over these documents, Plaintiffs' counsel had to send notifications to the counterparties and obtain permission in some instances. Proposed additional Plaintiffs After Productions, LLC and Cinelou Films LLC would not have been able to obtain the documents and necessary clearance in a timely manner if they had joined prior to the May 17, 2022, deadline.

> In addition to the above difficulties, the evidence of piracy of the motion pictures of proposed additional Plaintiffs After Ever Happy Productions, Ltd. and Chase Film Nevada LLC was not obtained until after the May 17, 2022, deadline because these Works were recently released. The motion picture After We Fell for proposed additional Plaintiffs After We Fell Productions, Ltd. was first published on June 28, 2021. The motion pictures After Ever Happy and Last Seen Alive for proposed additional Plaintiffs After Ever Happy Productions, Ltd. and Chase Film Nevada LLC were just created in 2022.

Dkt. 109, at 5 (internal citations omitted). Plaintiffs assert that the information about

the three proposed additional works of Plaintiff Screen Media Ventures was disclosed

in response to Grande's discovery requests, and therefore these titles are already part

of the case.[1]

Grande responds that this argument, requesting amendment nearly thirteen

months after the Court's deadline, is not persuasive. Dkt. 114, at 5. Grande asserts

---

[1] Plaintiffs seek to add five new parties: (1) After Productions, LLC; (2) After We Fell Productions, LTD; (3) After Ever Happy Productions, LTD; (4) Chase Film Nevada, LLC; and (5) Cinelou Films, LLC. Plaintiffs seek to add eight new works-in-suit, five relating to the five new parties, and three relating to current Plaintiff Screen Media Ventures, LLC.

that Plaintiffs blame Grande for failing to earlier request discovery uncovering these additional works-in-suit. Grande points out that the necessary information was in Plaintiffs' possession and not Grande's, including newly asserted works held by "affiliates of Voltage Pictures" which is already a party to this suit.

Grande additionally questions Plaintiffs' assertion, unsupported by evidence, that "[t]he additional Plaintiffs could not have joined this case prior to the May 17, 2022, deadline" because "these works were recently released." Dkt. 109, at 5. According to Plaintiffs, these works were either "published" on June 28, 2021, or "created in 2022." *Id.* Grande asserts that Plaintiffs provide no evidence regarding when these works were created or allegedly infringed.

Grande relies on its review of Copyright Office materials, arguing that each of the new proposed works-in-suit was registered with the Copyright Office either before the date of the original Complaint, August 13, 2021, or before the Court-ordered deadline to amend pleadings, May 17, 2022. Thus, Grande argues, the facts purportedly justifying the addition of the new parties and works-in-suit therefore existed during Plaintiffs' previous attempts to amend their Complaint. *See Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021) (finding that movant failed to show good cause where he failed to demonstrate that facts and allegations pleaded in his third amended complaint "were unavailable when filing the previous three complaints").

The undersigned finds that Plaintiffs have failed to justify not moving to add the additional parties and works-in-suit prior to the expiration of the deadline to

amend pleadings in the Scheduling Order. The onus is on Plaintiffs to timely add claims and parties, of which they were aware prior to the deadline, and any failure to do so in this case was entirely within Plaintiffs' control. *See Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 238 (5th Cir. 2015) (courts deny a motion for leave where the delay is unnecessary, or little to no explanation is offered for an extended delay in amending the pleading); *see also E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (upholding a denial of a motion for leave to amend when the plaintiff offered no explanation for the delay). This factor weighs against amendment.

### B.      The Importance of the Amendment

Plaintiffs argue that the amendment is important because the proposed additional Plaintiffs and works were also allegedly pirated by Defendant's subscribers and the evidence is provided by same data provider as the other Plaintiffs, and some of the Plaintiffs can support their claims by the same witnesses already testifying. Plaintiffs complain that if the motion is not granted, the additional Plaintiffs would have to file a separate lawsuit in this same district based upon the same common nucleus of facts, and judicial efficiency favors resolving the claims of the additional Plaintiffs in this one case.

Grande argues that just because Plaintiffs' proposed claims regarding the new works-in-suit share the same "common nucleus of facts," as their already pleaded claims, this does not render those claims or an amendment of the Complaint to include those claims and parties "important." The undersigned agrees. The 13-month delay in amending the Complaint after the deadline cuts against Plaintiffs' argument.

*Homeland Ins.*, 2022 WL 11776436, at *4 ("Agreeing that the lengthy delay undercuts Homeland's assertions concerning the importance of the fortuity doctrine to this case, the Court finds the second factor to be neutral."). This factor weighs against amendment.

### C.   Potential Prejudice in Allowing the Amendment

Plaintiffs argue the amendment will not prejudice Grande because Plaintiffs can promptly submit supplemental discovery responses to the outstanding discovery requests regarding the additional parties and works-in-suit. Plaintiffs note that supplementation "only adds two more 30(b)(6) witnesses to this case (for After Productions LLC and Cinelou Films, LLC)." Dkt. 109, at 6. And Plaintiffs argue that the parties have yet to conduct depositions, and the evidence backing the claims of the additional Plaintiffs will come primarily from the same data service provider, MEU. Plaintiffs admit that the additional works of Plaintiff Screen Media Ventures, LLC included in the proposed Third Amended Complaint were tracked by a different service provider, Irdeto. Plaintiffs submit that the addition of these works will not prejudice Grande because the relevant discovery for these works were already disclosed to Grande in response to discovery requests.

Grande responds that Plaintiffs filed this lawsuit nearly two years ago, and that it would be prejudiced by allowing Plaintiffs to amend the Complaint to add new parties and new works-in-suit at this juncture. Grande submits that the discovery deadline is November 3, 2023. Dkt. 111. And, not only do Plaintiffs add new parties and works-in-suit, they also add additional facts to the case. Moreover, "the

additional works of Plaintiff Screen Media Ventures, LLC included in the proposed TAC were tracked by a different service provider (Irdeto)." Dkt. 109, at 7. Grande complains that the addition of an additional third-party detection system that tracks purported infringements would require Grande to seek detailed and complicated discovery relating to the practices and capabilities of Irdeto, including inspecting new source code, greatly increasing Grande's litigation costs and burdens. In addition, Grande asserts that the addition of piracy detected by Irdeto would greatly increase the motion practice in this case, including the necessity of expert testimony on the efficacy of both Irdeto and MEU. Grande argues that defending against allegations regarding just one software system for detecting online file sharing is a complicated and costly undertaking, and two would unnecessarily multiply this. *See, e.g., UMG Recordings, Inc. v. Grande Communication Networks LLC*, No. 1:17-CV-00365, Dkts. 247, 253, 260, 314, 340 (W.D. Tex.) (filings related to motion for sanctions and motions in limine related to third-party detection company Rightscorp); *UMG Recordings, Inc. v. RCN Telecom Servs, LLC*, No. 3:19-CV-17272, Dkt. 205 (D.N.J. Mar. 8, 2022) (Letter Order in a case involving a similar secondary copyright infringement liability theory, addressing numerous discovery disputes concerning a single detection system).

Grande also argues that it is impossible to discern from Plaintiffs' proposed amendments when the "new" alleged infringements occurred. There are no allegations in the proposed Third Amended Complaint relating to Irdeto, Irdeto's practices, what activity Irdeto allegedly detected, and what evidence regarding

Irdeto's systems have been preserved. Grande argues that Plaintiffs are attempting to inject new complex issues at this late stage in the case.

The undersigned finds that amendment of the pleadings at this stage in the litigation would prejudice Grande by greatly increasing the scope of the case and of discovery. "Any amendment of the pleadings at this late date would prejudice Defendants by way of imposing additional and avoidable costs in the form of more discovery and motion practice." *Homeland Ins.*, 2022 WL 11776436, at *4 (citing *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) (holding that district court did not abuse its discretion in denying motion to amend where plaintiff's "attempt to broaden the issues would likely require additional discovery … which would unduly prejudice the defendants and raise concerns about seriatim presentation of facts and issues")). This factor weighs against amendment.

**D.    The Availability of a Continuance to Cure Any Prejudice.**

Plaintiffs assert that because they will promptly supplement their discovery responses, there is no need for a continuance. They point out that trial in this case is scheduled for April 2024, and that discovery closes in October of 2023. In a separate motion, Grande has moved to extend the deadlines in the current Scheduling Order by 60 days. Dkt. 127. Plaintiffs generally argue that extension of the deadlines rectifies any prejudice to Grande, although Plaintiffs oppose the extension in their response to that motion. Dkt. 130.

The current trial date in this case is April 2024. If the Court extends the parties' deadlines, that date will have to be moved. The District Court currently sets

four trials on each available trial date. Thus, if the parties miss their currently scheduled date, it is unlikely they will receive a new trial date within months of their original date, and more likely over a year. Grande argues that a continuance of the deadlines in this case would not adequately cure the prejudice to Grande. Dkt. 114, at 10.

Allowing Plaintiffs to amend their Complaint again at this juncture would bog down this litigation more than it already is. If the Court allows Plaintiffs' addition of new works-in-suit which they allege were not eligible to be added to their Complaint by the deadline, based on the fact that the claims regarding those works are based on common legal theories and facts, the addition of potential new works and parties could be never-ending. Every new movie that is or was placed into the marketplace would be the source of a potential new claim. At some point Plaintiffs must draw the line and include all claims and parties for whom they are asserting relief. That line is the deadline to amend pleadings, which was May 17, 2022. Plaintiffs missed that deadline by many months. "A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation." *Homeland Ins.*, 2022 WL 11776436, at *5. The undersigned finds that a continuance would not remedy the prejudice to Grande, and this factor weighs against granting the amendment.

In sum, the undersigned finds that Plaintiffs have failed to establish "good cause" to amend the scheduling order to extend their deadline to amend pleadings. Fed. R. Civ. P. 16(b)(4).  Plaintiffs' Opposed Motion for Leave to File Third Amended and Supplemental Complaint, Dkt. 109, should be denied.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiffs' Opposed Motion for Leave to File Third Amended and Supplemental Complaint, Dkt. 109.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

11

SIGNED September 29, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE